UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CLAUDE V. LEWIS,

          Plaintiff,

    -against-                                    No. 14 Civ. 2302 (CM)

AMERICAN SUGAR REFINING, INC.,
and MEHANDRA RAMPHAL,

          Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/17

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McMahon, C.J.:

      On March 27, 2014, Plaintiff Claude Lewis ("Plaintiff") brought this action against his employer, American Sugar Refining, Inc. ("ASR"), and his supervisor, Mehandra Ramphal ("Ramphal") (collectively, "Defendants"), alleging claims of race and national origin discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Code § 8-107.

      Plaintiff, an African-American male, was hired by ASR, a cane sugar refining company, in 1988 as a Sugar Stacker at the company's Yonkers facility. In 2011, Plaintiff was reassigned as a Remelt Operator and reported directly to Ramphal, ASR's Superintendent of Processing. Plaintiff attests that, at ASR, he was discriminated against based on Ramphal's alleged preference for Guyanese employees and his hostility toward African-American workers. Plaintiff argues that ASR's management failed to respond to his numerous complaints about

1

Ramphal's discriminatory behavior and conduct a proper investigation. As a result of this alleged discrimination, Plaintiff avers that he was constructively demoted and forced to transfer to a lower-paying position in the ASR warehouse.

Defendants argue that Plaintiff repeatedly violated ASR's workplace policies and received sixteen disciplinary notices over the course of his employment at the company. Defendants also contend that Plaintiff did not suffer any adverse employment action, because he made a voluntary decision to transfer positions. Defendants maintain that they did not act with discriminatory intent, and that Plaintiff has not raised any genuine issue of material fact to the contrary.

On January 20, 2017, Defendants moved for summary judgment on all of Plaintiff's claims. (Dkt. No. 67.)

For myriad reasons, the Court finds that there are material factual disputes as to nearly every issue raised by Plaintiff's claims, including: (1) whether Plaintiff voluntarily "bid out" of his Remelt Operator position as he so testified or whether Plaintiff applied for the transfer because Ramphal repeatedly discriminated against him and ASR refused to address his complaints (*see* Lewis Decl. ¶¶ 13-14, Dkt. No. 74-1; Gaffney Decl. ¶ 57, Dkt. No. 74-2; Lewis Dep. at 240:24-242:3, Dkt. No. 74-4; Hensley Decl., Ex. J, Dkt. No. 68-11); (2) whether Plaintiff formally reported his perceived discrimination, retaliation, and hostile work environment to ASR's Human Resources Department and whether the Human Resources Department failed to adequately investigate his grievances (*see* Lewis Decl. ¶¶ 12, 32, 33, 36; Gaffney Decl. ¶¶ 13, 14; Lewis Dep. at 369:13-22; Hensley Decl., Ex. B ¶¶ 6-8, Dkt. No. 64-8; Hensley Decl., Ex. P ¶¶ 4-5, Dkt. No. 64-23; Hensley Decl., Ex. O ¶¶ 2-7, Dkt. No. 64-22); and (3) whether Ramphal discriminated against Plaintiff on the basis of his race by, *inter alia*, cursing at Plaintiff, using

derogatory language such as "You people," criticizing the African-American employees' performance while expressing his preference for Guyanese employees, changing the settings on Plaintiff's machines to affect the quality of the resulting sugar product, and refusing to answer Plaintiff's various work-related questions (*see, e.g.*, Lewis Decl. ¶¶ 3-8, 10; Gaffney Decl. ¶¶ 5, 7; Lewis Dep. at 192:5-193:22, 198:13-23, 202:12-24, 207:10-208:1, 226:2-229:4, 230:2-231:24, 236:6-237:14, 239:4-242:3, 245:18-249:19, 263:11-269:9, 353:5-19, 357:19-360:24; Hensley Decl., Ex. LL, Dkt. No. 64-45; Hensley Decl., Ex. OO, Dkt. No. 64-48; Hensley Decl., Ex. RR, Dkt. No. 64-51; Hensley Decl., Ex. TT, Dkt. No. 64-53, Hensley Decl., Ex. UU, Dkt. No. 64-54.)

Therefore, Defendants' motion for summary judgment is DENIED.

The parties are directed to confer and submit a joint pretrial order in compliance with the Court's individual rules no later than thirty days after entry of this decision.

The Clerk of the Court is directed to remove Dkt. No. 67 from the Court's list of pending motions.

Dated: July 11, 2017

                                                                               Chief Judge

BY ECF TO ALL COUNSEL