**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLAUDE V. LEWIS, | |
| Plaintiff, | Civil Action No. 1:14-cv-02302(CRK(KNF) |
| v. | (ECF Case) |
| AMERICAN SUGAR REFINING, INC. And MEHANDRA RAMPHAL, | Oral Argument Requested |
| Defendant. | |

---

**DEFENDANTS' AMERICAN SUGAR REFINING, INC. AND MEHANDRA RAMPHAL'S MOTIONS *IN LIMINE***

---

BRESSLER, AMERY & ROSS
A Professional Corporation
17 State Street, 34th Floor
New York, New York 10004
Attorneys for Defendants
American Sugar Refining, Inc.
and Mehandra Ramphal

On the Brief:
Michael T. Hensley, Esq.
Lauren Fenton-Valdivia, Esq.
J. Emma Mintz, Esq.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................1

LEGAL STANDARD...............................................................................................2

LEGAL ARGUMENT...............................................................................................2

    POINT I .......................................................................................................2

        PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT ARTICLE 10 OF THE COLLECTIVE BARGAINING AGREEMENT RELATES TO RACE AND/OR NATIONAL ORIGIN DISCRIMINATION ...................................................................................2

    POINT II ......................................................................................................5

        DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PLAINTIFF'S PRIOR GRIEVANCES AND DISCIPLINARY HISTORY. ...................................................................5

            A.    Plaintiff's Prior Grievances Are Admissible Evidence ...................5

            B.    Plaintiff's Prior Disciplinary History Is Admissible Evidence.........7

    POINT III....................................................................................................10

        PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF ANY WITNESS NOT INCLUDED IN PLAINTIFF'S INITIAL DISCLOSURES AND DISCOVERY RESPONSES. ......................................10

    POINT IV....................................................................................................14

        PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN DEPOSITION TRANSCRIPTS AT TRIAL...................................14

            A.    Plaintiff Should Be Precluded From Introducing His Own Deposition Transcript At Trial........................................................14

            B.    Plaintiff Should Be Precluded From Introducing The Deposition Transcript of Adolf McBean And Robert Jandovitz At Trial.........15

                1.    Late Notice.................................................................... 15

                2.    The Testimony Is Hearsay ............................................... 17

i

        3.    Plaintiff Filed To Cite a Specific Page and Line ......................................... 19

    C.    Plaintiff Should Be Precluded From Introducing The Deposition Transcripts of Mehandra Ramphal, Deborah Lafaro, and Elizabeth Mendonca At Trial ...........................................................................19

POINT V ...............................................................................................................................19

    PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE TO AN UNRELATED, PENDING CASE..................................................19

CONCLUSION.......................................................................................................................20

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Altman v. New Pub. Sch. Dist.*,
　2017 U.S. Dist. LEXIS 2515 (S.D.N.Y. Jan. 6, 2017)..........................................................5, 7

*Am. Stock Exch., LLC v. Mopex, Inc.*,
　215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................................................12

*Berkovich v. Hicks*,
　922 F.2d 1018 (2d Cir. 1991)......................................................................................................4

*CSC Holdings, Inc. v. Berube*,
　2004 U.S. Dist. LEXIS 28399 (E.D.N.Y. July 7, 2004) ...........................................................12

*Design Strategy, Inc. v. Davis*,
　469 F.3d 284 (2d Cir. 2006)...............................................................................................11, 17

*DVL, Inc. v. Niagara Mohawk Power Corp.*,
　490 F. App'x 378 (2d Cir. 2012) ..............................................................................................11

*Faragher v. City of Boca Raton*,
　524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed.2d 662 (1998).........................................................3

*Haas v. Del. & Hudson Ry. Co.*,
　282 F. App'x 84 (2d Cir. 2008) ................................................................................................11

*Jaquez v. Flores (In re Estate of Jaquez)*,
　2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17, 2016) ...................................................4, 11

*Jean-Laurent v. Hennessy*,
　840 F. Supp. 2d 529 (E.D.N.Y. 2011) ...............................................................................14, 15

*Kimzey v. Wal-Mart Stores*,
　107 F.3d 568 (8th Cir. 1997)) ....................................................................................................8

*Lebada v. New York City Dep't of Educ.*,
　No. 14 Civ. 758 (LAK) (GWG), 2016 U.S. Dist. LEXIS 18461 (S.D.N.Y.
　Feb. 16, 2016) ....................................................................................................................11, 12

*Martin v. Reno*,
　96 Civ. 7646 (NRB), 2000 U.S. Dist. LEXIS 18278 (S.D.N.Y. Dec. 18, 2000)...................8, 9

*Mugavero v. Arms Acres, Inc.*,
　2009 U.S. Dist. LEXIS 56214 (S.D.N.Y. July 1, 2009) ...........................................................17

*News Am. Mktg. FSI LLC v. MGA Entm't, Inc.*,
   187 F. Supp. 3d 476 (S.D.N.Y. 2016)................................................................12

