UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLAUDE V. LEWIS,                                      Index No.: 14-CV-2302

                            **Plaintiff,**

-against-

AMERICAN SUGAR REFINING, INC. and
MEHANDRA RAMPHAL,

                            **Defendants.**
-------------------------------------------------------------X


## PLAINTIFF CLAUDE LEWIS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................i

INTRODUCTION ..........................................................................................1

ARGUMENT ...............................................................................................2

CONCLUSION .............................................................................................3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Michelson v. United States*,
    335 U.S. 469 (1948)...................................................................................2

*Williams v. McCarthy*,
    No. 05-10230, 2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007)................2


**Statutes**

Fed. R. Evid. 609 ........................................................................................2

## INTRODUCTION

Plaintiff Claude Lewis (hereinafter "Plaintiff") submits this Memorandum of Law in support of Plaintiff's four Motion *in Limine*. Plaintiff seeks to preclude Defendants American Sugar Refning, Inc. ("ASR") and Mehandra Ramphal ("Ramphal" and, collectively with ASR the "Defendants") from offering, or eliciting on cross-examination any evidence of prior unsubstantiated allegations against Plaintiff by his prior partner of domestic abuse. As described in detail below, any evidence of allegations lodged against Plaintiff should be precluded as entirely irrelevant, improper, and unduly prejudicial.

Briefly, Plaintiff brings this civil rights action for damages resulting from a hostile work environment, disparate treatment, and retaliation where he was discriminated against because of her national origin by his supervisor, Defendant Ramphal, and retaliated against by Defendants in response to his lawful complaints of discrimination. This case is about the cause of the injuries the Plaintiff suffered.

At trial, Plaintiff will show that Defendant Ramphal, with the endorsement of Defendant ASR, repeatedly openly and notoriously subjected him to a hostile work environment and disparate treatment on the basis of his national origin by, among other things, ridiculing and humiliating him, affording him less lucrative professional opportunities, and unfairly disciplining him.  Plaintiff will further show that he reported the discrimination to Defendant ASR, who failed to act and not only permitted the discrimination to continue, but retaliated against Plaintiff even further.

This motion *in limine* seeks to bar the admission of extraneous and prejudicial information that would distract the jury from their basic task of objectively and justly resolving this dispute. The following information should be barred concerning allegations against Plaintiff of domestic violence and/or abuse which never resulted in plaintiff's arrest, let alone his conviction of any crime.

## **ARGUMENT**

This Court should bar all evidence of any allegations against Plaintiff for alleged domestic violence as unduly prejudicial and irrelevant. As explored in discovery, Plaintiff's former partner, while in the midst of a custody dispute, accused Plaintiff of domestic violence and abuse. There was never a formal complaint made against Plaintiff, nor was Plaintiff arrested for, and certainly not convicted of, the allegations against him. Indeed, when called to support such allegations, Plaintiff's former partner presented no evidence of the accused unlawful actions and there were never any charges brought against Plaintiff. Despite this, Defendant have, throughout this litigation, indicated an intention to use such allegations to discredit Plaintiff should this matter proceed to trial. This should not be allowed as such evidence has little to no probative value and would only serve to unduly prejudice Plaintiff and unfairly attack his credibility to the jury without sufficient basis.

The exception for impeachment evidence in Fed. R. Evid. 609(a) only applies to criminal **convictions**. *Williams v. McCarthy*, No. 05-10230, 2007 U.S. Dist. LEXIS 79151, at *5 (S.D.N.Y. Oct. 25, 2007) (Scheindlin, J.) (holding that arrest which did not lead to a conviction was not admissible) (emphasis added). *See also*, Fed. R. Evid. 609.

Indeed, even where an arrest is made, such evidence "without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482 (1948).

Here, Plaintiff was never arrested for any crime related to any allegation of domestic violence or abuse. Accordingly, and as a fairly obvious consequence of never having been arrested or charged with domestic violence or abuse, Plaintiff has never been convicted of such a heinous crime. Accordingly, such accusations fall far short of the exception recognized by courts for introduction of evidence related to prior criminal records or prior bad acts. Accordingly, any

2

evidence, documentary or testimonial, related to allegations against Plaintiff for domestic violence or abuse should not be admissible as evidence against Plaintiff. Such evidence would only serve as an opening for defense counsel to introduce unsubstantiated and highly prejudicial evidence against Plaintiff to the jury and distract them from the vital issues of this case.

For the reasons stated above, we ask the Court to keep the door to that line of questioning firmly closed and exclude any questions related to such incidents and allegations, which never resulted in an arrest, let alone Plaintiff's conviction.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court exclude evidence of any allegations made against Plaintiff for domestic violence and/or abuse.

Dated: New York, New York
      February 12, 2018

                      NESENOFF & MILTENBERG, LLP
                      *Attorneys for Plaintiff*

                      /s/ Megan S. Goddard
                      Megan S. Goddard, Esq.
                      Gabrielle M. Vinci, Esq.
                      363 Seventh Avenue, 5th Floor
                      New York, New York 10001
                      Tel: (212) 736-4500

                      CHARNY & WHEELER

                      /s/ Nathaniel K. Charny
                      Charny & Wheeler
                      9 Wesr Market Street
                      Rhinebeck, New York 12572
                      Tel: (845) 876-7500