IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE V. LEWIS,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN SUGAR REFINING, INC.<br>And MEHANDRA RAMPHAL,<br><br>       Defendant. | Civil Action No. 1:14-cv-02302(CRK(KNF)<br><br>(ECF Case)<br><br><br>Oral Argument Requested |

## DEFENDANTS' AMERICAN SUGAR REFINING, INC. AND MEHANDRA RAMPHAL'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

                  BRESSLER, AMERY & ROSS
                  A Professional Corporation
                  17 State Street, 34th Floor
                  New York, New York 10004
                  Attorneys for Defendants
                  American Sugar Refining, Inc.
                  and Mehandra Ramphal

On the Brief:
Michael T. Hensley, Esq.
Lauren Fenton-Valdivia, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................1

LEGAL STANDARD....................................................................................................................2

LEGAL ARGUMENT ...................................................................................................................3

    POINT I .....................................................................................................................................3

        PLAINTIFF'S MOTION TO EXCLUDE INFORMATION REGARDING OTHER POTENTIAL SOURCES OF EMOTIONAL DISTRESS SHOULD BE DENIED WHERE PLAINTIFF HAS OPENED THE DOOR TO SUCH INQUIRES BY PURSUING AN EMOTIONAL DISTRESS CLAIM. ......................................................................................................................3

CONCLUSION...............................................................................................................................5


# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*EEOC v. Nichols Gas & Oil, Inc.*,
   256 F.R.D. 114 (W.D.N.Y. 2009) ............................................................................................ 4

*Evanko v. Elec. Sys. Assoc., Inc.*,
   1993 U.S. Dist. LEXIS 218 (S.D.N.Y. Jan. 8, 1993) ............................................................... 3

*Misas v. N-Shore Long Is. Jewish Health Sys.*,
   2016 U.S. Dist. LEXIS 96764 (S.D.N.Y. July 25, 2016) ......................................................... 3

*Mugavero v. Arms Acres, Inc.*,
   680 F. Supp. 2d 544 (S.D.N.Y. 2010) ...................................................................................... 4

*Spencer v. Int'l Shoppes, Inc.*,
   06-cv-2637 (AKT), 2013 U.S. Dist. LEXIS 25524 (E.D.N.Y. Feb. 25, 2013) ........................ 2

*United States v. Kozeny*,
   643 F.Supp.2d 415 (S.D.N.Y. 2009) ........................................................................................ 3

### **Other Authorities**

Fed. R. Evid. 104 .............................................................................................................................. 2

## PRELIMINARY STATEMENT

Defendants American Sugar Refining, Inc. ("ASR") and Mehandra Ramphal (collectively "Defendants") submit this Memorandum of Law in opposition to Plaintiff's Motion *In Limine* to preclude mention of other potential sources of emotional distress, including domestic abuse complaints made in a custody battle related to Plaintiff's daughter. Plaintiff has put his emotional state at issue in pursuing an emotional distress claim, and therefore, Defendants must be permitted to question Plaintiff and his psychological expert, Dr. Rhea Parson regarding *all* potential sources of emotional distress, as reflected in his very own medical records.

## STATEMENT OF FACTS

Plaintiff Claude Lewis ("Plaintiff" or "Lewis") a current employee of ASR, filed a race and/or national origin discrimination action against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York Human Rights Law ("SHRL"). Defendants deny the allegations of Plaintiff's complaint, including any and all allegations that Defendants engaged in discrimination, harassment or retaliation against Plaintiff.

As part of the above-referenced claims, Plaintiff has pursued an emotional distress claim. *See* Plaintiff's Complaint at Dkt. 24; Deposition of Plaintiff at 382:7 – 382:18, relevant portions of the transcript attached to the Supplemental Certification of Michael T. Hensley ("Supp. Hensley Cert.") as Exhibit A. Plaintiff identified Dr. Rhea Parson, a licensed clinical social worker, as a treatment provider related to his emotional distress claim. Plaintiff similarly identified Dr. Parson as a trial witness. *See* Joint Pre-Trial Order at Dkt. 94.

Plaintiff suggests that he has been emotional distressed by virtue of Defendants' alleged discrimination and that his emotional distress manifests itself in the form of anger. *See* Plaintiff's Complaint at Dkt. 24; Deposition of Plaintiff at 384:16 – 384:20. However, Dr. Parson's contemporaneous medical records and deposition testimony revealed the true source of

4356630-1

Plaintiff's emotional distress was actually a custody battle between Plaintiff and the mother of his child, which involved domestic abuse.[1] *See* Deposition of Rhea Parson, relevant portions of the transcript attached to the Supp. Hensley Cert. as Exhibit B. Indeed, while Dr. Parson testified that Plaintiff presented with certain work-related stressors, she conceded that the majority of her notes related to Plaintiff's treatment concerned Plaintiff's relationship with his daughter and the mother of his daughter, including an incident where he threw the mother of his daughter on a bed after an altercation. *See Id.* at 42:16 to 43:3. Significantly, Dr. Parson testified that her treatment methods included "supportive therapy regarding problems contacting daughter" (50:13 – 50:22), that Plaintiff had problems contacting his daughter because her mother and stepfather "didn't want him to have a relationship with her" (52:2 – 52:13), that there was a custody dispute Plaintiff was involved in which caused him anxiety (55:23 – 56:4), that despite the fact that there were limited references to Plaintiff's "work stressor[s]" that there were multiple references to Plaintiff being angry regarding the situation with his daughter (57:10 – 58:11), that Dr. Parson "encouraged [Plaintiff] to think about situations regarding his daughter" and "whether he thought he was likely to get to the point of becoming physically aggressive" (59:3 – 59:20) and that the Plaintiff reported an incident where police were called to a hotel room over a complaint that he was mistreating his daughter (141:8 – 142:9).

