UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CLAUDE V. LEWIS,                                    Index No.: 14-CV-2302

                            Plaintiff,

-against-

AMERICAN SUGAR REFINING, INC. and
MEHANDRA RAMPHAL,

                            Defendants.
----------------------------------------------------------------X


**PLAINTIFF CLAUDE LEWIS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTIONS IN LIMINE**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................... i

INTRODUCTION ............................................................................................1

ARGUMENT ...................................................................................................1

POINT I
ARTICLE 10(B) PROHIBITS ALL DISCRIMINATION,
INCLUDING DISCRIMINATION BASED ON RACE AND
NATIONAL ORIGIN .............................................................................2

POINT II
DEFENDANTS' REQUEST FOR AN EXPANSIVE
ADVISORY OPINION SHOULD BE REJECTED.................................2

POINT III
PLAINTIFF SHOULD NOT BE PRECLUDED FROM
CALLING THE CONTESTED WITNESSES......................................4

POINT IV
PLAINTIFF SHOULD NOT BE PRECLUDED FROM
USING THE IDENTIFIED DEPOSITIN TRANSCRIPTS ON
CROSS EXAMINATION .....................................................................7

POINT V
THE *MAYO-COLEMAN* ACTION IS RELEVANT .............................8

CONCLUSION.................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

<u>Barcroft Media, LLC. v. Coed Media Grp., LLC.</u>,
    No. 16-CV-7634, 2017 U.S. Dist. LEXIS 164132 (S.D.N.Y. Sept. 28, 2017)........6

<u>EMI Music Mktg. v. Avatar Records, Inc.</u>,
    334 F.Supp.2d 442 (S.D.N.Y. 2004)............................................................6

<u>Greenfield v. City of New York</u>,
    No. 99 CIV. 2330 (AJP), 2000 WL 124992 (S.D.N.Y. Feb. 3, 2000)....................3

<u>Hawthorne Partners v. AT & T Technologies, Inc.</u>,
    831 F.Supp. 1398 (N.D.Ill.1993) ................................................................3

<u>Hickey v. Myers</u>,
    No. 09-CV-01307 MAD/DEP, 2013 WL 2418252 (N.D.N.Y. June 3, 2013).........3

<u>In re Lawrence</u>,
    No. 97-11258, 2008 WL 2095863 (Bankr. N.D.N.Y. May 16, 2008)....................3

<u>Jean-Laurent v. Hennessy</u>,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) .........................................................3

<u>Lesser v. Camp Wildwood</u>,
    No. 01-Civ-4209 U.S. Dist. LEXIS 16921 (S.D.N.Y. Sept. 29, 2003) ..................4

<u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.</u>,
    937 F. Supp. 276 (S.D.N.Y. 1996) .............................................................3

<u>Outley v. City of New York</u>,
    837 F.2d 587 (2d Cir.1988).......................................................................3

<u>Phoenix Light SF Ltd. v. Bank of New York Mellon</u>,
    No. 14-CV-10104 (VEC), 2017 WL 3973951 (S.D.N.Y. Sept. 7, 2017).........4, n.2

<u>RMED Intern'l, Inc. v. Sloan's Supermarkets, Inc.</u>,
    No. 94CIV.5587, 2002 WL 31780188 (S.D.N.Y. Dec. 11, 2002)..........................3

<u>Santrayll v. Burrell</u>,
    No. 91 Civ. 3166, 1988 U.S. Dist. LEXIS 399 (S.D.N.Y. Jan. 20, 1998)...............8

<u>Weiss v. La Suisse, Societe D'Assurances Sur La Vie</u>,
    293 F. Supp. 2d 397 (S.D.N.Y. 2003)..........................................................3

**Statutes**

Fed. R. Civ. P. 32(a)(2) .........................................................................8

Fed. R. Civ. P. 32(a)(8) .......................................................................7, 8

Fed. R. Evid. 404(b)(2) ..........................................................................9

Fed. R. Evid. 801(d)(1) ...........................................................................8

## INTRODUCTION

Plaintiff Claude Lewis (hereinafter "Plaintiff") respectfully submits this Memorandum of Law in Opposition to Defendants' American Sugar Refining, Inc.'s ("ASR") and Mehandra Ramphal's ("Ramphal" and, collectively with ASR the "Defendants") motions *in limine*.

