# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006
Office. 646.504.8363
Fax. 212.473.8705
Megan@goddardlawnyc.com
WWW.GODDARDLAWNYC.COM

March 19, 2018

**VIA E-MAIL TO Steve_Taronji@cit.uscourts.gov**
Hon. Judge Claire R. Kelly
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

    Re:    **Claude Lewis v. American Sugar Refining, Inc., et. al.
                Civil Action No.: 14-cv-02302**

Dear Your Honor:

      The undersigned is counsel to Plaintiff Claude Lewis ("Plaintiff") in the above-captioned matter. We write to further inform the Court of some background facts relating to today's Motion in Limine arguments, and we appreciate having been afforded the opportunity to do so.

      As discussed, Plaintiff's Initial Disclosures, annexed hereto as Exhibit A, state in Section 1.a. that Plaintiff may use the "witnesses set forth in Defendant's Initial disclosures." Defendant's Initial Disclosures, annexed hereto as Exhibit B, specifically set forth just five witnesses, one of whom was Bob Jandovitz (see Section A.3). Defendants' argument that they are being blindsided by Plaintiff's inclusion of Mr. Jandovitz is simply untrue, since Plaintiff specifically listed the witnesses set forth in Defendant's Initial disclosures.  The other witnesses set forth by Defendants were Mehandra Ramphal, Elizabeth Mendonca, Debbie Troche and Claude Lewis.

      In a letter dated March 2, 2016(annexed hereto as Exhibit C), more than two years ago, Defendants informally supplemented their witness list, and added four additional witnesses, including Adolph McBean, and gave the following proffer:

> *"Mr. McBean has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, Plaintiff's decision to bid out pursuant to the [CBA], Plaintiff's placement into the sanitation department, Plaintiff's knowledge of the CBA and its grievance procedures, certain of Plaintiff's greivances, Plaintiff's knowledge of ASR's harassment policies and procedures, how Mehandra Ramphal treated and interacted with the Plaintiff, the interaction between Mehandra Ramphal and other ASR*

*employees, and the interaction between Plaintiff and Elizabeth Mendonca, Debbie Troche and Bob Jandovitz."*

Given Defendant's proffer, it is irrefutable that Defendants' were VERY aware of Mr. McBean's importance in this litigation, and that they had more than enough information to decide whether or not to depose Mr. McBean. In any event, Mr. Hensley confirmed by email today (attached hereto as Exhibit D) that he considered that supplement to be an amendment of Defendants' May 5, 2015 Initial Disclosures, which means that Plaintiff's position that it may call anyone set forth in Defendant's disclosure includes Mr. McBean.

Plaintiff submits that both Mr. Jandovitz and Mr. McBean were repeatedly identified by Plaintiff, and to the extent that they were not individually specified it is justified by Plaintiff's initial disclosure that it intended to rely on any witnesses set forth by Defendants to prove its case.

Counsel remains available should Your Honor have any questions or concerns. Thank you.

                                        **Respectfully submitted,**
                                        **GODDARD LAW PLLC**

                                        By: */s/ Megan Goddard*
                                            **Megan Goddard, Esq.**

CC: Michael Hensley
     Gabrielle Vinci

# EXHIBIT A

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLAUDE V. LEWIS,

                 Case No. 14-cv-2302

      Plaintiff,

-against-

AMERICAN SUGAR REFINERY and
MEHANDRA RAMPHAL,

      Defendants.
-------------------------------------------------------------X

### PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES

  Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, plaintiff Claude V. Lewis, (the "Plaintiff"), by and through his undersigned attorneys Nesenoff & Miltenberg, LLP, hereby submit the following initial disclosures. These disclosures are based on information reasonably available to Plaintiff as of this date. Plaintiff reserves the right to supplement to amend these disclosures based upon subsequently filed and discovered documents and information in this case.

1. Name, of Each Individual Likely To Have Discoverable Information That Plaintiff May Use To Support Their Case in the Complaint:

 a. The witnesses set forth in Defendants' Initial Disclosures, including Defendants.
 b. Each individual set forth in the Plaintiff's Complaint.

2. Documents: Plaintiff will rely on documents in his possession relating to the allegations and affirmative defenses, communications between the parties, any and all pleadings on file, and all documents received or produced through discovery.

3. Plaintiff's Calculations of Damages:

 Plaintiff's damages are based on back pay and front pay, as he remains employed at a lower rate of pay and with less opportunity for overtime since he was retaliated against, as well as his loss of reputation and emotional pain, suffering and distress that he incurred when he became unable to support himself.

