**BRESSLER AMERY ROSS**

A PROFESSIONAL CORPORATION

17 State Street ▪ New York, NY 10004
212.425.9300 ▪ fax 212.425.9337
www.bressler.com

Michael T. Hensley                                                                                                Direct: 212-235-6436
Principal                                                                                                          mhensley@bressler.com

March 20, 2018

**VIA ECF**
Judge Claire R. Kelly
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

   Re: Lewis v. American Sugar Refining, Inc., et al
     Civil Action No. 14-cv-02302

Dear Judge Kelly:

  This office represents Defendants American Sugar Refining, Inc. and Mehandra Ramphal. Please allow this letter to respond to Your Honor's letter dated March 20, 2018 (Dkt. # 132) requesting correspondence between the parties that is relevant to the instant dispute relating to whether Plaintiff may call Mr. Pannicia, Mr. Jandovitz and Mr. McBean in his case in chief.

  The relevant timeline set forth below is corroborated by the referenced and attached exhibits.

  On **May 5, 2015**, Plaintiff served initial disclosures identifying the following as individuals likely to have discoverable information that Plaintiff may use to support their case and their complaint: "[t]he witnesses set forth in Defendants' Initial Disclosures, including Defendants" and "[e]ach individual set forth in Plaintiff's Complaint."

  This office then served interrogatories limited to the information proscribed in Local Rule 33.1. Interrogatory #3 requested that Plaintiff identify each person whom he may call as a fact witness at trial. Plaintiff answered these interrogatories on **July 10, 2015**, and thereby supplemented his initial disclosures. See DX-32. Plaintiff's response again was broad, reserving his right to call "all of the employees referenced in the Complaint are witnesses to relevant information, as are all employees who worked the shift that Plaintiff references in the Complaint." See DX-32.

On **August 4, 2015**, this office served a deficiency letter on Plaintiff's counsel. See Exhibit "A" attached hereto. In the third paragraph of that letter, this office objects to Plaintiff's broad response to interrogatory #3 and requested that Plaintiff actually identify the fact witnesses he intends to call at the time of trial. The purpose of this deficiency letter was to confirm precisely who Plaintiff's fact witnesses would be in his case in chief, so that this office could make a strategic decision as to whether to depose them.

On **August 27, 2015**, Plaintiff responded to the above deficiency letter and served supplemental answers to interrogatories. See Exhibit "B" attached hereto. Plaintiff removed the broad reference to potentially calling any person named in the complaint as a trial witness. Instead, Plaintiff identified with specificity nine (9) individuals he may call in his case in chief: Luciuos Green, Bobsy Monroe, Fred Gaffney, Rosanna Mayo-Coleman, Darius Schullere, Dante (last name unknown), Elizabeth Mendonca, Debbie Troche and Joseph Fornabio. Plaintiff did not identify Mr. Pannicia, Mr. Jandovitz or Mr. McBean as trial witnesses.

Based on this list of potential trial witnesses, Defendants sought to depose Rosanna Mayo-Coleman. Plaintiff's counsel then confirmed that she would not be calling Ms. Mayo-Coleman at the time of trial. However, this office wanted this agreement reduced to writing because it was critically important to have a record as to the potential witnesses Plaintiff could call in his case in chief. On **March 2, 2016**, this office demanded that Plaintiff actually supplement his answers to interrogatories again, so that it was crystal clear that Ms. Mayo-Coleman would not be a witness. See Exhibit "C" attached hereto.

On **March 4, 2016**, Plaintiff's counsel confirmed in an e-mail that Plaintiff would not be calling Ms. Mayo-Coleman at the time of trial. See DX-34. Nevertheless, this office demanded that Plaintiff actually serve supplemental answers to interrogatories to remove Ms. Mayo-Coleman as a trial witness.

Plaintiff complied and served supplemental answers to interrogatories on **March 14, 2016**. See DX-33. Of course, these supplemental answers to interrogatories supersede Plaintiff's original answers to interrogatories, prior supplemental answers, and Plaintiff's initial disclosures. Notably, the broad reference to potentially calling any person named in the complaint as a trial witness was still removed. Plaintiff simply withdrew Ms. Mayo-Coleman as a witnesses, and now only identified eight (8) individuals he may call in his case in chief: Luciuos Green, Bobsy Monroe, Fred Gaffney, Darius Schullere, Dante (last name unknown), Elizabeth Mendonca, Debbie Troche and Joseph Fornabio. Plaintiff again did not identify Mr. Pannicia, Mr. Jandovitz or Mr. McBean as trial witnesses.

By virtue of this supplemental disclosure, Plaintiff promised to only call those above eight (8) individuals in his case in chief at trial. Defendants did not depose Mr. Pannicia, Mr. McBean or Mr. Jandovitz because we relied upon Plaintiff's sworn representation that he would not be calling them in his case in chief as noted above.

Plaintiff has not thereafter made another supplemental response identifying Mr. Pannicia, Mr. McBean or Mr. Jandovitz as witnesses he will call at the time of trial. The first time that Plaintiff apprised this office that he may call Mr. Pannicia, Mr. McBean or Mr. Jandovitz at the

time of trial was well after discovery closed, after the parties extensively briefed summary judgment, and while the parties were negotiating the pretrial order.

Therefore, coupled with the reasons expressed in Defendants' motion *in limine*, those reasons set forth at oral argument on March 19, 2018, and for those reasons expressed in this office's March 20, 2018 letter, Defendant's motion *in limine* should respectfully be granted barring Plaintiff from calling Mr. Pannicia, Mr. McBean or Mr. Jandovitz in his case in chief.

Respectfully submitted,

*/s/ Michael T. Hensley*

Michael T. Hensley

MTH/bjt
cc:   Nathaniel K. Charny, Esq. (via ECF only)
      Megan S. Goddard (via ECF only)
      Gabrielle Vinci (via ECF only)

4678383-1