# EXHIBIT A

# BRESSLER, AMERY & ROSS

### A PROFESSIONAL CORPORATION

17 State Street  ▪  New York, NY 10004
212.425.9300  ▪  fax 212.425.9337
www.bressler.com

Michael T. Hensley
Member

Direct:  973-660-4473
mhensley@bressler.com

August 4, 2015

**VIA E-MAIL & U.S. MAIL**
Megan S. Goddard, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001

> Re:   **Claude Lewis v. American Sugar Refining, Inc., et al**
>       **Civil Action No. 1:14-cv-02302-TPG**

Dear Ms. Goddard:

As you are aware, this office represents Defendants American Sugar Refining, Inc. and Mehandra Ramphal in the above matter.  Please allow this letter to memorialize certain deficiencies in Plaintiff Claude Lewis' written discovery responses.

Specifically, Interrogatory #1 requests that Mr. Lewis identify the name of any person with knowledge or information relevant to the subject matter of this action, and for each such person, set forth the specific knowledge or information relative to the subject matter of this action.  This is a standard interrogatory set forth in the Local Rules.  Plaintiff's response is deficient in that Plaintiff generically refers to employees referenced in the Complaint.  This interrogatory requires you to identify each and every person with knowledge by name and set forth "specific knowledge or information that they possess relevant to the subject matter of this action."  Please provide a complete response, listing the names of responsive people and identifying their purported knowledge.

Similarly, Interrogatory #3 requires that you identify each person whom you may call as a fact witness at the time of trial.  Plaintiff simply answers by referring this office to all of the employees referenced in the Complaint.  If Plaintiff intends to call as a fact witness every employee referenced in the Complaint, then Plaintiff is required to set forth and list each and every such person as an answer to this interrogatory, accompanied with the expected subject matter of their testimony for each witness.  Please provide a complete answer.

In addition, for each request for the production of documents, Plaintiff responded "all relevant documents, if any, are annexed hereto."  However, this response, given the general objections that Plaintiff expresses earlier in his pleading, do not confirm whether or not any

2720589_1

BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

August 4, 2015
Page 2

documents are being withheld for any reason.  Please confirm that no documents are being withheld based on privilege or any other reason, and if so, kindly provide the required privilege log.

Please accept this letter as part of the meet and confer process to cure the above deficiencies in Plaintiff's written discovery responses.  Kindly amend your responses to cure these deficiencies within the next (14) fourteen days.  Please also advise as to Plaintiff and your availability for his deposition in August and September 2015.  Lets obtain a firm date for our calendars.

I thank you in advance for your cooperation.  Please do not hesitate to contact me should you have any questions.

Very truly yours,

Michael T. Hensley

MTH/bjt

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CLAUDE LEWIS,

                          Plaintiff,

       -against-

AMERICAN SUGAR REFINERY and
MEHANDRA RAMPHAL,

                         Defendants.
-------------------------------------------------------------X

Case No. 14-cv-2302

**PLAINTIFF'S  SUPPLEMENTAL
RESPONSE TO DEFENDANTS'
FIRST  SET  OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Claude Lewis ("Plaintiff"), by and through his attorneys Nesenoff & Miltenberg, LLP, hereby supplements his response and objects to the Defendants' First Set of Interrogatories (the "Interrogatories") as follows:

Plaintiff makes the following General Objections to the Interrogatories.  Each of Plaintiff's specific responses are made subject to and without waiving any of these General Objections, which are incorporated by reference into each of Plaintiff's responses to each Interrogatory regardless of whether they are specifically re-stated and/or referenced therein.  The assertion of same, similar or additional objections on Plaintiff's responses to the Interrogatories or the failure to assert any additional objections is not intended as a waiver any of Plaintiff's General Objections as set forth herein.

