

Ira S. Nesenoff
Andrew T. Miltenberg

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Robert D. Werth
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

March 21, 2018

**VIA ECF**
Hon. Judge Claire R. Kelly
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278

**Re: Claude Lewis v. American Sugar Refining, Inc. et. al.**
**Index No. 14-cv-2302**

Dear Judge Kelly:

Please be advised, the undersigned is counsel to Plaintiff Claude Lewis ("Plaintiff") in the above-captioned matter. The undersigned respectfully submits this brief reply to Defendants' March 20, 2018 letter regarding Plaintiff's supplemental arguments in opposition to Defendants' motion in limine to preclude Plaintiff from calling Robert Jandovitz and/or Adolph McBean at trial in Plaintiff's case-in-chief.

Preliminarily, Plaintiff apologizes for the delay in filing the within reply. Due to the snowstorm, the undersigned's morning commute was more difficult than expected and therefore, was unable to perfect and file this short reply before the noted 12:00 deadline. Plaintiff asks the court's indulgence in this matter and respectfully requests the court to consider the within response in consideration of its decision on Defendants' pending motion in limine.

In Defendants' responsive letter, Defendants' counsel makes improper and misleading representations to the court in an effort to undermine Plaintiff's arguments. Specifically, Defendants repeatedly refer to Plaintiff's "promises and representations" not to call Mr. Jandovitz or Mr. McBean at trial. As stated at length during oral argument, ***Plaintiff never made any promise or representation not to call or rely on Mr. Jandovitz and Mr. McBean at trial***. Indeed, to the contrary, as demonstrated through previously submitted email correspondence, there was ample discussion regarding Plaintiff's desire to depose Mr. Jandovitz during discovery and, although Mr. Jandovitz was not ultimately deposed, at no point did Plaintiff affirmatively

ATTORNEYS AT LAW

represent that he would not call Mr. Jandovitz at trial. Indeed, as the documents submitted by Defendants themselves show, the *only* witness Plaintiff ever affirmatively warranted not to call at trial was Rosanna Mayo-Coleman.

Moreover, Defendants focus almost exclusively on Plaintiff's representation that he would rely on anyone referenced in the Complaint, and ignore that fact that Plaintiff *also* included all individuals listed in Defendants' disclosures as people he may similarly rely on at trial. Perhaps this is because Defendants never raised any issue with or objection to Plaintiff's inclusion of the individuals mentioned in Defendants' initial disclosures, thereby waiving any objection to it at this late time. As the documentary evidence previously submitted demonstrates, such individuals include both Robert Jandovitz and, albeit added later, Adolph McBean. Accordingly, Plaintiff included both Mr. Jandovitz and Mr. McBean by reference in his Initial Disclosures. Defendants appear to circumvent this fact by arguing that Plaintiff's response to Defendants' interrogatories superseded his initial disclosures. However, a party's Rule 26 automatic disclosures do not become obsolete after a party serves responses to a separate and independent discovery demand. Plaintiff's response to Defendants' interrogatories do not replace his automatic disclosures, they merely enhance and add to them. Accordingly, Defendants were on notice that Plaintiff intended to rely on both Mr. Jandovitz and Mr. McBean at trial.

Counsel remains available should Your Honor have any questions or concerns. Counsel thanks Your Honor for your time and consideration.

**Respectfully submitted,**
**NESENOFF & MILTENBERG LLP**

**By: /S/ Megan S. Goddard**
**Megan S. Goddard, Esq.**

CC: All Counsel (Via ECF)