**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CLAUDE V. LEWIS, | |
| Plaintiff, | Civil Action No. 1:14-cv-02302(CRK(KNF) |
| v. | (ECF Case) |
| AMERICAN SUGAR REFINING, INC. and MEHANDRA RAMPHAL, | Oral Argument Requested |
| Defendants. | |

---

**DEFENDANTS' AMERICAN SUGAR REFINING, INC. AND MEHANDRA
RAMPHAL'S MOTION TO BIFURCATE PUNITIVE DAMAGES FROM THE
LIABILITY AND COMPENSATORY DAMAGES PORTION OF THE TRIAL**

---

BRESSLER, AMERY & ROSS
A Professional Corporation
17 State Street, 34th Floor
New York, New York 10004
Attorneys for Defendants
American Sugar Refining, Inc.
and Mehandra Ramphal

On the Brief:
Michael T. Hensley, Esq.
Lauren Fenton-Valdivia, Esq.

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT ...........................................................................................................1

    POINT I .........................................................................................................................1

        THE COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE
        THE TRIAL SUCH THAT PUNITIVE DAMAGES ARE ONLY TRIED
        AFTER A LIABILITY AND COMPENSATORY DAMAGES VERDICT.
        .......................................................................................................................1

    POINT II .......................................................................................................................4

        AS A RESULT OF THE COURT'S BIFURCATING LIABILITY AND
        DAMAGES, PLAINTIFF SHOULD BE PRECLUDED FROM
        PRESENTING ANY EVIDENCE TO THE JURY REGARDING
        DEFENDANT ASR'S FINANCIAL INFORMATION.......................................................4

CONCLUSION....................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amato v City of Saratoga Springs*,
    170 F.3d 311 (2d Cir. 1999)................................................................................2

*Brink's Inc. v. City of New York*,
    717 F.2d 700 (2d Cir. 1983)................................................................................2

*Burke v. Deere & Co.*,
    6 F.3d 497 (8th Cir. 1993) ..................................................................................4

*Dollman v Mast Indus.*,
    2011 US Dist. LEXIS 99802 (S.D.N.Y. Sep. 6, 2011)........................................2

*Koufakis v. Carvel*,
    425 F.2d 892 (2d Cir. 1970)................................................................................4

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
    No. 02-cv-9144, 2006 U.S. Dist. LEXIS 19686 (S.D.N.Y. Apr. 13, 2006) ............5

*Rupert v. Sellers*,
    48 A.D.2d 265, 368 N.Y.S.2d 904 (App. Div. 4th Dep't 1975)................................2

*Smith v. Lightning Bolt Prods., Inc.*,
    861 F.2d 363 (2d Cir. 1988)................................................................................5

*TVT Records v. Island Def Jam Music Grp.*,
    257 F. Supp. 2d 737 (S.D.N.Y. 2003)................................................................2

*Tyco Int'l Ltd. v. Walsh*,
    No. 02-cv-4633, 2010 U.S. Dist. LEXIS 79019 (S.D.N.Y. July 30, 2010)................4

*In re WorldCom, Inc. Sec. Litig.*,
    No. 02-cv-3288, 2005 U.S. Dist. LEXIS 3144 (S.D.N.Y. Mar. 3, 2005)..................5

**Other Authorities**

Federal Rule of Civil Procedure 42(b)......................................................................1, 2

Federal Rule of Evidence Rule 402 ..........................................................................4

Federal Rule of Evidence Rule 403 ..........................................................................4

## PRELIMINARY STATEMENT

At the direction of the Court at the final pre-trial conference, Defendants American Sugar Refining, Inc. ("ASR") and Mehandra Ramphal (collectively "Defendants") submit this Memorandum of Law in support of their motion to bifurcate punitive damages from the liability and compensatory damages portion of the trial and to preclude Plaintiff from presenting to the jury any evidence or argument concerning ASR's financial information (i.e. its size, net worth, revenue, profitability, or other aspects of its financial condition). Such evidence will infect this jury with irrelevant evidence that will cause severe and unfair prejudice making a fair trial impossible.

