

| Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | Tara J. Davis | Megan S. Goddard |
| | Diana R. Warshow | *Counsel* |
| | Gabrielle M. Vinci | Rebecca C. Nunberg |
| | Robert D. Werth | *Counsel* |
| | Jeffrey S. Berkowitz | Marybeth Sydor |
| | Kara L. Gorycki | *Title IX Consultant* |

March 22, 2018

**VIA ECF**
Hon. Judge Claire R. Kelly
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

      Re:    **Claude Lewis v. American Sugar Refining, Inc., et. al.**
              **Civil Action No.: 14-cv-02302**

Dear Your Honor:

      Please be advised, the undersigned is counsel to Plaintiff Claude Lewis ("Plaintiff") in the above-captioned matter. I write pursuant to Your Honor's March 19, 2018 Correspondence requesting clarification on how Plaintiff intends to authenticate certain exhibits at trial.

      Specifically, Defendants allege that certain exhibits – PX-1, PX-2, PX-3, PX-4, PX-5, PX-7, PX-21, and PX-22 (hereinafter the "Contested Exhibits")[1] - cannot be authenticated at trial because, according to Defendants, they were never received by Defendant ASR. In so doing, Defendants improperly place an additional burden on Plaintiff to not only be a person with knowledge of the document itself, but also a person with knowledge of what happened to the

---

[1] As discussed at the May 19, 2018 Pre-Trial Conference and pursuant to the Court's request, Plaintiff only addresses Defendants' authentication objection to the Contested Exhibits. Plaintiff notes that Defendants make additional objections to the Contested Exhibits but does not proffer a response to them herein. Should the Court request, Plaintiff is more than willing to make a proffer of how he anticipates responding to Defendants' other objections to the Contested Exhibits.



document after it left his control. As Plaintiff will testify as to what the Contested Exhibits are, which is all that is required to authenticate that at trial, Defendants' objections to them on authenticity grounds must be overruled.

Under Rule 901(a), "documents must be properly authenticated as a condition precedent to their admissibility." Fed.R.Evid. 901(a). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." United States v. Siddiqui, 235 F.3d 1318, 1322 (11th Cir. 2000). "To authenticate a document, Rule 901 only requires a proponent to present sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be. … After meeting the *prima facie* burden, the evidence may be admitted..." United States v. Lebowitz, 676 F.3d 1000, 1009 (11th Cir. 2012) (citations and internal quotation marks omitted); see also, United States v. Lanzon, 639 F.3d 1293, 1301 (11th Cir. 2011) (similar).

Where an objection is raised to the admissibility of evidence on authenticity grounds, the trial court's inquiry is whether the proponent of the evidence has shown authentication "by evidence sufficient to support a finding that the matter in question is what its proponent claims." United States v. Siddiqui, 235 F.3d at 1322. If so, the objection must be overruled.

Plaintiff offers the Contested Exhibits as contemporaneous support of his position that he made great efforts to repeatedly inform the Defendants about discrimination, both verbally and via formal written "grievances", but that Defendant ASR refused to accept said grievances and instead demanded that Plaintiff have a meeting with the Supervisor of whom he complained. As a witness with personal knowledge as to each of the Contested Exhibits, Plaintiff is prepared to, and in fact

will, testify that he recognizes each of the Contested Exhibits, prepared each Contested Exhibit on the dates noted on them, that each Contested Exhibit represents his own grievance or complaint regarding his treatment while employed at Defendant ASR, that he took additional steps to submit them, and maintained copies of each Contested Exhibit for his records. Accordingly, Plaintiff intends and will authenticate what each of the Contested Exhibits are through Plaintiff's direct testimony and Defendants' objections must be overruled.

Moreover, contrary to Defendants' position, whether or not Defendant ASR received any of the Contested Exhibits is irrelevant to the issue of whether or not they can be authenticated. Indeed, Defendants receipt of the Contested Exhibits goes towards the exhibits relevance, not authenticity. Defendants are free to present evidence, if any may exist, that Defendant ASR never received the Contested Exhibits. However, this issue is one involving credibility – whether it is more believable than not that Defendant ASR received the Contested Exhibits and was therefore on notice of Plaintiff's complaints – which may not properly be decided by anyone other than the jury.

Counsel remains available should Your Honor have any questions or concerns. Thank you.

**Respectfully submitted,**
**NESENOFF & MILTENBERG LLP**

**By: /s/ Megan Goddard**
**Megan Goddard, Esq.**

**CC: All counsel (VIA ECF)**