*Pal v. N.Y. Univ.*,
   2008 U.S. Dist. LEXIS 50902 (S.D.N.Y. June 30, 2008)....................................11

*Patterson v. Balsamico*,
   440 F.3d 104 (2d Cir. 2006)..................................................................11, 12, 17

*Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et al.*,
   Civil Action No.:14-cv-0079 ...........................................................................13, 20

*Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et. al.*,
   Civil Action No.: 14-cv-0079-UA .........................................................................15

*Shavuo v. Shinseki*,
   No. 1:10 C 2914 (MEA), 2013 U.S. Dist. LEXIS 48429 (S.D.N.Y. Apr. 3,
   2013) ........................................................................................................................9

*United States v. Kozeny*,
   643 F.Supp.2d 415 (S.D.N.Y. 2009)......................................................................2

*Ventra v. United States*,
   121 F. Supp. 2d 326 (S.D.N.Y. 2000)..................................................................11

*Zakrzewska v. New Sch.*,
   574 F.3d 24 (2d Cir. 2009)......................................................................................3

*Zubulake v. UBS Warburg LLC*,
   229 F.R.D. 422 (S.D.N.Y. 2004) ...........................................................................17

*Zubulake v. UBS Warburg LLC*,
   382 F. Supp. 2d 536 (S.D.N.Y. 2005)....................................................................8

## Statutes

Civil Rights Act of 1964 Title VII...............................................................................1, 8

New York Human Rights Law ..........................................................................................1

## Other Authorities

Fed. R. Civ. P. 26(a) .........................................................................................10, 11, 17

Fed. R. Civ. P. 26(e) .........................................................................................11, 12, 17

Fed. R. Civ. P. 37(c)(1)...........................................................................................11, 12

Fed. R. Evid. 104 ................................................................................................................2

Fed. R. Evid. 401 ...................................................................................................9, 20

Fed. R. Evid. 403 ...........................................................................................2, 4, 14, 15

Fed. R. Evid. 404 .................................................................................................4, 8

Fed. R. Evid. 406 .....................................................................................................6

Fed. R. Evid. 801 ...............................................................................................14, 15

Fed R. Evid. 804 ....................................................................................14, 15, 18, 19

## PRELIMINARY STATEMENT

Defendants American Sugar Refining, Inc. ("ASR") and Mehandra Ramphal (collectively "Defendants") submit this Memorandum of Law in support of their Motions *In Limine* to: (1) preclude Plaintiff from arguing that Article 10 of the Collective Bargaining Agreement ("CBA") relates to race and/or national origin discrimination; (2) admit evidence of Plaintiff Claude Lewis' ("Plaintiff") prior grievance and disciplinary history; (3) preclude Plaintiff from offering testimony of any witness not included in Plaintiff's initial disclosures and discovery responses; (4) preclude Plaintiff from introducing certain deposition transcripts at trial; and (5) preclude Plaintiff from making reference to an unrelated, pending case.

## STATEMENT OF FACTS

Plaintiff Claude Lewis a current employee of ASR, filed a race and/or national origin discrimination action against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("SHRL").

Plaintiff alleges that Defendants engaged in an ongoing pattern and practice of discrimination by way of subjecting Plaintiff to a hostile work environment, constructively demoting Plaintiff, precluding Plaintiff from overtime opportunities, and retaliating against Plaintiff after he complained to ASR's supervisory and human resources personnel about discrimination and harassment.

Defendants deny the allegations of Plaintiff's complaint, including any and all allegations that Defendants engaged in discrimination, harassment or retaliation against Plaintiff. ASR is a union shop, governed by a Collective Bargaining Agreement ("CBA"). Defendants contend that Plaintiff voluntarily changed positions internally at ASR, and therefore, no adverse employment action was taken against Plaintiff. Defendants further submit that Plaintiff failed to avail himself

of any of ASR's known policies or procedures for reporting harassment and/or discrimination, and never once made a complaint based on race or national origin.

## LEGAL STANDARD

When a party files an *in limine* motion, "the court is required to determine preliminarily under Fed. R. Evid. 104 whether the evidence is admissible." *Spencer v. Int'l Shoppes, Inc.*, No. 06-cv-2637 (AKT), 2013 U.S. Dist. LEXIS 25524, at *3 (E.D.N.Y. Feb. 25, 2013) (citing *Highland Capital Mgmt., L.P. v. Schneider,* 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005)). "The Federal Rules of Evidence favor the admission of all relevant evidence. Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Kozeny*, 643 F.Supp.2d 415, 417 (S.D.N.Y. 2009) (citations omitted).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT ARTICLE 10 OF THE COLLECTIVE BARGAINING AGREEMENT RELATES TO RACE AND/OR NATIONAL ORIGIN DISCRIMINATION

Plaintiff must be precluded from arguing that Article 10 of the CBA governs activity related to discrimination based on race and/or national origin.