## LEGAL STANDARD

When a party files an *in limine* motion, "the court is required to determine preliminarily under Fed. R. Evid. 104 whether the evidence is admissible." *Spencer v. Int'l Shoppes, Inc.*, No. 06-cv-2637 (AKT), 2013 U.S. Dist. LEXIS 25524, at *3 (E.D.N.Y. Feb. 25, 2013) (citing *Highland Capital Mgmt., L.P. v. Schneider,* 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005)). "The

---

[1] In his *in limine* motion, Plaintiff characterizes the domestic abuse complaints as being unsubstantiated, however Plaintiff specifically told Dr. Parson about the incident where he threw the mother of his daughter on a bed after an altercation.

2

4441765

Federal Rules of Evidence favor the admission of all relevant evidence. Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Kozeny*, 643 F.Supp.2d 415, 417 (S.D.N.Y. 2009) (citations omitted).

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S MOTION TO EXCLUDE INFORMATION REGARDING OTHER POTENTIAL SOURCES OF EMOTIONAL DISTRESS SHOULD BE DENIED WHERE PLAINTIFF HAS OPENED THE DOOR TO SUCH INQUIRES BY PURSUING AN EMOTIONAL DISTRESS CLAIM.**

"Medical records are protected except to the extent that plaintiff may have placed their contents into controversy by her claims." *Evanko v. Elec. Sys. Assoc., Inc.,* 1993 U.S. Dist. LEXIS 218, at *4 (S.D.N.Y. Jan. 8, 1993), citing *Dillenbeck v. Hess*, 73 N.Y.2d 278, 286 (1989). While a party may have a privacy interest in his or her medical records, her or she "waives that privacy interest in any relevant medical records when she puts her physical or mental condition into issue in the litigation." *See Misas v. N-Shore Long Is. Jewish Health Sys.*, 2016 U.S. Dist. LEXIS 96764, at *5 (S.D.N.Y. July 25, 2016). While courts in this circuit will not permit extensive inquiry into a plaintiff's medical records where the plaintiff merely seeks "garden variety" emotional distress damages, where, a plaintiff "attempt[s] to seek more than 'garden variety' emotional distress-damages **or offer psychological or medical testimony or records to support their claims** for emotional-distress damages," courts will permit inquiry into a wider range of a plaintiff's medical records. *Id.*(emphasis added). Courts have defined "garden variety" claims to be those where

> the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without

relating either the severity or the consequences of the injury **Such claims lack extraordinary circumstances and are not supported by any medical corroboration**.

*Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 578 (S.D.N.Y. 2010), quoting *Olsen v. County of Nassau*, 615 F. Supp. 2d 35, 46-47 (E.D.N.Y. 2009)(emphasis added).  Where, however, the plaintiff seeks to "offer at trial any psychological or medical testimony or records to support claims of emotional distress," the defendant is entitled to full disclosure of same. *See EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 122 (W.D.N.Y. 2009).

Here, Plaintiff does not merely seek garden variety emotional distress claims.  Rather, Plaintiff has proffered Dr. Parson as a trial witness related to his emotional distress claims.  *See* Joint Pre-Trial Order at Dkt. 94.  As Plaintiff has put his alleged emotional distress at issue and sought to bolster same through the testimony and medical records of Dr. Parson, fairness considerations dictate that Defendants be permitted to introduce all relevant sources of potential emotional distress, including Plaintiff's custody battle and the complaints of abuse that are intermingled with the custody battle.  *See e.g. Nichols*, *supra*, 256 F.R.D. at 121, quoting *Sims v. Blot*, 534 F.3d 117 (2d Cir. 2008)("Fairness considerations arise when the party attempts to use the privilege both as a shield and a sword; a party cannot disclose privileged communications or affirmatively rely on privileged communications to supports its claim or defense and then shield the underlying communications from scrutiny by the opposing party").  As Plaintiff seeks to utilize Dr. Parson's testimony and medical records to support his emotional distress claim related to Defendants' alleged discrimination, Defendants should similarly be permitted to utilize Dr. Parson's testimony and medical records to establish that Plaintiff's emotional distress was instead related to his child custody battle and alleged abuse of his daughter and the daughter's mother which is intertwined in the custody battle.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion *In Limine* to preclude Defendants from introducing all evidence related to Plaintiff's emotional distress claims.

March 5, 2018 /s/ *Michael T. Hensley, Esq.*

Michael T. Hensley, Esq.
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York 10004
212.425.9300
mhensley@bressler.com
Attorneys for Defendants
American Sugar Refining, Inc.
and Mehandra Ramphal

4441765