In Defendants motions *in limine*, Defendants seek the following relief: (i) preclusion from arguing that certain articles in the Collective Bargaining agreement relate to discrimination based upon race and/or national origin, (ii) an order confirming the admission of Plaintiff's prior grievances and disciplinary history; (iii) preclusion by Plaintiff of calling witnesses not identified in Plaintiff's Rule 26 disclosures; (iv) preclusion of Plaintiff's use of deposition testimony taken in this matter and in the matter of <u>Rosanna Mayo-Coleman v. American Sugar Holdings</u>, Civil Action number 14-cv-0079 (the "*Mayo-Coleman* Action"); and (v) preclusion of any evidence or discussion regarding the *Mayo-Coleman* Action.

For the foregoing reasons, Defendants' Motions *in Limine* should be denied.

## ARGUMENT

### POINT I
### ARTICLE 10(B) PROHIBITS ALL DISCRIMINATION,
### <u>INCLUDING DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN</u>

Defendants' first motion is remarkable for its complete lack of merit.

In this motion, Defendants argue that the language of Article 10(b) of the Collective Bargaining Agreement "relates to discrimination in union activity, not discrimination based on race and/or national origin." Def. Memo., p. 4. Defendants argue that this strictly-limited interpretation is "blatant" and "on its face." <u>Id.</u> However, the language of Article 10(b) is exactly the opposite.

1

Article 10(b), entitled "Cooperation and Discrimination," See Declaration of Gabrielle M. Vinci (the "Vinci Decl.") at Ex. 4 at p. 20-21 (emphasis added), states quite explicitly that all discrimination is prohibited, providing: "[t]here shall be no discrimination by the Company against any member of the union, nor shall the union discriminate against any employee of the Company." Id. at p. 21.

That a clause called "discrimination" which in turn prohibits "discrimination by the Company against any member of the union . . ." is about all forms of discrimination is self-evident; and it is confirmed by the sworn testimony from Fred Gaffney. See ECF Docket No. 77-2 at ¶¶ 51-54 ECF Docket No. 77-3 at ¶¶ 55-57.[1] Defendants cannot, without any support in law or the record, force the Court to adopt its own interpretation of Article 10(b). There is at best a question of fact as to the interpretation of this provision, and that is reserved for the fact finder.

Not only should this motion be denied as without any merit, the baseless nature of this motion rises to the level of frivolity.

### POINT II
### DEFENDANTS' REQUEST FOR AN
### EXPANSIVE ADVISORY OPINION SHOULD BE REJECTED

In their second motion in limine, Defendants seek an expansive ruling that they may bring in any and all "evidence of Plaintiff's prior grievances and disciplinary record." Def. Memo., p. 5.

While Defendants' argument cites to a few of the grievances and disciplines they think they might want to submit to the jury, there is no particularized list -- just apparently random examples.

---

[1] Adolph McBean, a high-ranking union official as well as other management and union representatives testified under oath during the Mayo-Coleman trial that "discrimination is discrimination" and that Section 10(b) covers all forms of discrimination including national origin and race. And without regard to whether this testimony is admissible during Plaintiff's case in chief, see infra, it will certainly be admissible by way of live testimony as part of Plaintiff's rebuttal after Defendants propose this argument as to the interpretation of Section 10(b) to the jury.

2

This is insufficient. The Court should deny the motion and reserve ruling for trial. It is well established within the Second Circuit that "a motion in limine may properly be denied where it is too sweeping in scope." Weiss v. La Suisse, Societe D'Assurances Sur La Vie, 293 F. Supp. 2d 397, 407–08 (S.D.N.Y. 2003) (citing extensive authority).

Similarly, just as evidence should not be excluded on a motion in limine unless such evidence is clearly inadmissible on all possible grounds, Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (quoting Hawthorne Partners v. AT & T Technologies, Inc., 831 F.Supp. 1398, 1400 (N.D.Ill.1993), all evidence should not be swept into the record by a reverse motion in limine unless such evidence is clearly admissible and Defendants' submission to the Court does not make that clear. Cf. RMED Intern'l, Inc. v. Sloan's Supermarkets, Inc., No. 94CIV.5587, 2002 WL 31780188, at *1 (S.D.N.Y. Dec. 11, 2002) (rejecting sweeping motion in limine -- and preserving decision for trial); see also Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 561 (E.D.N.Y. 2011) (same); In re Lawrence, No. 97-11258, 2008 WL 2095863, at *2 (Bankr. N.D.N.Y. May 16, 2008) (same).