[1]


PLAINTIFF'S EXHIBIT PX-29

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
CLAUDE V. LEWIS,                : Civil Action No. 1:14-cv-02302-TPG
                                :
        Plaintiff,            : (ECF Case)
                                :
  -against-                    :
                                : **DEFENDANTS' RULE 26(a)(1)**
AMERICAN SUGAR REFINING, INC,   : **DISCLOSURES**
and MEHANDRA RAMPHAL,           :
                                :
        Defendants.           :
------------------------------------------------------X

Defendants American Sugar Refining, Inc. ("ASR") and Mehandra Ramphal ("Ramphal") hereby provide their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Reservations**

1. Defendants reserve all objections to the production of any documents or other information on any ground, including relevance and undue burden, and all applicable privileges, including the attorney-client privilege, the work product doctrine, the common interest doctrine, and any other applicable privilege or protection. These disclosures are made without waiver or admission of any kind, including prejudice to or waiver of any privileges or objections Defendants have or may have with respect to any requests for discovery.

2. Defendants make this disclosure of witnesses, documents and/or information in good faith and based upon the information now available to it. Defendants reserve the right to supplement this response, if necessary, to the extent it becomes aware of additional relevant non-privileged information during the course of discovery and ongoing investigation. These responses should be deemed amended and supplemented to include all admissible non-privileged

evidence in Defendants' answers to written discovery as well as all admissible deposition testimony and documents produced hereafter by the parties and any non-party witnesses.

A.   **Persons Likely to Have Discoverable Information**

The following individuals are likely to have discoverable information that Defendants may use to support their claims and defenses:

(1) Mehandra Ramphal

Mr. Ramphal has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, his decision to bid out pursuant to the Collective Bargaining Agreement ("CBA"), and ASR's harassment and employment policies and procedures. Pursuant to R.P.C. 4.2, any attempt to contact Mr. Ramphal must be through Defendants' counsel.

(2) Elizabeth Mendonca

Ms. Mendonca has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, his decision to bid out pursuant to the Collective Bargaining Agreement ("CBA"), ASR's harassment and employment policies and procedures, and Plaintiff's failure to ever complain of discrimination. Pursuant to R.P.C. 4.2, any attempt to contact Ms. Mendonca must be through Defendants' counsel.

(3) Bob Jandovitz

Mr. Jandovitz has knowledge regarding Plaintiff's job performance, ASR's harassment and employment policies and procedures, and Plaintiff's failure to ever complain of discrimination. Pursuant to R.P.C. 4.2, any attempt to contact Mr. Jandovitz must be through Defendants' counsel.

(4) Debbie Troche

Ms. Troche has knowledge regarding Plaintiff's job performance, ASR's harassment and employment policies and procedures, and Plaintiff's failure to ever complain of discrimination. Pursuant to R.P.C. 4.2, any attempt to contact Ms. Troche must be through Defendants' counsel.

(5) Claude Lewis

Mr. Lewis has knowledge regarding his job responsibilities, his job performance, his decision to bid out pursuant to the Collective Bargaining Agreement ("CBA"), ASR's harassment and employment policies and procedures, and his failure to ever complain of discrimination.

**B.     Documents:**

The following documents and categories of documents in Defendants' possession may be used to support Defendants' claims or defenses:

(1) Plaintiff's personnel file;

(2) CBA;

(3) Defendant ASR's harassment and employment policies and procedures;

(4) Payroll records for Plaintiff; and

(5) Incident reports for Plaintiff's various failures to perform.

**C.     Computation of Damages:**

Defendants deny Plaintiff is entitled to any damages.

**D.     Insurance Agreement:**

Not applicable.

**E.     Identity of Experts:**

Defendants have not yet determined whether they will retain an expert to testify at trial in this matter, but reserve the right to do so at a later time in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

Defendants' Initial Disclosures are made without prejudice to their right to change or supplement their responses, their right to assert privileges or objections with respect to any subsequent requests for discovery, and their right to introduce at trial additional evidence and documents as warranted by the development of the facts underlying this litigation.

BRESSLER, AMERY & ROSS, P.C.


By:   /s Michael T. Hensley
     Michael T. Hensley
     Attorneys for Defendants
     17 State Street
     New York, New York 10004
     (T) (212) 425-9300
     (F) (212) 425-9337

Dated: May 5, 2015
New York, New York

# EXHIBIT C

# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980  •  Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike  •  Suite 301  •  Florham Park, NJ 07932

973.514.1200  •  fax 973.514.1660

www.bressler.com

Michael T. Hensley  
Principal

Direct: 973-660-4473  
mhensley@bressler.com

March 2, 2016

**VIA E-MAIL & U.S. MAIL**  
Megan S. Goddard, Esq.  
Nesenoff & Miltenberg, LLP  
363 Seventh Avenue, Fifth Floor  
New York, New York 10001