## GENERAL OBJECTIONS

The following General Objections apply to the Interrogatories as a whole, and each of the Responses herein is made subject to them:

1.      Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney-client, attorney work product or any other applicable privilege. Plaintiff further objects to the Interrogatories insofar as they seek to elicit the disclosure of material prepared in anticipation of litigation as proscribed by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, oppressive, harassing, will require an undue burden or expense to respond to, and/or seek information neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to the Interrogatories to the extent they seek opinions or contentions relating to facts, or the application of law to fact, as premature at this stage of discovery and reserve their right to supplement at any time their responses to these Interrogatories.

4.      Plaintiff objects to the Interrogatories to the extent that they exceed the scope of permissible discovery and they seek to impose on Plaintiff a burden greater than that imposed by the Federal Rules of Civil Procedure and/or any other applicable law.

5.      Plaintiff objects to the Interrogatories to the extent they seek information from Plaintiff regarding matters as to which Plaintiff has no information and insofar as they seek information outside the scope of Plaintiff's possession, custody or control.

6.      Plaintiff objects to these Interrogatories to the extent they seek information ascertainable from Plaintiff's document production, copies of which have been or are being made

2

available to Defendants' counsel in this action, or in the Prior Action as defined in Plaintiff's Response to Defendants' First Request for the Production of Documents.

7.     Plaintiff's responses to the Interrogatories are based upon diligent investigations by Plaintiff's and his counsel, but reflect only the present state of their investigation and research into the factual and legal issues relating to this action.  Plaintiff's responses, therefore, are not intended to be, nor shall be deemed to be, a representation that no other facts or contentions other than those specified in the responses exist.  Plaintiff reserves the right to amend or supplement these responses at any time in light of further investigations, research or analysis, to the extent permitted or required by law.

8.     All specific responses to the Interrogatories are provided without waiver, and with express reservation of: (a) all objections as to competency, relevancy, materiality and admissibility of the responses and the subject matter thereof as evidence in any further proceedings in this action, including trial, or in any other action; (b) the right to object on any ground at any time to a demand or request for further response to these or any other discovery requests; and (c) the right to move for a protective order to protect the confidentiality of any information disclosed or for any other purpose provided by law.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1

State the name, address and phone number of any person with knowledge or information relevant to the subject matter of this action, and, for each such person, set forth the specific knowledge or information relevant to the subject matter of this action.

**RESPONSE: <u>Luciuos Green</u>.  Plaintiff is not in possession of Mr. Green's home address, but believes his cell phone number to be (914) 406-0784. Mr. Green witnessed several of the**

3

interactions alleged in the complaint and will be called to testify about same. Specifically, he witnessed several interactions between Plaintiff and Defendant Ramphal.

Bobsy Monroe, Plaintiff is not in possession of Mr. Monroe's home address, but believes his cell phone number to be (917) 699-5961. Mr. Monroe witnessed several of the interactions alleged in the complaint and will be called to testify about same. Specifically, he witnessed several interactions between Plaintiff and Defendant Ramphal. Upon information and belief, Mr. Monroe will also testify about his own allegations of discrimination at Defendant.

Fred Gaffney, Plaintiff is not in possession of Mr. Gafney's home address, but believes his cell phone number to be (201) 294-8706. Mr. Gafney witnessed several of the interactions alleged in the complaint and will be called to testify about same. Specifically, he witnessed several interactions between Plaintiff and Defendant Ramphal.

Rosanna Mayo-Coleman, Plaintiff is not in possession of Ms. Mayo-Coleman's home address, but believes her cell phone number to be (347) 583-0920. Ms. Mayo-Coleman witnessed several of the interactions alleged in the complaint and will be called to testify about same. Specifically, she witnessed several interactions between Plaintiff and Defendant Ramphal. Upon information and belief, Ms. Mayo-Coleman will also testify about her own allegations of discrimination at Defendant.

Darius Schullere, 560 Warburton Avenue, Yonkers, New York, (914) 269-7018. Mr. Schullere is a confidant and friend of Plaintiff, who will testify as to the impact that the discrimination had on Plaintiff.