Plaintiff has not proffered any reason as to why this Court should deviate from the general rule of bifurcation. Rather, this Court should follow the "preferred method" in this Circuit and exercise its discretion under Fed. R. Civ. P. 42(b) to prevent the very real prejudice that will result from the jury hearing testimony on ASR's financial information during the liability and compensatory damages phase of the trial. ASR's financial information has no bearing on ASR's liability or the amount of any compensatory damages. The only reason to introduce such evidence would be to improperly signal to the jury, as was done in the *Coleman* litigation, that ASR, a large and profitable company, can afford to and should bear some liability in this matter. As the failure to bifurcate punitive damages in the *Coleman* litigation clearly permeated the jury's decision and resulted in a $13.4M verdict (including the grossly excessive $1.7M in emotional distress damages alone), Defendants have presented a compelling reason for the Court to bifurcate in this matter.

## LEGAL ARGUMENT

### POINT I

**THE COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE THE TRIAL SUCH THAT PUNITIVE DAMAGES ARE ONLY TRIED AFTER A LIABILITY AND COMPENSATORY DAMAGES VERDICT.**

Defendants submit that bifurcation is necessary in this case to ensure that ASR's financial status does not unduly influence the jury's determination on liability and compensatory damages.

1

Under Fed. R. Civ. P. 42(b), the Court enjoys the discretion to bifurcate liability and damages to, among other things, "avoid prejudice."  Courts have recognized that bifurcation under Fed. R. Civ. P. 42(b) "may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue." *Amato v City of Saratoga Springs*, 170 F3d 311, 316 (2d Cir. 1999).  While bifurcation of liability and damages is generally the exception to the rule, where punitive damages are involved, "[t]he preferred method of determining punitive damages at trial is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all." *Dollman v Mast Indus.*, 2011 US Dist. LEXIS 99802, at *7 (S.D.N.Y. Sep. 6, 2011)(internal quotations omitted).

Moreover, "[i]t is undisputed that New York courts and courts of this Circuit have expressed a preference to bifurcate determinations of the availability and the amount of punitive damages so that financial information relevant to the latter issue does not unduly influence the former determination." *TVT Records v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 746-47 (S.D.N.Y. 2003), *citing Brink's Inc. v. City of New York,* 717 F.2d 700, 707 (2d Cir. 1983); *See also Rupert v. Sellers,* 48 A.D.2d 265, 368 N.Y.S.2d 904, 912 (App. Div. 4th Dep't 1975). The reason for such rationale is clear – Courts recognize that financial information of a large corporation has the ability to potentially influence and compromise the jury's determination on liability.  *See Brinks*, 717 F.2d at 707 ("permitting unlimited examination before trial of a defendant as to his wealth "could have unfortunate results" in terms of exerting pressure to compromise…as a 'procedural principle,' evidence of a defendant's wealth cannot be brought out at trial unless and until the jury has brought in a special verdict that the plaintiff is entitled to punitive damages").

Here, the necessity for bifurcation has been made all the more clear by the verdict in the *Coleman* matter.  During the course of the *Coleman* trial, Plaintiff's counsel questioned ASR's

witnesses regarding ASR's financial information, its annual sales and its status as one of the world's largest sugar suppliers.  *See* Trial Transcript attached as Exhibit A to the Certification of Michael T. Hensley ("Hensley Cert.") at 477:12 – 478:8("ASR annual sales were in the billions of dollars, is that right?"); 749:5-7 ("What did American Sugar do with all of their power, all of their billions of dollars of resources at their fingertips?").  As a result, the jury thereafter found liability on the part of ASR, entering a compensatory award of $1.7M based on "garden variety" emotional distress alone and a punitive damages award of $11.7M.  It is not a leap of logic to infer that evidence of ASR's financial information played a part in the jury awarding $1.7M for an emotional distress claim alone.

The potential for prejudice is only further heightened by the publicity currently resulting from the *Coleman* litigation.  The jury's verdict, and specifically the amount of the jury award, has been prolifically publicized.  *See* Representative Example of the News Coverage of the *Coleman* Verdict attached as Exhibit B to the Hensley Cert.   Indeed, Plaintiff's counsel, Gabrielle Vinci, retweeted the official Time's Up Twitter Account's (which Twitter account has approximately 68,000 followers) announcement of the verdict.  *See* Plaintiff's Counsel's Retweet attached to the Hensley Cert. as Exhibit C.  It will already be difficult for Defendants to have a fair trial in this case due to the publicity of the *Coleman* verdict.  Should a juror fail to follow the Court's instructions on non-research and search for either ASR or Plaintiff's counsel, that juror would be one Google search away from learning that ASR had just this month been found liable in another litigation and that the jury awarded a $13.4M verdict (including $11.7M in punitive damages).