Under Fed. R. Evid. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Permitting Plaintiff to argue that Article 10 of the CBA is a race and/or national origin provision, or refer to it as such in any way, would merely serve to confuse the issue and be misleading to the jury.

2

4356630-1

Defendants raised as an affirmative defense Plaintiff's failure to notify Defendants of any discrimination or harassment based on race and/or national origin.  As part of Defendants' affirmative defense, Defendants intend to show that Plaintiff failed to take advantage of the reporting procedures and corrective measures provided by ASR. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S. Ct. 2275, 141 L. Ed.2d 662 (1998) (employer may raise an affirmative defense to liability for an actionable hostile work environment created by a supervisor by showing "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer"); *see also Zakrzewska v. New Sch.*, 574 F.3d 24, 26 (2d Cir. 2009).

ASR maintained extensive written anti-discrimination and anti-retaliation policies, which Lewis acknowledged reading and receiving. ASR provided at least four (4) methods for reporting improper conduct, including reporting to 1) the employee's supervisor, or any supervisor the employee feels comfortable with, 2) any HR representative, 3) anyone in the legal department, and 4) Domino Direct.[1] Plaintiff never once reported any purported harassment or discrimination to anyone at ASR.

---

[1] Domino Direct is a hotline where employees can report improper conduct at any time, and anonymously if they choose. Plaintiff failed at every avenue to avail himself of these procedures.

4356630-1

In an attempt to evade Defendants' affirmative defense, Plaintiff has argued that he did in fact report the alleged discrimination in the form of several grievances that generally cite to Article 10 of the CBA. *See* PX. 5, 7[2] and JX. 12, 13 attached to the Certification of Michael T. Hensley[3].

Article 10 of the CBA states as follows:

(a) The union hereby pledges itself and its members to discipline all members of the union, and to give their fullest cooperation in advancing the interest of the Company, by advertising through the usual channels that his is a union firm and to use it and its members' good offices on behalf of the Company in every honorable manner

The union further agrees that it and its members will exert every effort to cooperate with the Company in attaining and maintaining the highest level of productivity.

(b) There shall be no discrimination by the Company against any member of the union, nor shall the union discriminate against any employee of the Company.

On its face, Article 10 of the CBA relates to discrimination in union activity, not discrimination based on race and/or national origin.  Plaintiff cannot be permitted to argue that Article 10 of the CBA governs race and/or national origin discrimination when it is blatantly not the case. Therefore, reference to Article 10 of the CBA as a race and/or national origin discrimination provision will only serve it confuse the jury. *See Jaquez v. Flores (In re Estate of Jaquez)*, 2016 U.S. Dist. LEXIS 34521, at *6 (S.D.N.Y. Mar. 17, 2016).

---

[2] Defendants separately oppose Plaintiff's use of PX. 5 and 7.  Neither grievance was ever received by ASR, and there is no evidence ASR was ever aware of such grievance.  Unlike the rest of the grievances at issue in the case, PX. 5 and 7 were only found in Plaintiff's production, and have not been verified by Defendants. Further, both documents contain a fax stamp date on the top left of the page that does not match the date contained on the grievance.

[3] All exhibits cited herein are attached to the Certification of Michael T. Hensley.

4

## POINT II

## DEFENDANTS SHOULD BE PERMITTED TO INTRODUCE EVIDENCE OF PLAINTIFF'S PRIOR GRIEVANCES AND DISCIPLINARY HISTORY.

Plaintiff seeks to exclude all evidence pertaining to his prior grievances and instances of discipline at ASR.  In general, the admission of these documents is assessed under Fed. R. Evid. 404.  In the Second Circuit, other act evidence may not be admitted to show propensity, but can be admitted for any other relevant purpose, under what is termed the Second Circuit's "inclusionary approach." *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). If evidence is offered for a relevant purpose, the Court then conducts a Fed. R. Evid. 403 analysis to determine if the probative value is "substantially outweighed" by the danger of "unfair prejudice," with the Court having "wide discretion" in this area. *Id*.

### A.   Plaintiff's Prior Grievances Are Admissible Evidence

Plaintiff's prior grievances are admissible evidence as they tend to demonstrate that ASR has a history of properly addressing and vetting Plaintiff's grievances, thereby rebutting Plaintiff's claim of discriminatory treatment.

Throughout the course of discovery, Plaintiff has made clear that he intends to argue that ASR's denial of his grievances (PX. 5, 7 and JX. 12, 13) was in and of itself discrimination. Plaintiff cannot be allowed to cherry-pick select grievances that were denied as evidence of discriminatory behavior without presenting the full picture of Plaintiff's grievance history and Defendants' correlating responses.  Defendants must be able to now show, based on the evidence, that Defendants have a pattern and practice of evaluating Plaintiff's grievances on the merits, and granting them when they had merit. *See* DX. 22 and 23 (granting Plaintiff's grievance for overtime pay.).