Finally, the Court is asked to consider this Circuit's well-established standard under Federal Rule of Evidence ("FRE") 404(b), that evidence of prior acts -- such as filing grievances -- is inadmissible for the purpose of proving that a plaintiff has a character trait for litigiousness and acted in conformity with that trait in the present lawsuit. Outley v. City of New York, 837 F.2d 587, 591–95 (2d Cir.1988); Greenfield v. City of New York, No. 99 CIV. 2330 (AJP), 2000 WL 124992, at *12 (S.D.N.Y. Feb. 3, 2000) (citing authority).

Should Defendants end up submitting the expansive history of grievances, this may require a limiting instruction to the jury, a request Plaintiff reserves. See Hickey v. Myers, No. 09-CV-01307 MAD/DEP, 2013 WL 2418252, at *4 (N.D.N.Y. June 3, 2013).

Plaintiff is not seeking to exclude these grievances or disciplinary records by motion in limine. However, there may be instances where objections will be raised by Plaintiff on particularized grievances or patterns of grievances and disciplines. Plaintiff cannot predict same absent context from Defendants' case-in-chief.[2]

## POINT III
## PLAINTIFF SHOULD NOT BE PRECLUDED FROM CALLING THE CONTESTED WITNESSES

Defendants seek to preclude Plaintiff from calling the following witnesses in his case-in-chief: Fred Paniccia ("Paniccia"), Adolph McBean ("McBean"), and Robert Jandovitz ("Jandovitz"). In support of their motion, Defendants assert that such witnesses were never identified throughout discovery and therefore must be precluded from testifying at trial pursuant to Federal Rule of Civil Procedure ("FRCP") 37. For the reasons set forth below, Defendants' application should be denied.

Plaintiff should not be precluded from calling witnesses who were disclosed on the trial witness list but were not included in Plaintiff's original FRCP 26(a) disclosures because such omission is completely harmless in this case. The sanction of preclusion under FRCP 37 should not be utilized by the Court where there is "'substantial justification or harmlessness.'" Lesser v. Camp Wildwood, No. 01-Civ-4209 U.S. Dist. LEXIS 16921, at *5 (S.D.N.Y. Sept. 29, 2003) (internal citation omitted). Here, in contrast to Defendants' contentions, the contested witnesses on Plaintiff's trial list were known to Defendants and repeatedly referenced during the course of discovery.

---

[2] On page four, footnote two, of Defendants' Memorandum, Defendants' "separately oppose" two specific exhibits. Arguments in footnotes are routinely rejected as inadequate, and that is the case here. Phoenix Light SF Ltd. v. Bank of New York Mellon, No. 14-CV-10104 (VEC), 2017 WL 3973951, at *20 (S.D.N.Y. Sept. 7, 2017) (citing authority).

While Defendants would like the Court to believe that Plaintiff never identified the contested witnesses during discovery, documentary and testimonial evidence proves otherwise. By way of example, during written discovery Plaintiff identified Jandovitz as a person to whom he complained about discrimination. Indeed, in response to Defendant's Request for Admissions, Plaintiff unequivocally attested that he "reported to Bob Jandovitz that Defendant Ramphal was discriminating against him on the basis of race or national origin." Vinci Decl. at Ex. 1, pg. 7. Accordingly, by virtue of identifying Jandovitz as a person to whom Plaintiff complained of discrimination, Defendants have been on notice that Mr. Jandovitz was a person with knowledge regarding Plaintiff's claims since as early as July of 2015. Moreover, at numerous points throughout Plaintiff's Amended Complaint, Plaintiff refers to his "Union Representative" whom Plaintiff identified as McBean at his deposition.

Further, during discovery, Plaintiff's counsel sent a subpoena to Defendants' counsel in April of 2016 which called for Jandovitz's deposition. Vinci Decl. at Exh. 2. Thereafter, counsel had extensive conversations regarding the scheduling of Jandovitz's deposition, which ultimately was not conducted. Vinci Decl. at Exh. 3.