Re:   **Claude Lewis v. American Sugar Refining, Inc., et al**  
       Civil Action No. 1:14-cv-02302-TPG

Dear Ms. Goddard:

As you are aware, this office represents Defendants American Sugar Refining, Inc. and Mehandra Ramphal in the above matter. Please accept this letter in lieu of a more formal supplemental answer to Interrogatory #1. In addition to Mehandra Ramphal, Elizabeth Mendonca, Bob Jandovitz, Debbie Troche and Claude Lewis, who are named in Defendants' original answers to interrogatories, please be advised that Defendants supplement their prior answer to also include the following:

(6)   Adolph McBean  
      c/o Bressler, Amery & Ross  
      17 State Street  
      New York, New York 10004

Mr. McBean has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, Plaintiff's decision to bid out pursuant to the Collective Bargaining Agreement ("CBA"), Plaintiff's placement into the Sanitation Department, Plaintiff's knowledge of the CBA and its grievance procedures, certain of Plaintiff's grievances, Plaintiff's knowledge of ASR's harassment policies and procedures, how Mehandra Ramphal treated and interacted with the Plaintiff, the interaction between Mehandra Ramphal and other ASR employees, and the interaction between Plaintiff and Elizabeth Mendonca, Debbie Troche and Bob Jandovitz.

BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

March 2, 2016
Page 2

    (7)    Ray Grossi
            c/o Bressler, Amery & Ross
            17 State Street
            New York, New York 10004

Mr. Grossi has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, Plaintiff's knowledge of the CBA and its grievance procedures, certain of Plaintiff's grievances, Plaintiff's knowledge of ASR's harassment policies and procedures, how Mehandra Ramphal treated and interacted with the Plaintiff, the interaction between Mehandra Ramphal and other ASR employees, and the interaction between Plaintiff and Elizabeth Mendonca, Debbie Troche and Bob Jandovitz.

    (8)    Bobsie Monroe
            c/o Bressler, Amery & Ross, P.C.
            17 State Street
            New York, New York 10004

Mr. Monroe has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, Plaintiff's knowledge of the CBA and its grievance procedures, certain of Plaintiff's grievances, Plaintiff's knowledge of ASR's harassment policies and procedures, how Mehandra Ramphal treated and interacted with the Plaintiff, the interaction between Mehandra Ramphal and other ASR employees, and the interaction between Plaintiff and Elizabeth Mendonca, Debbie Troche and Bob Jandovitz.

    (9)    Sean Norwood
            c/o Bressler, Amery & Ross, P.C.
            17 State Street
            New York, New York 10004

Mr. Norwood has knowledge regarding Plaintiff's job responsibilities, Plaintiff's job performance, Plaintiff's knowledge of the CBA and its grievance procedures, certain of Plaintiff's grievances, Plaintiff's knowledge of ASR's harassment policies and procedures, how Mehandra Ramphal treated and interacted with the Plaintiff, the interaction between Mehandra Ramphal and other ASR employees, and the interaction between Plaintiff and Elizabeth Mendonca, Debbie Troche and Bob Jandovitz.

BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

March 2, 2016
Page 3

In addition, by way of supplemental answer to Interrogatory #3, Defendants refer Plaintiff to their answer and supplemental answer to Interrogatory #1

If you do not notify this office in the next seven (7) days, we will assume that you will accept this letter in lieu of a more formal amendment to Defendant's answers to interrogatories. Please be guided accordingly.

Very truly yours,

Michael T. Hensley

MTH/bjt

3061079_1

# EXHIBIT D

**Megan Goddard**

| | |
|---|---|
| From: | Michael T. Hensley <MHensley@bressler.com> |
| Sent: | Monday, March 19, 2018 5:30 PM |
| To: | Megan Goddard |
| Cc: | Lauren Fenton-Valdivia; Nathaniel K. Charny; Gabrielle Vinci |
| Subject: | Re: Lewis |

We did. By answers to roggs, just like you,

Sent from my iPhone

On Mar 19, 2018, at 5:25 PM, Megan Goddard <mgoddard@nmllplaw.com> wrote:

> Lauren,
>
> Please confirm that you never amended your May 5, 2015 initial disclosures. Thank you.
>
> *Megan S. Goddard*
> **GODDARD LAW PLLC**
> <image003.png>
> 39 Broadway, Suite 1540
> New York, New York 10006
> Office. 646.504.8363
> Cell. 504-909-0792
> Fax. 212.473.8705
> Megan@goddardlawnyc.com
> www.goddardlawnyc.com
>
>
> This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender at Megan@Goddardlawnyc.com or at 646-504-8363.



Megan Goddard, Esq.
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
212.736.4500   •   212.736.2260 fax
Vcard   •   nmllplaw.com

1