Dante (last name unknown), Plaintiff is not in possession of Dante's contact information. Dante will testify about the overtime issues alleged in the Complaint.

Elizabeth Mendonca, Ms. Mendonca may be contacted via Defendants. Ms. Mendonca witnessed several of the interactions alleged in the complaint and will be called to testify about same.

Debbie Troche, Ms. Troche may be contacted via Defendants. Ms. Troche witnessed several of the interactions alleged in the complaint and will be called to testify about same.

Joseph Fornabio, Mr. Fornabio may be contacted via Defendants. Mr. Fornabio witnessed several of the interactions alleged in the complaint and will be called to testify about same.

## INTERROGATORY NO. 2

Identify each expert witness that you have consulted or engaged in this matter, or that you expect to call at trial and identify the issues which each witness' testimony will relate and the evidence about which such witnesses will testify; and as to each expert so identified,

4

state his or her qualifications, lawsuits in which expert testimony was previously given, the subject matter on which he or she is expected to testify, the evidence to be relied upon in giving such opinion, and the grounds for each opinion.

**RESPONSE: Plaintiff has yet to identify an expert witness.**

**INTERROGATORY NO. 3**

Identify each person whom you may call as a fact witness on Defendants' behalf in this proceeding, and state, for each such witness, the expected subject matter on which each witness is expected to testify.

**RESPONSE: RESPONSE: Plaintiff refers Defendants to the response of Interrogatory No. 1 and 2 above.**

**INTERROGATORY NO. 4**

Identify each and every Person who supplied information in preparation of the answers to these Interrogatories, and indicate the specific interrogatories to which each person contributed all or part of the information comprising the answer.

**RESPONSE: Claude Lewis.**

**PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT HIS RESPONSE TO THESE INTERROGATORIES.**

Dated: New York, New York
      August 27, 2015

NESENOFF & MILTENBERG LLP
*Attorneys for Plaintiff*

By: _Megan Sul_

Megan S. Goddard, Esq.
363 Seventh Avenue - Fifth Floor
New York, New York 10001
212.736.4500

TO:    Michael T. Hensley, Esq.
       BRESSLER, AMERY & ROSS, P.C.
       *Attorneys for Defendants*
       17 State Street

New York, New York 10004
(T) (212) 425-9300
(F) (212) 425-9337

# EXHIBIT C

# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

17 State Street   •   New York, NY 10004
212.425.9300   •   fax 212.425.9337
www.bressler.com

Michael T. Hensley
Principal

Direct: 973-660-4473
mhensley@bressler.com

March 2, 2016

**VIA E-MAIL & U.S. MAIL**
Megan S. Goddard, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001

Re:   **Claude Lewis v. American Sugar Refining, Inc., et al**
       **Civil Action No. 1:14-cv-02302-TPG**

Dear Ms. Goddard:

As you are aware, this office represents Defendants American Sugar Refining, Inc. and Mehandra Ramphal in the above matter.  I am following up on our previous correspondence on various issues.  First, kindly amend Plaintiff's answers to interrogatories to reflect that Plaintiff will not be calling Rosanna Coleman at the time of trial for any reason whatsoever.  Second, with reference to Plaintiff's document production, please confirm in writing that no documents are being withheld based on privilege or any other reason, and if so, kindly provide the required privilege log.  Third, please confirm that you will not be seeking the deposition of any person not already noticed.  If you do intend to depose anyone additional, we need to discuss scheduling prior to the Status Conference. Fourth, please be advised that given your new claims for emotional distress, I will be noticing Plaintiff for an independent medical exam once I receive his medical records.  I do not have his records yet, but will be requesting 60 days from receipt of same to complete the exam.  Please advise if you have any objection.

I ask that you respond prior to the March 7, 2016 Status Conference.  I thank you in advance for your cooperation.  Please do not hesitate to contact me if you have any questions.

Very truly yours,

Michael T. Hensley

MTH/bjt

3061042_1

New Jersey   •   New York   •   Florida