That publicity, combined with Plaintiff's counsel's prior questioning in *Coleman* and the inherent unfairness that results from referencing a defendant's financial information prior to a finding of liability clearly warrants bifurcation in this case.  The sole factor that weighs in favor of non-bifurcation is efficiency, but that factor undoubtedly is outweighed by the very real prejudice that Defendants will face by introduction of the referenced evidence.  That efficiency

factor is further minimized when the Court considers that the punitive damages phase would take less than one day to complete.  Moreover, that factor is always a consideration in bifurcating trials, but this Circuit nevertheless has espoused bifurcation as the "preferred method" because one extra day of trial is a very small price to pay for ensuring a fair and impartial trial.  Lastly, the risk of this extra day of trial is not even guaranteed.  That risk assumes that Plaintiff survives a directed verdict application, and if so, secures a liability verdict and also proves entitlement to a punitive damage award.

Simply put, bifurcation of punitive damages in this matter is essential to ensure a fair and impartial trial for the Defendants.  Plaintiff is unable to demonstrate any rationale such that the court should deviate from the preferred method of bifurcating punitive damages, and Defendants submit any argument in opposition to bifurcation should be seen for what it is – a transparent attempt to influence the jury's determination on liability through introduction of ASR's financials.

## POINT II

### AS A RESULT OF THE COURT'S BIFURCATING LIABILITY AND DAMAGES, PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE TO THE JURY REGARDING DEFENDANT ASR'S FINANCIAL INFORMATION

Prior to a potential finding that punitive damages are applicable to ASR, any evidence of ASR's financial information should be precluded.  Evidence of a defendant's wealth or income is "totally irrelevant to the issue of compensatory damages" and is therefore inadmissible under Rule 402. *Burke v. Deere & Co*., 6 F.3d 497, 513 (8th Cir. 1993); *see Tyco Int'l Ltd. v. Walsh*, No. 02-cv-4633, 2010 U.S. Dist. LEXIS 79019, at *2 (S.D.N.Y. July 30, 2010) (denying discovery into defendant's finances and holding that "[a] defendant's net worth is only relevant if there is a finding that punitive damages should be awarded").

Such evidence is also inadmissible under Rule 403.  It is unduly prejudicial because it "can be taken as suggesting that the defendant should respond in damages because he is rich." *Reilly*, 181 F.3d at 266 (internal quotation marks omitted); *see Koufakis v. Carvel*, 425 F.2d 892, 902 (2d

4

Cir. 1970) (granting new trial in part because plaintiff's counsel referred to defendant's wealth, net worth, and financial holdings); *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373–74 (2d Cir. 1988) (noting that it is "prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages").  Courts routinely exclude in *limine* evidence of a defendant's wealth and finances where as to issues of pure liability. *See, e.g.*, *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02-cv-9144, 2006 U.S. Dist. LEXIS 19686, at *21 (S.D.N.Y. Apr. 13, 2006) (barring argument and examination about defendant's CEO's wealth as "clearly irrelevant" and "unfairly prejudicial"); *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-3288, 2005 U.S. Dist. LEXIS 3144, at *2 (S.D.N.Y. Mar. 3, 2005) (barring all references to defendant's "net worth, financial situation, any entity that he owns, and his family's wealth").

Here, as set forth more fully above in Point I *infra*, it is clear that ASR's financial information is wholly irrelevant to the determination of liability.  Moreover, even if such evidence had any probative value on the issue of liability (which Defendants submit it does not), such probative value would be heavily outweighed by the extraordinary prejudicial effect.  As such, Plaintiff should be entirely precluded from referencing ASR's financial information during the liability and compensatory damages portion of the trial.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Court bifurcate punitive damages from the liability and compensatory damages portion of the trial and preclude Plaintiff from making any reference to ASR's financial information during the liability and compensatory damages phase of the trial.

March 22, 2018                                    */s/ Michael T. Hensley, Esq*        

Michael T. Hensley, Esq.
BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York 10004
212.425.9300
mhensley@bressler.com
Attorneys for Defendants
American Sugar Refining, Inc.
and Mehandra Ramphal

6