Plaintiff put his grievance history at issue by alleging that ASR engaged in a pattern of denying Plaintiff's grievances based on race and/or national origin. Therefore, Plaintiff has opened the door to such evidence. *Altman v. New Pub. Sch. Dist.*, 2017 U.S. Dist. LEXIS 2515, at *19 (S.D.N.Y. Jan. 6, 2017) (Plaintiff cannot introduce favorable allegations without "opening the door to the evaluations Defendant seeks to offer") (citing *Reilly v. NatWest Markets Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999)) (a witness can open the door to impeachment evidence that contradicts the witness's testimony).

Further, Plaintiff's prior grievances are relevant as impeachment evidence to show that Plaintiff did not believe Article 10 of the CBA related to discrimination based on race and/or national origin. Previous grievances illustrate that Plaintiff has a pattern of providing the CBA clause that was violated and specifically what conduct violated that clause. *See* DX. 17 (treatment related to departmental seniority allegedly in violation of Article 2, Section 1 and 2); DX. 19 (treatment related to overtime allegedly in violation of Article 6); DX. 22 (failure to receive double-time pay allegedly in violation of Article 16); DX. 24 (treatment related to departmental overtime and seniority allegedly in violation of Article 2(a) and 6(i); and DX. 25 (treatment of union position allegedly in violation of Article 13 and Article 2, Section 7). Further, prior grievances are relevant to show that Plaintiff has cited Article 10 of the CBA as a catch-all provision when he simply believed he, as a union member, was being treated unfairly. *See* DX. 27 (Plaintiff was suspended for 5 days for doing an unsafe act that he was allegedly trained and instructed to do. Plaintiff filed a grievance in connection with this suspension and cited Article 10 Section b as the CBA clause violated.). Had Plaintiff actually intended to use the grievance process to notify ASR that he was experiencing race and/or national origin discrimination, he would have specifically stated it in his grievances, as he did for all of his other grievances.

6

Further, these exhibits are relevant habit evidence under Fed. R. Evid. 406, as Plaintiff had a routine habit of filing grievances. In fact, Plaintiff filed numerous grievances during the course of his employment demonstrating his knowledge of the relevant CBA and ASR's policies and procedures.  Therefore, this evidence tends to prove that Plaintiff was aware of the CBA and ASR's policies and procedures, knew how to complain, and did complain.  Yet despite his proven knowledge of these reporting procedures, Plaintiff never once complained of his now claimed perception of discrimination.

**B.    Plaintiff's Prior Disciplinary History Is Admissible Evidence**

Plaintiff's prior disciplinary history is admissible to demonstrate ASR's affirmative defense under the McDonald/Douglass burden-shifting framework.  Plaintiff alleges that he was constructively demoted as a result of Defendants' "disparate and unequal treatment and discipline as compared to his non-African American co-workers" resulting in his bidding-out to another department. Plaintiff was, and still is, an ASR employee with a long disciplinary history for breaking ASR rules, including sleeping on the job, insubordination, disappearing on the job, and no call/no shows.  Plaintiff received sixteen (16) disciplinary notices issued to him by at least seven (7) different supervisors; however, the alleged harasser, Ramphal **never** disciplined Plaintiff a single time.  Plaintiff's extensive disciplinary history is relevant to Defendants' affirmative defenses.

As ASR had legitimate, non-discriminatory reasons for disciplining Plaintiff, i.e. poor job performance, Defendants should be permitted to introduce evidence of same for purposes of their affirmative defense.  *See* DX. 4 (poor job performance; left valve open resulting in sugar loss); DX. 5 (poor job performance; not pulling filter char hopper); DX. 6 (poor job performance; neglect of duty, allowed char hopper to go [empty]).

First, it is Plaintiff that put his disciplinary history at issue by alleging that ASR engaged in a pattern of inappropriately disciplining Plaintiff based on race and/or national origin. Therefore, Plaintiff has opened the door to such evidence. *Altman v. New Pub. Sch. Dist.*, 2017 U.S. Dist. LEXIS 2515, at \*19 (S.D.N.Y. Jan. 6, 2017) (Plaintiff cannot introduce favorable allegations without "opening the door to the evaluations Defendant seeks to offer") (citing *Reilly v. NatWest Markets Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999)) (a witness can open the door to impeachment evidence that contradicts the witness's testimony).

Further, under the McDonald/Douglass burden-shifting framework, once Defendants provide an non-discriminatory reason for disciplining Plaintiff, the burden shifts back to Plaintiff to prove that Defendants reason is pre-textual. Therefore, Defendants must be permitted to introduce evidence of the totality of Plaintiff's disciplinary history, to show that Defendants' non-discriminatory reason for disciplining Plaintiff is not pre-textual.