Finally, several witnesses, including Plaintiff, Elizabeth Mendonca ("Mendonca"), Deborah Lafaro ("Lafaro"), and Defendant Ramphal testified regarding Jandovitz's and McBean's participation in, and knowledge of, the facts and circumstances underlying Plaintiff's legal claims.

To briefly summarize, Plaintiff testified that (i) McBean was the union representative identified in Plaintiff's Amended Complaint and that during the time in question, Plaintiff submitted his grievances and complaints to McBean regarding his treatment at work; (ii) McBean was someone he believed could attest to the discrimination Plaintiff was subjected to; (iii)

5

Jandovitz was in Human Resources and responded to some of Plaintiff's grievances; and (iv) Plaintiff verbally complained of discrimination to Jandovitz.

Moreover, Lafaro, Mendonca, and Ramphal testified that (i) McBean contributed to the decision to deny Plaintiff's request for a meeting with Ramphal regarding his work environment; (ii) Ramphal spoke to Jandovitz about at least one grievance Plaintiff submitted against him; and (iii) Ramphal was never made aware of any complaints Plaintiff made against him, even after legal proceedings had commenced, from Jandovtiz (or anyone at ASR for that matter).

It is well settled that when a party is "sufficiently aware of the existence and relevance of the persons and documents in question so that it is not being subjected to trial by ambush," then "fail[ure] to adhere to the letter of the discovery rules" is deemed harmless. EMI Music Mktg. v. Avatar Records, Inc., 334 F.Supp.2d 442, 445-46 (S.D.N.Y. 2004).

As noted above, Defendants have been well aware of the existence and relevance of Jandovitz and McBean throughout the entire discovery process. Moreover, Jandovitz, McBean, and Paniccia were identified in the Parties' Joint Pretrial Order which was filed on January 9, 2018. Accordingly, Defendants will have had more than four (4) months to prepare for such witnesses should they be called by Plaintiff to testify at trial. See EMI Music Mktg. v. Avatar Records, Inc., 334 F.Supp.2d 442, 445-46 (S.D.N.Y. 2004) (denying FRCP 37(c) preclusion for failure to make FRCP 26(a) disclosures where witnesses were identified in pretrial order more than two months before trial and moving party knew of existence and relevance of undisclosed individuals and exhibits previously through discovery process); Barcroft Media, LLC. v. Coed Media Grp., LLC., No. 16-CV-7634 (JMF), 2017 U.S. Dist. LEXIS 164132, at *4 (S.D.N.Y. Sept. 28, 2017) (allowing testimony from previously undisclosed witness where plaintiffs indisputably knew about the witness for months).

In light of the foregoing, as Defendants have been on notice of the relevance of Paniccia's, Jandovitz's, and McBean's potential testimony and have had ample time to prepare for same, Defendants' motion should be denied.

### POINT IV
### PLAINTIFF SHOULD NOT BE PRECLUDED FROM USING THE IDENTIFIED DEPOSITION TRANSCRIPTS ON CROSS EXAMINATION

Defendants seek to preclude Plaintiff from using various deposition transcripts both in Plaintiff's case-in-chief and on cross-examination. Notably, Plaintiff explicitly noted on the Parties' Proposed Joint Pre-Trial order that he "does not intend to offer any deposition testimony as part of his case-in-chief unless a witness becomes unavailable for trial" and specifically limited his use of deposition testimony to impeachment purposes or for purposes of refreshing a witness's recollection. Despite this unequivocal limitation on the use of the contested deposition transcripts, Defendants still seek to preclude Plaintiff from using any prior witness testimony for any reason whatsoever. Defendants' motion to preclude Plaintiff from using any deposition testimony for any reason is overly broad and in violation of the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Accordingly, Defendants' motion should be denied.

Defendants seek to preclude Plaintiff from using the deposition transcripts of Jandovitz and McBean, which were taken in *Mayo-Coleman* Action.

Defendants' contention that Plaintiff must be precluded from using the Jandovitz and McBean deposition transcripts because of the late notice to Defendants must be rejected. Notably, Defendant ASR was the Defendant in the *Mayo-Coleman* Action. As ASR was a defendant in the *Mayo-Coleman* Action, ASR has always had equal access to, and was free to request copies of, the Jandovitz and McBean transcripts. Moreover, FRCP 32(a)(8) states, in relevant part, "[a] deposition previously taken may [] be used as allowed by the Federal Rules of Evidence." Fed. R.