This evidence is offered to prove matters other than Plaintiff's character, specifically to rebut Plaintiff's contention that he was not disciplined for poor job performance. Defendants intend to introduce evidence of Plaintiff's long history of discipline during the course of his employment from many different managers of different races and national origins for poor job performance. *See* DX. 4-11; 64. These documents are also relevant because they have the tendency to prove that Plaintiff was disciplined and/or constructively criticized by management based on performance issues, and not discrimination. By excluding such evidence Plaintiff is improperly attempting to limit the defenses Defendants can raise at trial.

The fact that many of the discipline notices pre-date the statute of limitations is not a bar to relevance. The established precedent in this circuit dictates that an "act which is not made the basis for a timely charge" can still be "relevant background evidence" in a Title VII proceeding.

8

*Martin v. Reno*, 96 Civ. 7646 (NRB), 2000 U.S. Dist. LEXIS 18278, at *6-7 (S.D.N.Y. Dec. 18, 2000) citing *United Air Lines v. Evans*, 431 U.S. 553, 558, 97 S. Ct. 1885, 1889, 52 L. Ed. 2d 571 (1977).  Thus, the Second Circuit, for example, has found that evidence of employment history dating from 1964-74 to be "arguably relevant" to a Title VII case where the statute of limitations began to run in 1980. *Id*. citing *Malarkey v. Texaco*, 983 F.2d 1204, 1210 (2d Cir. 1993); *see also Kimzey v. Wal-Mart Stores*, 107 F.3d 568, 572-73 (8th Cir. 1997) (District Court did not abuse its discretion in introducing relevant background evidence pre-dating the limitations period).

While character evidence is impermissible, *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 540 (S.D.N.Y. 2005),[4] Plaintiff's discipline history is admissible as evidence on Defendants' intent or motive evidence under Fed. R. Evid. 404(b). This rule provides that other acts evidence: "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . ." Fed. R. Evid. 404(b).  ASR intends to offer this evidence to show that ASR did not have a discriminatory intent in disciplining Plaintiff.

Evidence of prior disciplinary history has been found relevant in this district.  In *Martin v. Reno*, 96 Civ. 7646 (NRB), 2000 U.S. Dist. LEXIS 18278, at *7 (S.D.N.Y. Dec. 18, 2000), the court found that prior discipline was relevant to Plaintiff's constructive discharge claim under Federal Rules of Evidence 401 and 402 to demonstrate important context for the later allegedly discriminatory behavior of plaintiff's employers. The court found that "[i]f true, the incident would shed light on his supervisors' racial attitudes and provide important context for Martin's later resignation, which he alleges is a constructive discharge." *Id*.; *see also Shavuo v. Shinseki*, No.

---

[4] This case is notably different from cases excluding disciplinary history like *Zubulake*, in that Plaintiff specifically put his disciplinary history at issue by alleging he was disparately disciplined because of his race.

1:10 C 2914 (MEA), 2013 U.S. Dist. LEXIS 48429, at *14 (S.D.N.Y. Apr. 3, 2013) (Evidence touching on prior discipline was relevant to show the employer's knowledge of Plaintiff's morning time constraints and that he would be unable to comply with its proposed accommodation).

Therefore, Plaintiff's disciplinary record is relevant to the issues at hand, and must be permitted at trial.

**POINT III**

**PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OF ANY WITNESS NOT INCLUDED IN PLAINTIFF'S INITIAL DISCLOSURES AND DISCOVERY RESPONSES.**

In the Joint Pretrial Order, Plaintiff identifies three witnesses he plans to call in his case in chief who were not identified by Plaintiff as witnesses previously.  These three witnesses are Fred Pannicia (former Maintenance Superintendent), Robert Jandovitz (former Regional Manager of Human Resources), and Adolf McBean (current Union Shop Steward).  Further, in the Joint Pretrial Order, Plaintiff for the first time made a blanket reservation of rights to call any witness on Defendants' witness list. Accordingly, Defendants request that Plaintiff not be allowed to call these witnesses in his case in chief to give testimony.

Plaintiff served his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 5, 2015. Pannicia, Jandovitz and McBean were not specifically identified in the initial disclosures.  *See* Plaintiff's Initial Disclosure, DX. 35.  Plaintiff served a Response to Defendants' First Set of Interrogatories on July 10, 2015, in which he stated that "all of the employees referenced in the Complaint are witnesses to relevant information, as are all employees who worked the shifts that Plaintiff referenced in the Complaint." *See* July 10, 2015 Interrogatory Answers, DX. 32.  On March 14, 2016, Plaintiff provided supplemental responses specifically listing several potential

10

witnesses. *See* March 14, 2016 Interrogatory Responses, DX. 33.  Neither document specifically listed any of these three individuals as witnesses.