7

Civ. P. 32(a)(8). Accordingly, pursuant to FRE 801(d)(1), Plaintiff is permitted to use, for impeachment or rebuttal purposes, Jandovitz's and/or McBean's prior sworn testimony at trial. See Fed. R. Civ. P. 32(a)(2), (8); Fed. R. Evid. 801(d)(1); Santrayll v. Burrell, No. 91 Civ. 3166, 1988 U.S. Dist. LEXIS 399, at *6 (S.D.N.Y. Jan. 20, 1998) ("Pursuant to F.R.E. 801(d)(1), both sides may impeach any witness who appears at trial with that witness's prior sworn testimony.") (citations omitted).

Defendants' further contention that Plaintiff should not be allowed to use any deposition testimony due to Plaintiff's failure to designate the specific testimony to be introduced at trial goes against logic. As noted above and in the Joint Pretrial Order, Plaintiff does not intend to use any deposition testimony in his case-in-chief but has reserved the right to use the witnesses' prior deposition testimony for impeachment purposes. It would be impossible for Plaintiff to look into the future to determine if and when a witness at the trial set to begin six (6) weeks from now will testify inconsistently so as to alert Defendants' counsel at the present time as to the page and line citations of the transcripts to be used. Defendants' request that Plaintiff do so is entirely inappropriate and in no way required under Hon. Judge Kelly's Individual Rules.

As Plaintiff does not intend to introduce deposition testimony at trial (a fact which Defendant has been well aware of since, at least, the filing of the Joint Pretrial Order on January 9, 2018) and the Federal Rules permit the use of the contested deposition testimony for the purpose of impeachment, Defendants' motion should be denied.

**POINT V**
**THE *MAYO-COLEMAN* ACTION IS RELEVANT**

Without citing a single case, Defendants argue that Plaintiff should be precluded from "making any reference" to the *Mayo-Coleman* Action, which has now been adjudicated after a four-day jury trial in front of Hon. Judge Crotty.  Def. Memo., pp. 19-20.

8

Just as with Point II, this is too expansive a request and the Court is respectfully referred to the case law cited in Point II that mandates rejection of this motion as too sweeping in its request.

While Plaintiff has made no decision about what, if anything, it will seek to submit into the record regarding the *Mayo-Coleman* Action, there are numerous ways in which that the *Mayo-Coleman* Action, fact pattern, sworn testimony and jury verdict[3] might be relevant and admissible in the present matter.

Consider the following.

(i) The *Mayo-Coleman* Action is directly on point, to wit, the same Defendant and, indeed, the exact same Human Resources team, ignored grievances alleging discrimination under Section 10(b) of the Collective Bargaining Agreement, and failed in the same ways they failed the Plaintiff here to protect Ms. Mayo-Coleman from discriminatory treatment;

(ii) Several of Defendants' witnesses in this matter testified in the *Mayo-Coleman* Action about the grievance process, including Mr. Jandovitz's disdain for grievances, and that Section 10(b) protects against all forms of discrimination.  On cross-examination and rebuttal, these sworn statements are likely relevant and admissible;

(iii) Under FRE 404(b)(2), the evidence of the prior lawsuit, its facts and its outcome may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Here, the motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident all speak to this exact same Human Resources team hating grievances and engaging in discriminatory conduct against protected classes under Title VII and New York State Law.

---

[3] This past Friday, June 2, 2018, the eight-person jury returned a historic verdict against ASR for Ms. Mayo-Coleman, of $1.7 million in compensatory damages and $11.7 million in punitive damages.

## **CONCLUSION**

Based on the foregoing, Defendants' Motions in Limine should be denied in their entirety.

Dated: New York, New York
       March 5, 2018

NESENOFF & MILTENBERG, LLP
*Attorneys for Plaintiff*

/s/ Megan S. Goddard
Megan S. Goddard, Esq.
Gabrielle M. Vinci, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001
Tel: (212) 736-4500

CHARNY & WHEELER

/s/ Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel: (845) 876-7500