As Plaintiff has never disclosed the names of these three individuals as witnesses at any point during the litigation, their inclusion at this point, so close to trial, is improper and greatly prejudicial to ASR.  Fred Pannicia is not identified in any disclosure or other document identifying witnesses for Plaintiff.  Similarly, Jandovitz and McBean were not identified in any of Plaintiff's disclosures. Both Jandovitz and McBean were identified in Defendants' disclosures, and thus Plaintiff is certainly within his rights to cross-examine these witnesses, but he cannot be permitted to call them in his case in chief.

Accordingly, the Court should preclude Plaintiff from calling Pannicia, Jandovitz, and McBean, as well as unnamed witnesses from Defendants' Witness List, to testify.

Fed. R. Civ. P. 26(a) requires that parties disclose "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims of defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i).  A party who fails to disclose information required by Fed. R. Civ. P. 26(a), or later supplement its disclosures with the information as required by Fed. R. Civ. P. 26(e), is not permitted to use that information at trial *unless* the party demonstrates a substantial justification for its failure to disclose or that its failure was harmless. Fed. R. Civ. P. 37(c)(1); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 n.3 (2d Cir. 2006); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Jaquez v. Flores*, No. 10 Civ. 2881 (KBF), 2016 U.S. Dist. LEXIS 34521, at *18-23 (S.D.N.Y. Mar. 17, 2016); *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, at 380-81 (2d Cir. 2012); *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86-7 (2d Cir. 2008); *Lebada v. New York City Dep't of Educ.*, No. 14 Civ. 758 (LAK) (GWG), 2016 U.S.  Dist. LEXIS 18461, at *16 (S.D.N.Y. Feb. 16, 2016).

Plaintiff violated Fed. R. Civ. P. 26(a)(1)(A) by failing to provide notice to the Defendants in his Rule 26 disclosures and subsequent discovery responses that Pannicia, Jandovitz, and McBean were witnesses Plaintiff intended to call at trial.

Fed. R. Civ. P. 37(c)(1) plainly specifies the sanctions for failure to identify a witness in the Rule 26(a) disclosure or interrogatory answers as required by Rule 26(e): "[T]he party is not allowed to use that…witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." This Rule is designed to prevent the "sandbagging" of an opposing party with new evidence. *Pal v. N.Y. Univ.*, 2008 U.S. Dist. LEXIS 50902, at *7-8 (S.D.N.Y. June 30, 2008) citing *Fleming v. Verizon N.Y.; Inc.*, 2006 U.S. Dist. LEXIS 68632, at *7 S.D.N.Y. Sept. 22, 2006); *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000); *News Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F. Supp. 3d 476, 482 (S.D.N.Y. 2016) (Excluding the testimony of a witness that Plaintiff did not identify prior to the filing of the joint pre-trial order); *see also CSC Holdings, Inc. v. Berube*, No. 01 Civ. 1650 (DRH), 2004 U.S. Dist. LEXIS 28399 at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is "designed to avoid . . . gamesmanship . . . [and] to provide a strong inducement for disclosure of Rule 26(a)material.") (internal quotation marks omitted).

In deciding whether to exercise its discretion to impose sanctions, a court should consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997))

12

First, Plaintiff has provided no explanation for the failure to comply with his Fed. R. Civ. P. 26 disclosure requirements as to these witnesses. Throughout discovery, Plaintiff had a continuing obligation to supplement his Fed. R. Civ. P. 26 disclosures in order to avoid surprise at trial but failed to do so. Fed. R. Civ. P. 26(e); *see Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). As Plaintiff never disclosed Pannicia, Jandovitz, and McBean in his Fed. R. Civ. P. 26 disclosures, and subsequent discovery responses, Defendants were reasonable in their reliance that these individuals would not be called as witnesses by Plaintiff. *Lebada*, 2016 U.S. Dist. LEXIS 18461, at *20.

Second, Plaintiff has not identified the specific importance of the testimony to be provided by the three individuals. "To permit entirely unexplained Rule 26 violations to go unsanctioned whenever the evidence at issue is sufficiently important would give parties the perverse incentive to spring especially large and surprising disclosures on their adversaries on the eve of trial." *Agence France Pressse* v. Morel, 293 F.R.D. 682, 687 (S.D.N.Y. 2013).

Third, allowing Plaintiff to call these three witnesses would be prejudicial to Defendants because discovery is closed, thus precluding depositions. Defendants never had the opportunity to depose Pannicia, and the depositions of McBean and Jandovitz were taken in another unrelated matter, *Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et al*., Civil Action No.:14-cv-0079, in which this office is not counsel of record. Plaintiff's disclosures in this case affirmatively identify witnesses he intends to call at trial, a representation that Defendants should be allowed to rely upon. As Plaintiff did not identify Fred Pannicia, Robert Jandovitz and Adolf McBean, Defendants were not aware that Plaintiff intended on using them as witnesses in this trial.

Finally, discovery is closed, a trial date is set, and a continuance would be inappropriate.

13

Accordingly, Defendants request that these three witnesses, as well as any other witness not identified in Plaintiff's discovery responses, be precluded from testifying in Plaintiff's case in chief.

## POINT IV

### PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING CERTAIN DEPOSITION TRANSCRIPTS AT TRIAL

Plaintiff, should be precluded from introducing at trial: (1) Plaintiff's own deposition transcript; (2) deposition transcripts of Adolf McBean and Robert Jandovitz from a different, unrelated case; and (3) deposition transcripts of Mehandra Ramphal, Deborah Lafaro, and Elizabeth Mendonca without specifying the relevant portions.  For the reasons set forth below, Plaintiff must be precluded from entering any of these proffered transcripts into evidence.

### A.   Plaintiff Should Be Precluded From Introducing His Own Deposition Transcript At Trial

Plaintiff should be precluded from admitting his own deposition transcript as evidence. Plaintiff's deposition constitutes hearsay evidence in Plaintiff's case in chief as it is an out of court statement offered to prove the truth of the matter asserted, not falling within a recognized exception.

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The only conceivable purpose Plaintiff may have for introducing his deposition transcript into evidence is to offer the statements therein for the truth of the matters asserted; therefore, the transcript qualifies as hearsay evidence.

Plaintiff's transcript does not fit within any of the hearsay exceptions, such as Fed. R. Evid. 801(d)(2), because while this is a statement of a party, it is Plaintiff's own statement and thus is

not being offered by an party-opponent. The prior testimony exception, Fed R. Evid. 804(b)(1), is also inapplicable as it applies only in the event that the "declarant is unavailable." Here Plaintiff is available to testify at trial. Accordingly, as the deposition transcript would constitute inadmissible hearsay, Defendants' motion *in limine* must be granted. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 562 (E.D.N.Y. 2011) (granting Defendants' motion to preclude Plaintiff from entering his deposition into evidence).

Moreover, since Plaintiff himself will testify at the trial, this evidence would be cumulative and confusing and inadmissible pursuant to Fed. R. Evid. 403.

**B.  Plaintiff Should Be Precluded From Introducing The Deposition Transcript of Adolf McBean And Robert Jandovitz At Trial**

Plaintiff must be precluded from introducing deposition transcripts of Adolf McBean and Robert Jandovitz taken in an unrelated lawsuit pending in this District entitled: *Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et. al*., Civil Action No.: 14-cv-0079-UA. Plaintiff contends that such evidence can be used for purposes of impeaching a witness or refreshing a witness' recollection. Defendants now move to preclude this testimony because: (1) Defendants received late notice of Plaintiff's proposed use of McBean and Jandovitz's deposition testimony; (2) the testimony is hearsay; and (3) Plaintiff failed to cite to a specific page and line of proposed testimony.

**1.  Late Notice**

As an initial matter, there is no need to reach the issue of the admissibility of the transcripts. Rather, Plaintiff should be barred from calling McBean and Jandovitz to testify, whether in person (as described above, see II.) or by deposition, because neither McBean and Jandovitz nor their transcripts were ever provided or disclosed in initial disclosures or in response to Defendants' discovery requests. *See* Plaintiff's Initial Disclosures, DX. 35; Plaintiff's July 10, 2015 Answers

To Interrogatories, DX. 32.; Plaintiff's March 14, 2016 Answers to Interrogatories DX. 33; Plaintiff's Response to Notice to Produce, DX. 36.  Rather, the first time that these matters were brought to Defendants' attention were in the proposed joint pretrial order.

Defendants specifically requested in their Notice to Produce, that Plaintiff produce "[a]ll documents You intend to rely on at trial." To which Plaintiff responded that "[a]ll relevant documents, if any, are annexed hereto."  Plaintiff's Response to Notice to Produce, DX. 36.

Further, Defendants disclosed both McBean and Jandovitz as witnesses. Defendants' Initial Disclosures, attached as Exhibit A to Hensley Cert.; Defendants' March 2, 2016 Letter, attached as Exhibit B to Hensley Cert.  Plaintiff chose not to depose McBean and Jandovitz in this matter, but rather deposed them in an unrelated sexual harassment matter pending against ASR. Counsel for Defendants in this matter was not informed that the depositions were taking place, and thus was unable to participate.  Plaintiff now improperly attempts to backdoor McBean and Jandovitz's deposition testimony into this case.

Federal Rule of Civil Procedure 26 requires that a party provide to the opposing party "a copy ... of all documents, electronically stored information, ... that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii).  The Rules also impose upon parties a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process. Fed. R. Civ. P. 26(e). This duty is a "continuing one," and "parties must undertake efforts to ensure that discoverable information is not lost or misplaced." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 (S.D.N.Y. 2004)). Plaintiff had a duty to disclose the McBean and Jandovitz's transcripts, and has not offered any explanation for his failure to do so.

4356630-1

In determining whether preclusion of evidence is an appropriate remedy for failure to disclose certain evidence, courts consider the following four factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (analyzing whether to preclude testimony of a witness); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)(applying the principle to documentary evidence). The same test applies both to the preclusion of documents and the preclusion of testimony from a witness who was not properly disclosed during discovery. *Mugavero v. Arms Acres, Inc.*, 2009 U.S. Dist. LEXIS 56214, at *4 (S.D.N.Y. July 1, 2009) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

Defendants would be prejudiced if Plaintiff were allowed to rely upon or deposition testimony from an undisclosed deposition transcript. For this reason alone, Plaintiff should not be allowed to rely on any testimony by McBean or Jandovitz, whether in person or by deposition.

###   2.   The Testimony Is Hearsay

In any event, McBean and Jandovitz's depositions are inadmissible because they are irrelevant and hearsay. These depositions do not satisfy any exception to the hearsay rules.  First, they do not satisfy Federal Rules of Evidence 804(b)(1). It provides in relevant part, as follows:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
>> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

In order to satisfy the standards under this rule, Plaintiff, as the proponent, must show: (1) McBean and Jandovitz are unavailable; (2) their deposition testimony was taken at a hearing or deposition, in the same or another proceeding; and (3) defendants had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination in the proceeding in which McBean and Jandovitz testified.  Plaintiff is incapable of meeting the first or third elements. First, Plaintiff has made no showing that McBean or Jandovitz are unavailable. Both, in fact, reside in the state of New York. *See* Hensley Cert. ¶2.  Plaintiff has not specified the testimony he intends to use from either transcript.  Defendants are unaware of what testimony is even relevant to the present matter.  Therefore, Plaintiff has simply not provided sufficient facts and materials to enable the court to determine the third element. Further, defense counsel in this case, Bressler, Amery & Ross P.C., was not present at either deposition, and therefore, not given the opportunity to develop testimony.

McBean and Jandovitz's testimony further does not satisfy Federal Rules of Evidence 804(d)(2), which provides:

> (2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:
> > (A) was made by the party in an individual or representative capacity;
> > (B) is one the party manifested that it adopted or believed to be true;
> > (C) was made by a person whom the party authorized to make a statement on the subject;
> > (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

McBean and Jandovitz are not defendants in this action. Further, Plaintiff cannot show that any of the statements in either deposition meet any of the elements above.

18

3.    **Plaintiff Filed To Cite a Specific Page and Line**

Finally, Plaintiff fails to cite to the specific page and line of the deposition transcript as required by the Court's December 7, 2017 Order. Dkt. No. 108. The Court specifically stated that the parties must designate "the witnesses whose testimony may be offered by deposition and designate by page and line numbers the relevant portions of those witnesses' depositions." Plaintiff has failed to do so.

C.    **Plaintiff Should Be Precluded From Introducing The Deposition Transcripts of Mehandra Ramphal, Deborah Lafaro, and Elizabeth Mendonca At Trial**

Plaintiff must be precluded from introducing the deposition transcripts of Mehandra Ramphal, Deborah Lafaro, and Elizabeth Mendonca in his case in chief.  Plaintiff fails to cite to the specific page and line of the deposition transcript as required by the Court's December 7, 2017 Order. Dkt. No. 108.  Plaintiff has failed to provide the specificities required by the Court's Order. Defendants must be given the opportunity to properly prepare for trial with an understanding of what deposition testimony Plaintiff intends to use. Therefore, Plaintiff must be precluded from entering the Ramphal, Lafaro, and Mendonca deposition transcripts at trial.

## POINT V

### PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE TO AN UNRELATED, PENDING CASE

Plaintiff should be precluded from making any reference to an unrelated case pending in this District titled: *Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et al*., Civil Action No.:14-cv-0079. Evidence of an existing dispute between Defendants and a non-party to this action is not relevant under Fed. R. Evid. 401.  Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Neither the history nor circumstances of the dispute with Rosanna Mayo-Coleman (a sexual harassment

matter) has any bearing on the issues in this case and thus must be precluded.  Any probative value in such evidence would be substantially outweighed by the danger of unfair prejudice to Defendants.

Defendants request that the Court exercise its inherent power over the conduct of the parties and its witnesses not to elicit testimony respecting the pending litigation between Rosanna Mayo-Coleman and Defendants.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant Defendants' Motions *In Limine* to preclude Plaintiff from introducing any and all of the evidence and testimony described herein and permitting Defendants to admit certain evidence described herein.


February 12, 2018                                    */s/ Michael T. Hensley, Esq.*_____

                                                     Michael T. Hensley, Esq.
                                                     BRESSLER, AMERY & ROSS, P.C.
                                                     17 State Street
                                                     New York, New York 10004
                                                     212.425.9300
                                                     mhensley@bressler.com
                                                     Attorneys for Defendants
                                                     American Sugar Refining, Inc.
                                                     and Mehandra Ramphal

4356630-1