**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CLAUDE N. LEWIS,**

        **Plaintiff,**

   **v.**

**AMERICAN SUGAR REFINING, INC. and**
**MEHANDRA RAMPHAL,**

        **Defendants.**

**Index No. 14-cv-02302 (CRK)**
**ECF Case**

---

## PRETRIAL ORDER

The court held a pretrial conference in this action on Monday, March 19, 2018, during which the court discussed with counsel their objections to the trial exhibits and opposing counsel's responses to those objections.  See Proposed Joint Pretrial Order at 23–36, Nov. 7, 2017, ECF No. 94; Supplemental Responses to Proposed Joint Pretrial Order, Jan. 29, 2018, ECF No. 114.

For one set of objections, the court directed the Plaintiff to explain how it planned to authenticate exhibits PX-1, PX-2, PX-3, PX-4, PX-5, PX-7, PX-21, and PX-22 ("the Contested Exhibits"), which are all documents which Plaintiff claims are Plaintiff's grievances sent to, and received by, the Defendant American Sugar Refining, Inc. ("ASR").  See Court's Letter, Mar. 19, 2018, ECF No. 130; Pl.'s Letter, Mar. 22, 2018, ECF No. 138 ("Pl.'s Letter"); Defs.' Letter, Mar. 22, 2018, ECF No. 139 ("Defs.' Letter").  Defendants challenge the authentication of these documents on the grounds that Defendants have no record of receiving them prior to discovery in this action.  Defs.' Letter at 1.  Pursuant to Rule 901 of the Federal Rules of Evidence, "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

FED. R. EVID. 901.  The contested exhibits are grievances purportedly prepared by the Plaintiff complaining of the treatment he received at work.  In this context, a grievance is more than memorialization of a complaint; it is a memorialization of a complaint that is presented to the company.  See JX-7 (2011 Collective Bargaining Agreement) at ASR 000018–20 (Article 9, "Grievance Procedure," providing that "[a]ll grievances relating to the application or interpretation of [the Collective Bargaining] Agreement must be presented to [ASR] within ten (10) days after being brought to the union's attention"; "[i]t is the agreed policy of [ASR] and the Union to settle promptly all such grievances in an amicable manner. . ."); JX-8 (2005 Collective Bargaining Agreement) at P00020–21 (Article 9, same); see also Grievance, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/grievance (last visited Mar. 25, 2018) (Grievance: 3: "the formal expression of a grievance: complaint.").  Therefore, Plaintiff must offer evidence sufficient to show that these complaints were sent to the Defendant in a manner reasonably designed to be received by the Defendant.

Plaintiff states that, in order to authenticate the contested exhibits, Plaintiff will testify "that each Contested Exhibit represents his own grievance or complaint regarding his treatment while employed at Defendant ASR, that he took additional steps to submit them, and maintained copies of each Contested Exhibit for his records."  Pl.'s Letter at 3.  Defendant has pointed to deposition testimony indicating that Plaintiff will not be able to provide sufficient evidence to demonstrate that these exhibits were sent to Defendants, let alone received.  Defs.' Letter at 1–2.  Plaintiff states that "whether or not Defendant ASR received any of the Contested Exhibits is irrelevant to the issue of whether or not they can be authenticated," and concedes that "receipt of the Contested Exhibits goes towards the exhibits' relevance."  Pl.'s Letter at 3.  The Plaintiff is correct.  However the court is not prepared at this point to admit what might be irrelevant exhibits simply because

they can be authenticated.  Therefore, the Contested Exhibits are inadmissible unless and until the Plaintiff can authenticate them as having been sent to the Defendant in a manner reasonably designed to be received by the Defendant or demonstrate their relevance regardless of whether they were sent to the Defendant.

The court now provides rulings on the admissibility of the exhibits at trial.  Unless otherwise ordered by the court, whenever an admissible exhibit is first mentioned by counsel during the examination of a witness at trial, the exhibit shall be deemed to be admitted into evidence unless opposing counsel then asserts an objection to it.  This Pretrial Order, including all attached schedules, will control the course of this action unless modified by subsequent order of the court.  In accordance with the foregoing, it is

**ORDERED** that the Proposed Joint Pretrial Order (establishing the basis for jurisdiction, nature of the case, request for jury trial, stipulated facts, parties' contentions, issues and claims to be tried, schedule of joint exhibits, Plaintiff's schedule of exhibits, Defendants' schedule of exhibits, stipulations and objections to those exhibits, Plaintiff's witness list, Defendants' objections to Plaintiff's witnesses, Defendants' objections to Plaintiff's deposition testimony, Defendants' witness list, and relief sought), Nov. 7, 2017, ECF No. 94, attached to this order as Schedule A, is adopted in part.  Plaintiff's witness list and proposed deposition testimony are modified by the court's decision on the parties' motions in limine, see Mem. and Order, March 26, 2018, and the parties' exhibit lists are modified by the below rulings in this order; and it is further

**ORDERED** that the exhibits set forth in attached Schedule B, which were not objected to in the Proposed Joint Pretrial Order, are admissible, subject to relevance and laying a proper foundation prior to introduction; and it is further

**ORDERED** that the exhibit set forth in attached Schedule C, the objection to which has been withdrawn, is admissible, subject to relevance and laying a proper foundation prior to introduction; and it is further

**ORDERED** that the exhibits set forth in attached Schedule D, for which the court overruled objections, are admissible, subject to relevance and laying a proper foundation prior to introduction; and it is further

**ORDERED** that the exhibits set forth in attached Schedule E, to which Defendants object on the basis of authentication, are inadmissible unless and until Plaintiff can authenticate them, and subject to relevance and laying a proper foundation prior to introduction; and it is further

**ORDERED** that the exhibits set forth in attached Schedule F are admissible for the limited purpose of demonstrating that an EEOC complaint was filed, subject to relevance and laying a proper foundation prior to introduction, and are not admissible for any other purpose; and it is further

**ORDERED** that the exhibits set forth in attached Schedule G are marked for identification only; and it is further

**ORDERED** that the exhibits set forth in attached Schedule H are inadmissible; and it is further

**ORDERED** that the exhibits set forth in attached Schedule I have been withdrawn.


                                                /s/ Claire R. Kelly
                                                Claire R. Kelly, Judge


Dated: March 26, 2018
       New York, New York

**SCHEDULE A**

Proposed Joint Pretrial Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
 CLAUDE LEWIS,

                     **Plaintiff,**                 **Civ. No.: 14-CV-2302 (CRK)(KNF)**

                 **- v. -**                    **PROPOSED**
                                               **<u>JOINT PRETRIAL ORDER</u>**

**AMERICAN SUGAR REFINING, INC.,**
**and MEHANDRA RAMPHAL,**

                     **Defendants.**

-----------------------------------------------------------x

       The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

## I.    NATURE OF THE CASE

       This is a civil matter in which Plaintiff, Claude Lewis (hereinafter "Plaintiff"), alleges the Defendants American Sugar Refining, Inc. (hereinafter "Defendant ASR") and Mehandra Ramphal (hereinafter "Defendant Ramphal" and collectively with Defendant ASR hereinafter the "Defendants") violated Plaintiff's statutory rights as guaranteed by Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("SHRL") by means of unlawful race and/or national origin discrimination and retaliation based upon Plaintiff's alleged lawful complaints. Plaintiff notes that his previously asserted claims against Defendants pursuant to the New York City Human Rights Law have been withdrawn by stipulation. Plaintiff alleges that Defendants engaged in an ongoing pattern and practice or discrimination by way of, among other things, subjecting Plaintiff to a hostile work environment, constructively demoting Plaintiff, precluding Plaintiff from lucrative overtime opportunities, and retaliating against Plaintiff after he

complained to ASR's supervisory and human recourses personnel about discrimination and harassment.

Defendants wholly deny the allegations of Plaintiff's Complaint, including any and all allegations that Defendants engaged in discrimination, harassment or retaliation against Plaintiff in violation of Title VII and/or SHRL. Defendants contend that they never discriminated, harassed or retaliated against Plaintiff. Defendants contend that Plaintiff voluntarily changed positions internally at ASR, and therefore, no adverse employment action was taken against Plaintiff. Defendants further submit that Plaintiff failed to avail himself of any of ASR's known policies or procedures for reporting harassment and/or discrimination, and never once made a complaint based on race or national origin. Lastly, Plaintiff's claims arising prior to May 2012 are barred by the statute of limitations. Defendants seek the dismissal of all claims with prejudice.

## II.    JURY/NON-JURY

Plaintiff requested a trial by jury in his pleadings and this case is to be tried before a jury. Plaintiff estimates 5-7 days of trial will be needed. Defendants estimate 7-9 days of trial will be needed.

### III. STIPULATED FACTS[12]

#### A. The Parties

1. ASR produces refined and specialty sugar products in the United States through a process wherein raw sugar is received, unloaded, and processed into different finished products.

2. ASR has a facility located in Yonkers, New York.

3. The Yonkers, New York facility of ASR is comprised of the following departments: Process, Engineering/Maintenance, Quality Assurance/Technical, Warehouse/Shipping, Sanitation, and Human Resources.

4. Claude Lewis ("Plaintiff" or "Lewis") became first employed by ASR in 1988 as a temporary Sugar Stacker in Yonkers, New York.

5. Plaintiff held a number of different positions at ASR from 1998 to 2011, including Technician 2, Wash Station Operator, Relief Operator, Process Relief Operator, Remelt Operator, Warehouse, Sanitation, and Storeroom Assistant in the Engineering Department.

6. During the entire course of Lewis' employment, ASR was a union shop governed by collective bargaining agreements ("CBA").

7. At all times, Plaintiff was a member of the union.

#### B. The Collective Bargaining Agreement

8. The CBA governed seniority, shifts, overtime, grievances, wages, discipline, among other terms and conditions of employment.

---

[1] Defendants plan to file a motion in limine regarding Plaintiff's refusal to stipulate to certain facts that were already admitted by Plaintiff in Plaintiff's Counter-Statement of Material Facts. Plaintiff is taking the position that he is entitled to exclude stipulated facts in this section based on relevance. Defendants submit that relevance is not an issue in this section, rather this section provides for stipulated facts, which facts' relevance is to be determined later.

[2] Plaintiff plans to file a motion in limine regarding Defendants' insistence that certain of these facts be included in the "stipulated facts" section of this pretrial order, to wit, Sections B, D, E and F below. While these are true facts they are irrelevant and the factfinder should not be privy to these irrelevant facts. Plaintiffs' submit that relevance is an issue in this section.

9. Generally, pursuant to the discipline provisions of the CBA, an employee is given a verbal warning for the first offense, a written warning for the second offense, a three-day suspension for the third offense, and a five-day suspension for the fourth offense.

10. After one five-day suspension, ASR is within its rights to terminate the employee under the CBA.

11. Certain infractions such as a "no-call/no-show" or a safety breach result in discipline in the form of an automatic suspension.

12. After fifteen (15) months, the disciplinary scale resets, and the employee starts from the beginning at the verbal warning stage.

**C.  Timeline of Plaintiff's Employment**

13. On June 27, 2011, Plaintiff voluntarily requested a "bid out" (a bid out equates to a voluntary transfer to an open job based on seniority pursuant to the CBA) from a Process Relief Operator to a Remelt Operator (also known as a "Centrifugal Operator").

14. On October 18, 2012, Plaintiff submitted a job change application voluntarily requesting a change from the Remelt Operator position to a position in the Warehouse Department loading trucks.

15. Plaintiff made no claims on this application or otherwise of discrimination, harassment or hostile work environment.

16. Ramphal never issued Plaintiff a disciplinary notice during the time he supervised him from June 30, 2011 to November 29, 2012.

17. On November 29, 2012, ASR granted Plaintiff's request and transferred him to the Warehouse Department, which transfer was effective April 15, 2013.

18. Plaintiff's new supervisor in the Warehouse Department was Jeff Bogdan.

4

19. Plaintiff was employed in the Sanitation Department from December 10, 2013 to March 16, 2016.

20. On March 14, 2016, Plaintiff requested to "bid out" of the Sanitation Department and into the Storeroom

21. On March 16, 2016, ASR granted Plaintiff's request, and he has worked in the Storeroom from that date to the present.

**D.  ASR Policies and Procedures**

22. ASR maintains an Employee Handbook ("ASR Employee Handbook"), which contains ASR's general work rules and policies.

23. Plaintiff received the ASR Employee Handbook, and signed the form acknowledging that he received a copy, read, and understood it.

24. ASR's Employee Handbook has an anti-discrimination provision and an anti-harassment provision.

25. Plaintiff was aware that ASR had a policy and procedure in place, as well as a Code of Conduct, to prevent discrimination and harassment.

26. Plaintiff acknowledged ASR's Code of Ethics and Business Conduct on February 26, 2010 and February 1, 2013.

27. Plaintiff acknowledged that he had received and read ASR's Code of Ethics and Business Conduct.

28. ASR's Code of Ethics and Business Conduct has an anti-discrimination provision and an anti-harassment provision.

29. Local 74 permits the filing of grievances for perceived race discrimination, harassment or retaliation.

30. Plaintiff filed an EEOC Charge on March 14, 2013.

**E. Plaintiff's Disciplinary History**

31. Plaintiff received a Notice of Violation of Rules on July 14, 1988 for "poor job performance" for leaving a valve open, resulting in a "large amount of sugar loss." Plaintiff was given a written warning as a consequence of this disciplinary notice.

32. Plaintiff received a Notice of Violation of Rules on August 18, 1990 for "poor job performance" for being off the job and in the cafeteria instead of performing his job duties. Plaintiff was given a verbal warning as a consequence of this disciplinary notice. The notice was written by Michael Marcano, who supervised Lewis at the time.

33. Plaintiff received a Notice of Violation of Rules on January 17, 1991 for "poor job performance" and "neglect of duty" causing the furnace to shut down. Plaintiff was given a written warning as a consequence of this disciplinary notice. The notice was written by Supervisor Michael Marcano.

34. Plaintiff received a Notice of Violation of Rules on September 23, 1994 for a "no call, no show" for failing to show up for a shift and failing to notify any supervisors or superiors at ASR. Plaintiff was given a verbal warning as a consequence of this disciplinary notice. The notice was written by Supervisor/Foreman James Wallace.

35. Plaintiff received a Notice of Violation of Rules on August 1, 1997 for "insubordination" for calling in sick after his Supervisor, James Wallace, told him he could not have the day off. Plaintiff was given a verbal warning as a consequence of this disciplinary notice.

36. Plaintiff received a disciplinary letter on August 19, 1997 for "disappearing" for over an hour; then, after he was found, disappearing again for another hour. Plaintiff was suspended

from the rest of his shift as a consequence of this letter. This letter was written to then head of HR, Don Brainard.

37. Lewis received a Notice of Violation of Rules on January 13, 1998 for "sleeping on the job." Plaintiff was given a written warning as a consequence of this disciplinary notice. The disciplinary notice was written by Foreman Joe Gerrardi.

38. Lewis received a Notice of Violation of Rules on April 2, 2002 for "poor job performance" for failing to close a sugar valve, resulting in out of specification product. Plaintiff was given a verbal warning as a consequence of this disciplinary notice. The disciplinary notice was written by Foreman/Supervisor James Wallace.

39. Plaintiff received a Notice of Violation of Rules on October 28, 2005 for "poor job performance" for "lack of action resulting in [the] reprocessing of 250,000 pounds of sugar and six hours of downtime" — costing ASR $130,000. Plaintiff was given a five-day suspension as a consequence of this disciplinary notice. The disciplinary notice was written by Foreman/Supervisor Dominick Tursi.

40. Plaintiff received a Notice of Violation of Rules on June 29, 2012 for "poor job performance" for failing to follow a direct order from a supervisor. Plaintiff was given a verbal warning as a consequence of this disciplinary notice. The disciplinary notice was written by Superintendents Joe Fornabio and Elizabeth Mendonca.

41. Plaintiff received a Notice of Violation of Rules on January 3, 2013 for a "no call/no show." Plaintiff was given a three-day suspension as a consequence of this disciplinary notice. The disciplinary notice was written by Superintendent Elizabeth Mendonca.

42. Plaintiff received a Notice of Violation of Rules on October 14, 2013 for loading "two pallets of wrong product on a truck." As a result, the customer "rejected and returned" the

product. Plaintiff was given a five-day suspension as a consequence of this disciplinary notice.

43. Supervisors at ASR are permitted to adjust the settings on machines to ensure the product is according to specification.

**F. Plaintiff's Grievance History**

44. Plaintiff was aware of the CBA's grievance procedure and availed himself of the union's grievance process throughout his tenure at ASR.

45. Plaintiff submitted a grievance on December 22, 2008.

46. Plaintiff submitted a grievance on March 16, 2013

47. Plaintiff submitted a grievance on March 17, 2013.

48. Plaintiff submitted a grievance on February 24, 2016.

**IV. PARTIES' CONTENTIONS**

The pleadings are deemed to embrace the following, and only the following contentions of the parties:

***Plaintiff's Contentions:*** Plaintiff's allegations and contentions in this matter are as follows:

1. Defendants engaged in discriminatory and disparate treatment in violation of Title VII and the SHRL by virtue of their failure to offer Plaintiff overtime opportunities on the basis of his race and/or national origin.

    a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

    b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices

8

of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit).

2. Defendants engaged in discriminatory and disparate treatment in violation of Title VII and the SHRL by virtue of constructively demoting Plaintiff to a lower-paying position on the basis of his race and/or national origin.

    a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

    b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit).

3. Defendants engaged in discriminatory and disparate treatment in violation of Title VII and the SHRL by virtue of subjecting Plaintiff to disparate and unequal treatment and discipline as compared to his non-African American co-workers on the basis of his race and/or national origin.

    a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca, Lucious Green, Bobsy Monroe, Darius Schullere, Joseph Fornabio.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective
      Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of
      Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices
      of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26,
      PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-
      24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration);
      PX-32 (Fred Panniccia Affidavit); JX-18 – JX-19, JX-28 – JX-32 (Notice of Job
      Change).

4. Defendants engaged in discriminatory and disparate treatment in violation of Title VII and
   the SHRL by virtue of their failure to offer Plaintiff overtime opportunities on the basis of
   his race and/or national origin.

   a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich,
      Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective
      Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of
      Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices
      of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26,
      PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-
      24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration);
      PX-32 (Fred Panniccia Affidavit); JX-18 – JX-19, JX-28 – JX-32 (Notice of Job
      Change).

5.  Defendants subjected Plaintiff to a hostile work environment on the basis of his race and/or national origin that was severe or pervasive enough to alter the terms and conditions of his employment for the worse in violation of Title VII and the SHRL.

   a.  Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca, Lucious Green, Bobsy Monroe, Darius Schullere, Joseph Fornabio.

   b.  Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX019 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit); JX-18 – JX-19, JX-28 – JX-32 (Notice of Job Change).

6.  Plaintiff was subjected to numerous adverse employment actions.

   a.  Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannica, Adolph McBean, Elizabeth Mendonca, Lucious Green, Bobsy Monroe, Darius Schullere, Joseph Fornabio.

   b.  Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices of Violations; Disciplinary Notices); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-

24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit); JX-18 – JX-19, JX-28 – JX-32 (Notice of Job Change).

7. Plaintiff was improperly precluded from overtime opportunities on the basis of his race and/or national origin, and complaints of discrimination.

   a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1- PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit).

8. Plaintiff reported the harassment and discrimination to his supervisors, his union, and Defendant ASR's Human Resources Department.

   a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1- PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit).

9. Defendants ignored or otherwise rejected Plaintiff's complaints of discrimination and harassment.

   a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit).

10. Defendants retaliated against Plaintiff for his lawful complaints of discrimination to his supervisor(s), union, and ASR's Human Resources Department.

   a. Witnesses: Claude Lewis, Mehandra Ramphal, Deborah Lafaro, Robert Jandovich, Fred Gaffney, Fred Pannicia, Adolph McBean, Elizabeth Mendonca.

   b. Exhibits: JX-7 (Collective Bargaining Agreement 2011); JX-8 (Collective Bargaining Agreement 2005); JX-9 (ASR Employee Handbook); JX-10 (Code of Ethics and Business Conduct); JX-1, JX-12, JX-13, JX-20, JX-23, JX-26, PX-1-PX-5, PX-7, PX-8, PX-10, PX-20 - PX-22 (Grievances and Responses); JX-2 - JX-6, JX-14, JX-23, JX-25, PX-11 (Notices of Violations; Disciplinary Notices); JX-24, PX-9, PX-16, PX-19 (EEOC Submissions); PX-14 (Fred Gaffney Declaration); PX-32 (Fred Panniccia Affidavit); JX-18 – JX-19, JX-28 – JX-32 (Notice of Job Change and Employee Status Notices).

*Defendants' Contentions:*

1. Defendants did not engage in discriminatory and/or disparate treatment on the basis of race and/or national origin in violation of Title VII and the SHRL.

    a. Witnesses: Claude Lewis, Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell, and Mehandra Ramphal

    b. Exhibits: JX-9 (ASR Employee Handbook), JX-7-JX-8 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

2. Defendants' actions were a legitimate exercise of reasonable business judgment.

    a. Witnesses: Bob Jandovitz, Debbie Troche, Elizabeth Mendonca, and Mehandra Ramphal

    b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

3. Plaintiff did not suffer any adverse employment action.

    a. Witnesses: Claude Lewis, Mehandra Ramphal, Elizabeth Mendonca, Debbie Troche, and Bob Jandovitz

     b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

4. Plaintiff was offered overtime opportunities pursuant to a CBA and seniority and was never discriminated against in terms of the assignment of overtime.

     a. Witnesses: Mehandra Ramphal, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz

     b. Exhibits: JX-7 (Collective Bargaining Agreement), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses)

5. Plaintiff was subjected to proper discipline pursuant to the Employee Handbook and/or the Collective Bargaining Agreement when he violated ASR's rules.

     a. Witnesses: Elizabeth Mendonca, Debbie Troche and Bob Jandovitz

     b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

6. Plaintiff was never subjected to a hostile work environment on the basis of his race and/or national origin.

     a. Witnesses: Claude Lewis, Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell and Mehandra Ramphal

     b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

7. Plaintiff was not subject to severe or pervasive actions on the behalf of the Defendants which altered Plaintiff's conditions of employment and/or created an abusive work environment.

     a. Witnesses: Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell and Mehandra Ramphal

     b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

8. Plaintiff was not subject to adverse employment actions which altered the terms and/or conditions of Plaintiff's employment.

     a. Witnesses: Claude Lewis, Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell, and Mehandra Ramphal

      b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents), JX-17 (October 18, 2012 Job Change Application)

9. Plaintiff failed to report and/or make any complaints regarding perceived race and/or national origin discrimination.

      a. Witnesses: Bob Jandovitz, Debbie Troche, Elizabeth Mendonca and Mehandra Ramphal

      b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses)

10. Defendants had no notice or knowledge of Plaintiff's perceived complaints regarding perceived race and/or national origin discrimination.

      a. Witnesses: Bob Jandovitz, Debbie Troche, Elizabeth Mendonca and Mehandra Ramphal

      b. Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses)

11. ASR did not retaliate against Plaintiff in any way, shape or form.

      a. Witnesses: Claude Lewis, Bob Jandovitz, Debbie Troche, Elizabeth Mendonca and Mehandra Ramphal

    b.  Exhibits: JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-64 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; JX-26; DX-12-DX-29; DX-66-DX-67 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

12. Defendants' followed and enforced their anti-discrimination and anti-harassment policies and procedures at all times.

    a.  Witnesses: Bob Jandovitz, Debbie Troche and Elizabeth Mendonca

    b.  Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct)

13. Plaintiff's claims concerning acts that occurred prior to May 2012 are barred by the statute of limitations.

    a.  Witnesses: Claude Lewis

    b.  Exhibits: DX-1 (Plaintiff's Complaint)

14. Plaintiff is not entitled to punitive damages.

    a.  Witnesses: Claude Lewis, Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell, and Mehandra Ramphal

    b.  Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-68 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; DX-12-DX-29; DX-70-DX-71 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

15. Defendants acted with good faith in attempting to comply with applicable employment discrimination and other laws.

    a.   Witnesses: Claude Lewis, Bobsie Monroe, Elizabeth Mendonca, Debbie Troche, Bob Jandovitz, Adolph McBean, Ray Grossi, Sean Norwood, Kevin Parnell, and Mehandra Ramphal

    b.   Exhibits: JX-9 (ASR Employee Handbook), JX-7 (Collective Bargaining Agreement), JX-10 (Code of Ethics and Business Conduct), JX-2 - JX-6; JX-14; JX-25; DX- 4-11; DX-68 (Notices of Violation, Disciplinary Notices), JX-12-JX-13; JX-20; DX-12-DX-29; DX-70-DX-71 (Grievances and Responses), DX-39 – DX-49 (Loading Error Documents)

## V.    ISSUES AND CLAIMS TO BE TRIED

The parties contend the following issues and claims are to be tried:

1. Whether Defendants subjected Plaintiff to discriminatory and disparate treatment on the basis of his race and/or national origin in violation of Title VII and the SHRL?

2. Whether Plaintiff incurred any adverse employment action?

3. Whether Defendants subjected Plaintiff to a hostile work environment on the basis of his race and/or national origin in violation of Title VII and the SHRL?

4. Whether Defendants have a legitimate, non-discriminatory, business reason for their actions?

5. Whether Defendants retaliated against Plaintiff on the basis of his alleged complaints of discrimination in violation of Title VII and the SHRL?

6. Whether Plaintiff reported any perceived claims of discrimination, harassment and/or retaliation?

19

7.  Whether Plaintiff was subject to severe or pervasive actions on the behalf of the Defendants which altered Plaintiff's conditions of employment and/or created an abusive work environment?

8.  Whether Plaintiff's claims are barred by the applicable statute of limitations?

## VI.    SCHEDULE OF JOINT EXHIBITS

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference |
|---|---|---|---|
| JX-1 | July 18, 1997 | Memorandum from Robert Jandovitz Regarding Meeting with Claude Lewis | ASR000149 Lewis 3 |
| JX -2 | June 29, 2012 | Notice of Violation of Rules | ASR000090 Lewis 5 |
| JX -3 | January 3, 2013 | Disciplinary Notice | ASR000089 Lewis 5 |
| JX -4 | March 6, 2013 | Disciplinary Notice | ASR000088 Lewis 5 |
| JX -5 | October 14, 2013 | Disciplinary Notice | ASR000087 Lewis 5 |
| JX -6 | August 18, 1990 | Notices of Violation of Rules | ASR000163, Lewis 5 |
| JX -7 | January 1, 2011 | Collective Bargaining Agreement | ASR000001-000030 Lewis 6 |
| JX -8 | June 24, 2005 | Collective Bargaining Agreement | P00009-P00035 |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference |
|---|---|---|---|
| JX -9 | Undated | ASR Employee Handbook | ASR000052-000068 Lewis 11 |
| JX -10 | October 1, 2012 | ASR Code of Ethics and Business Conduct | ASR000031-000051 Lewis 8 |
| JX -11 | Undated | ASR Plant Rules | ASR000085-000086 |
| JX-12 | March 17, 2013 | Grievance | ASR000183 Lewis 12 |
| JX -13 | March 16, 2013 | Grievance | ASR000184 Lewis 12 |
| JX -14 | January 5, 2016 | Disciplinary Notice | P00040 Lewis 14 |
| JX -15 | Undated | Resume of Rhea Parsons | Parson 3 |
| JX -16 | Undated | CV of Karen Dahlman | N/A |
| JX -17 | October 18, 2012 | Job Change Application | ASR000098 |
| JX -18 | April 15, 2013 | Employee Status Notice | ASR000100 |
| JX -19 | December 10, 2013 | Employee Status Notice | ASR000099 |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference |
|---|---|---|---|
| JX -20 | May 11, 2009 | Memorandum from Robert Jandovitz regarding Grievance #01-09 | P00003, Lewis 7 |
| JX -21 | February 26, 2010 | Acknowledgement form for the ASR Code of Ethics and Business Conduct | ASR000104 Lewis 9 |
| JX -22 | February 1, 2013 | Acknowledgement form for the ASR Code of Ethics and Business Conduct | ASR000084 Lewis 10 |
| JX-23 | March 3, 2016 | Disciplinary Notice | ASR000227 |
| JX-24 | March 14, 2013 | EEOC Intake Questionnaire | ASR000219- ASR000222 |
| JX-25 | Undated | Last Chance Agreement | ASR000224 |
| JX-26 | February 24, 2016 | Grievance | ASR000228- ASR000229 |
| JX-27 | January 22, 2014 | Charge of Discrimination | ASR000214 |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference |
|---|---|---|---|
| JX-28 | March 16, 2016 | Employee Status Notice | ASR000230 MSJ Pl. Ex. 38 |
| JX-29 | November 28, 2011 | Employee Status Notice | ASR000106 |
| JX-30 | November 18, 2010 | Employee Status Notice | ASR000102 |
| JX-31 | June 27, 2011 | Employee Status Notice | ASR000101 |
| JX-32 | December 10, 2013 | Employee Status Notice | ASR000099 |

## VII. PLAINTIFF'S SCHEDULE OF EXHIBITS

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Defendants' Stipulations and Objections |
|---|---|---|---|---|
| PX-1 | December 22, 2008 | Grievance | P00001-P00002 MSJ Pl. Ex. 11 | Objection – authentication, foundation, and relevance |
| PX-2 | February 4, 2014 | Letter from Plaintiff | P00004-P00005 MSJ Pl. Ex. 28 | Objection – authentication, foundation, |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Defendants' Stipulations and Objections |
|---|---|---|---|---|
| | | | | hearsay and relevance. Objection – the attachment does not correspond with the letter. |
| PX-3 | March 22, 2014 | Signed Statement | P00037 MSJ Pl. Ex. 30 | Objection – authentication, foundation, hearsay and relevance. |
| PX-4 | April 3, 2015 | Grievance | P00006-P00008 MSJ Pl. Ex. 31 | Objection – authentication, foundation, and relevance |
| PX-5 | January 9, 2016 | Grievance | P00041 | Objection – authentication, foundation, and relevance |
| PX-6 | Undated | Plaintiff's Medical Records | P00104-P00232 | Objection – hearsay, authentication, and foundation |
| PX-7 | July 12, 2016 | Grievance | P00233 MSJ Pl. Ex. 14 | Objection – authentication, foundation, hearsay and relevance |
| PX-8 | February 7, 2014 | Grievance Response | P00234 | No Objection |
| PX-9 | November 11, 2013 | Fax | ASR000218 | Objection – authentication, foundation, and hearsay |
| PX-10 | December 3, 2013 | Email from David Arm to Bob Jandovitz | ASR000223 | Objection – relevance |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Defendants' Stipulations and Objections |
|---|---|---|---|---|
| PX-11 | February 4, 2016 | Disciplinary Notice | ASR000225-ASR000226 | Objection – foundation and authentication |
| PX-12 | Undated | IME Report by Dr. Karen Dahlman | | No Objection |
| PX-13 | February 20, 2017 | Plaintiff's Declaration | MSJ Pl. Ex. 1 | Objection - hearsay |
| PX-14 | February 20, 2017 | Gaffney Declaration | MSJ Pl. Ex. 2 | Objection - hearsay |
| PX-15 | May 4, 2012 | Grievance submitted by Rosanna Mayo-Coleman | MSJ Pl. Ex. 5 | Objection – relevance and hearsay |
| PX-16 | December 5, 2013 | Plaintiff's EEOC Consent | ASR000217 MSJ Pl. Ex. 25 | Objection – relevance |
| PX-17 | February 4, 2014 | Notice of Charge of Discrimination | ASR000213 | Objection – foundation and relevance |
| PX-18 | March 27, 2014 | Pro Se Complaint | MSJ Pl. Ex. 32 | Objection - hearsay |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Defendants' Stipulations and Objections |
|---|---|---|---|---|
| PX-19 | September 30, 2014 | ASR FOIA Request and Response | ASR000203-ASR000222 MSJ Pl. Ex. 34 | Objection – foundation, authentication, hearsay, and relevance |
| PX-20 | December 2, 2016 | Grievance | MSJ Pl. Ex. 39 | Objection – foundation, authentication, not produced in discovery and appears to be an incomplete document |
| PX-21 | January 9, 2016 | Grievance | P00042 MSJ Pl. Ex. 40 | Objection – foundation, authentication, and relevance |
| PX-22 | January 9, 2016 | Grievance | P00041 MSJ Pl. Ex. 41 | Objection – foundation, authentication, and relevance |
| PX-23 | September 30, 2014 | Amended Complaint | MSJ Pl. Ex. 33 | Objection - hearsay |
| PX-24 | | Defendants' Answer to Plaintiff's Amended Complaint | | No Objection |
| PX-25 | | Defendants' Response to Plaintiff's First Set of Document Demands | | No Objection. |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Defendants' Stipulations and Objections |
|---|---|---|---|---|
| PX-26 | | Defendants' Response to Plaintiff's First Set of Interrogatories | | No Objection |
| PX-27 | July 10, 2015 | Plaintiff's Answer's to Defendants' Interrogatories | | Objection – hearsay |
| PX-28 | March 14, 2016 | Plaintiff's Supplemental Responses to Defendants' Interrogatories | | Objection – hearsay |
| PX-29 | May 5, 2015 | Plaintiff's Initial Disclosures | | Objection – hearsay |
| PX-30 | July 10, 2015 | Plaintiff's Response to Defendants' Notice to Produce | | Objection – hearsay |
| PX-31 | July 10, 2015 | Plaintiff's Response to Defendants' Requests for Admissions | | Objection - hearsay |
| PX-32 | November 26, 2016 | Affidavit of Fred Paniccia | | Objection – hearsay and relevance. Objection – never identified in discovery. |

Plaintiff includes by this reference all exhibits listed in Defendants exhibit list and reserves the right to offer said exhibits whether or not Defendants actually offer such exhibit at the time of trial. Plaintiff reserves the right to introduce documents not designated by either party for impeachment

and/or rebuttal purposes.  Plaintiff also reserve the right to modify this exhibit list as appropriate following the Court's rulings on any motions *in limine*.

Defendants object to Plaintiff reserving the right to offer any exhibits on Defendants' exhibit list. The Federal Rules of Evidence permit a party to offer evidence in its case in chief, despite that evidence being impermissible in the opponent's case in chief.  Therefore, just because an exhibit may be proper in Defendants' case, does not equate it to being proper in Plaintiff's case in chief.

## VII.   DEFENDANTS' SCHEDULE OF EXHIBITS

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-1 | March 27, 2014 | Complaint | Lewis 1 | No Objection |
| DX-2 | September 30, 2014 | Amended Complaint | Lewis 2 | No Objection |
| DX-3 | February 27, 1996 | Job Change Application | ASR000070, Lewis 4 | Objection - Relevance, foundation and authentication |
| DX-4 | July 12, 1988 | Notices of Violation of Rules | ASR000170, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-5 | August 18, 1990 | Notices of Violation of Rules | ASR000163, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-6 | January 17, 1991 | Notices of Violation of Rules | ASR000164, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-7 | September 27, 1994 | Notices of Violation of Rules | ASR000157, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-8 | August 1, 1997 | Notices of Violation of Rules | ASR000153, Lewis 5 | Objection - Relevance, foundation and authentication |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-9 | January 13, 1998 | Notices of Violation of Rules | ASR000152, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-10 | April 2, 2002 | Notices of Violation of Rules | ASR000124, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-11 | October 28, 2005 | Notices of Violation of Rules | ASR000091, Lewis 5 | Objection - Relevance, foundation and authentication |
| DX-12 | December 22, 2008 | Grievance | P00002, Lewis 7 | No Objection |
| DX-13 | February 1, 1991 | Grievance | ASR000074, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-14 | February 26, 1991 | Grievance Denial | ASR000073, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-15 | October 23, 1991 | Grievance | ASR000072, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-16 | November 13, 1991 | Grievance Denial | ASR000071, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-17 | March 1, 2003 | Grievance | ASR000123, Lewis 12 | Objection - Relevance, foundation and authentication |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-18 | April 7, 2003 | Grievance Denial | ASR000122, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-19 | March 1, 2003 | Grievance | ASR000121, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-20 | April 7, 2003 | Grievance Denial | ASR000120, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-21 | June 5, 2003 | Grievance Denial Sustained | ASR000119, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-22 | February 24 ,2004 | Grievance and Approval | ASR000116 | Objection - Relevance, foundation and authentication |
| DX-23 | March 4, 2004 | Grievance Approved | ASR000115, 117, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-24 | October 14, 2004 | Grievance | ASR000187, Lewis 12 | Objection - Relevance, foundation and authentication |
| DX-25 | August 3, 2005 | Grievance | ASR000113, Lewis 12 | Objection - Relevance, foundation and authentication |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-26 | August 10, 2005 | Grievance Denial | ASR000112, Lewis 12 | Objection – relevance, foundation and authentication |
| DX-27 | December 5, 2005 | Grievance | ASR000111, Lewis 12 | Objection – relevance, foundation and authentication |
| DX-28 | February 10, 2006 | Grievance Denial | ASR000110, Lewis 12 | Objection – relevance, foundation and authentication |
| DX-29 | February 16, 2006 and August 23, 2006 | Union appeal of grievance and amendment of decision | ASR000109, ASR000108, Lewis 12 | Objection – relevance, foundation and authentication |
| DX-30 | October 21, 2014 – October 30, 2016 | Medical Records | 00104-00232, Parson 2 | No objection. |
| DX-31 | September 26 and 28, 2016 | Report of Karen Dahlman regarding Independent Medical Evaluation of Claude Lewis | N/A | Objection – hearsay, foundation and authentication |
| DX-32 | July 10, 2015 | Plaintiff's Answers to Interrogatories | N/A | No objection. |
| DX-33 | March 14, 2016 | Plaintiff's Supplemental Responses to Interrogatories | N/A | No objection. |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-34 | March 4, 2016 | Plaintiff's (Counsel) March 4, 2016 email | N/A | Objection – relevance, foundation and authentication |
| DX-35 | May 5, 2015 | Plaintiff's Initial Disclosures | N/A | No objection. |
| DX-36 | July 10, 2015 | Plaintiff's Response to Defendants' Notice to Produce | N/A | No objection. |
| DX-37 | July 10, 2015 | Plaintiff's Responses to Requests for Admissions | N/A | No objection. |
| DX-38 | January 4, 1988 | Union Checkoff Authorization | ASR000176 | Objection – hearsay, relevance, foundation |
| DX-39 | November 15, 2013 | Truck Loader's Inspection Sheet | ASR000188 | Objection – hearsay, relevance, foundation, |
| DX-40 | November 15, 2013 | Refused Bill of Lading | ASR000189 | Objection – hearsay, relevance, foundation |
| DX-41 | November 15, 2013 | Vehicle Loading Record Detail | ASR000190 | Objection – hearsay, relevance, foundation |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-42 | October 9, 2013 | Truck Loader's Inspection Sheet | ASR000191 | Objection – hearsay, relevance, foundation |
| DX-43 | October 9, 2013 | Vehicle Loading Record Detail | ASR000192 | Objection – hearsay, relevance, foundation |
| DX-44 | September 10, 2013 | Truck Loader's Inspection Sheet | ASR000193 | Objection – hearsay, relevance, foundation |
| DX-45 | September 10, 2013 | Vehicle Loading Record Detail | ASR000194 | Objection – hearsay, relevance, foundation |
| DX-46 | September 20, 2013 | Return Delivery Form | ASR000195-196 | Objection – hearsay, relevance, foundation |
| DX-47 | May 30, 2013 | Vehicle Loading Record Detail | ASR000197 | Objection – hearsay, relevance, foundation |
| DX-48 | May 31, 2013 | Truck Loader's Inspection Sheet | ASR000198 | Objection – hearsay, relevance, foundation |
| DX-49 | June 3, 2013 | Email exchange between John DeQuatro, Lois Davis, Jeffrey Bogdan regarding incorrect shipment | ASR000199-ASR000202 | Objection – foundation, hearsay |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-50 | October 19, 1990 | Job Change Application | ASR000076 | No Objection |
| DX-51 | March 26, 1996 | Report of Change in Personnel | ASR000155 | Objection - Relevance |
| DX-52 | September 2, 1997 | Report of Change in Personnel | ASR000156 | Objection - Relevance |
| DX-53 | September 22, 1992 | Report of Change in Personnel | ASR000159 | Objection - Relevance |
| DX-54 | December 10, 1992 | Report of Change in Personnel | ASR000160 | Objection - Relevance |
| DX-55 | March 18, 1991 | Report of Change in Personnel | ASR000161 | Objection - Relevance |
| DX-56 | January 21, 1991 | Report of Change in Personnel | ASR000162 | Objection - Relevance |
| DX-57 | July 20, 1990 | Report of Change in Personnel | ASR000165 | Objection - Relevance |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-58 | July 17, 1990 | Report of Change in Personnel | ASR000166 | Objection - Relevance |
| DX-59 | October 26, 1989 | Report of Change in Personnel | ASR000168 | Objection - Relevance |
| DX-60 | March 7, 1989 | Report of Change in Personnel | ASR000169 | Objection - Relevance |
| DX-61 | April 12, 1988 | Report of Change in Personnel | ASR000171 | Objection - Relevance |
| DX-62 | April 8, 1988 | Report of Hiring | ASR000172 | Objection - Relevance |
| DX-63 | March 29, 1988 | Report of Change in Personnel | ASR000173 | Objection – Relevance |
| DX-64 | February 4, 2016 | Disciplinary Notice | ASR000225 | No Objection |
| DX-65 | February 3, 2016 | Emails between M. Olson and C. Vega regarding bathrooms | ASR000226 | Objection – foundation, hearsay, authentication |

| Trial Exhibit No | Document Date | Description | Bates Number/ Dep. Exhibit Reference | Plaintiff's Stipulations and Objections |
|---|---|---|---|---|
| DX-66 | February 24, 2016 | Grievance | ASR000228-229 | No Objection |
| DX-67 | March 28, 2016 | Grievance Denial | ASR000230 | No Objection |

## VIII.  STIPULATIONS AND OBJECTIONS TO EXHIBITS

The parties have noted any and all objections and/or stipulations to exhibits in the above schedules.

## IX.  PLAINTIFF'S WITNESS LIST

1.  Plaintiff Claude Lewis
2.  Defendant Mehandra Ramphal
3.  Deborah Lafaro
4.  Robert Jandovitz
5.  Dr. Reah Segal Parsons
6.  Fred Gaffney
7.  Fred Pannicia
8.  Adolph McBean
9.  Elizabeth Mendonca
10. Luciuos Green
11. Bobsy Monroe
12. Darius Schullere
13. Joseph Fornabio

Plaintiff reserves all rights to call any witness on Defendants' Witness List, and reserves all rights to present witness testimony at trial as permitted under the Federal Rules of Civil Procedure, the Local Civil Rules, and Honorable Claire R. Kelly.

Plaintiff does not intend to offer any deposition testimony as part of his case in chief unless a witness becomes unavailable for trial, or unless the testimony is to be used for purposes of impeaching a witness or refreshing a witness' recollection. The following deposition transcripts may be used for such limited purposes:

1. Deposition Transcripts of Plaintiff Claude Lewis, duly transcribed January 29, 2017 and March 1, 2016;
2. Deposition transcript of Defendant Mehandra Ramphal, duly transcribed October 19, 2016;
3. Deposition transcript of Deborah Lafaro, duly transcribed October 6, 2016;
4. Deposition transcript of Elizabeth Mendonca, duly transcribed April 26, 2016;
5. Deposition transcript of Adolph McBean taken in the matter of <u>Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et. al.</u>, Civil Action No.: 14-cv-0079-UA, duly transcribed September 30, 2015; and
6. Deposition transcript of Robert Jandovitz taken in the matter of <u>Rosanna Mayo-Coleman v. American Sugar Holding, Inc. et. al.</u>, Civil Action No.: 14-cv-0079-UA, duly transcribed August 17, 2016.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S WITNESSES

1. Fred Pannicia: Defendants object to the production of Mr. Pannicia as Mr. Pannicia was never identified as an individual with knowledge as to the allegations of this case, never identified by Plaintiff as a fact witness, and never identified as a potential trial witness in Plaintiff's answers to interrogatories.
2. Bob Jandovitz: Defendants object to the production of Mr. Jandovitz as a witness as he was never identified as an individual with knowledge as to the allegations of this case, never identified by Plaintiff as a fact witness, and never identified as a potential trial witness in Plaintiff's answers to interrogatories.
3. Adolph McBean: Defendants object to the production of Mr. McBean as a witness as he never identified as an individual with knowledge as to the allegations of this case, never identified by Plaintiff as a fact witness, and never identified as a potential trial witness in Plaintiff's answers to interrogatories.
4. Defendants object to Plaintiff reserving the right to call Defendants' witnesses. The Federal Rules of Evidence permit a party to offer testimony in its case in chief, despite that testimony being impermissible in the opponent's case in chief. Therefore, just because an witness may be properly offered in Defendants' case, does not equate to that individual being properly offered in Plaintiff's case in chief.

Defendants anticipate making an *in limine* motion regarding the above objections.

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION TESTIMONY

1. Defendants object to Plaintiff's designation of the deposition transcript of Plaintiff Claude Lewis as hearsay.
2. Defendants object to Plaintiff's designation of Mr. Ramphal, Ms. Troche (Lafaro), and Ms. Mendonca's deposition transcript as Plaintiff has failed to indicate relevant page and line numbers for the deposition readings.
3. Defendants object to the introduction of deposition transcripts of Adolph McBean and Bob Jandovitz from a different action than this litigation, including but not limited to the introduction of deposition testimony from the case captioned Mayo-Coleman v. American Sugar Holding, Inc., et. al, Civil Action No.: 14-cv-0079. Defendants object to the extent

that such deposition testimony is hearsay and because such deposition testimony was never produced in discovery.

Defendants anticipate making an *in limine* motion regarding the above objections.

## X.    DEFENDANTS' WITNESS LIST

Excepting rebuttal or impeachment, Defendants intend to call the following witnesses with regard to liability and damages:

1. Plaintiff Claude Lewis
2. Mehandra Ramphal
3. Elizabeth Mendonca
4. Debbie Troche
5. Bob Jandovitz
6. Adolph McBean
7. Ray Grossi
8. Bobsie Monroe
9. Sean Norwood
10. Kevin Parnell
11. Bruce Furick
12. Karen L. Dahlman

## XI.    RELIEF SOUGHT

The Plaintiff seeks statutory costs, attorney's fees, lost wages, and promotional opportunities, front pay, and punitive damages in an amount to be determined at trial. Further, Plaintiff seeks compensatory damages for lost wages and lost overtime wages. Further, Plaintiff seeks non-pecuniary damages for emotional distress and mental anguish.  Defendants seek a judgment dismissing Plaintiff's Amended Complaint and all claims set forth therein with prejudice, and all other relief the Court deems just and proper, including reimbursement for cost incurred in defending this action.

38

Dated:  New York, New York
        November 7, 2017


_____
Honorable Claire R. Kelly, U.S.D.J.


NESENOFF & MILTENBERG, LLP          BRESSLER, AMERY & ROSS, P.C
*Attorneys for Plaintiff*            *Attorneys for Defendants*


/s/ Megan S. Goddard                 /s/ Michael T. Hensley
Megan S. Goddard, Esq.               Michael T. Hensley, Esq.
Gabrielle M. Vinci, Esq.             17 State Street, 34th Floor
363 Seventh Avenue, 5th Floor        New York, New York 10004
New York, New York 10001             Tel: (212) 425-9300
Tel: (212) 736-4500

CHARNY & WHEELER


/s/ Nathaniel K. Charny
Charny & Wheeler
9 Wesr Market Street
Rhinebeck, New York  12572
Tel: (845) 876-7500

Case No. 14-cv-02302 (CRK)

**SCHEDULE B**

Admissible Exhibits Not Objected to in Proposed Joint Pretrial Order

| Exhibit No. | Description |
|---|---|
| JX-1 | July 18, 1997 Memorandum from Robert Jandovitz Re: Meeting with Claude Lewis |
| JX-2 | June 29, 2012 Notice of Violation of Rules |
| JX-3 | January 3, 2013 Disciplinary Notice |
| JX-4 | March 6, 2013 Disciplinary Notice |
| JX-5 | October 14, 2013 Disciplinary Notice |
| JX-7 | January 1, 2011 Collective Bargaining Agreement |
| JX-8 | January 24, 2005 Collective Bargaining Agreement |
| JX-9 | ASR Employee Handbook |
| JX-10 | ASR Code of Ethics and Business Conduct (October 1, 2012) |
| JX-11 | ASR Plant Rules |
| JX-12 | March 17, 2013 Grievance |
| JX-13 | March 16, 2013 Grievance |
| JX-14 | January 5, 2016 Disciplinary Notice |
| JX-15 | Resume of Rhea Parsons |
| JX-16 | CV of Karen Dahlman |
| JX-17 | October 18, 2012 Job Change Application |
| JX-18 | April 15, 2013 Employee Status Notice |
| JX-19 | December 10, 2013 Employee Status Notice |
| JX-20 | May 11, 2009 Memorandum from Robert Jandovitz re: Grievance #01–09 |
| JX-21 | February 26, 2009 Acknowledgment form for ASR Code of Ethics and Business Conduct |
| JX-22 | February 1, 2013 Acknowledgment form for ASR Code of Ethics and Business Conduct |
| JX-23 | March 3, 2016 Disciplinary Notice |
| JX-24 | March 14, 2013 EEOC Intake Questionnaire |
| JX-25 | Last Chance Agreement |
| JX-26 | February 24, 2016 Grievance |
| JX-27 | January 22, 2014 Charge of Discrimination |
| JX-28 | March 16, 2016 Employee Status Notice |
| JX-29 | November 28, 2011 Employee Status Notice |
| JX-30 | November 18, 2010 Employee Status Notice |
| JX-31 | June 27, 2011 Employee Status Notice |
| JX-32 | December 10, 2013 Employee Status Notice |
|  |  |
| PX-8 | February 7, 2014 Grievance Response |
| PX-12 | IME Report by Dr. Karen Dahlman |
| PX-24 | Defendants' Answer to Plaintiff's Amended Complaint |
| PX-25 | Defendants' Response to Plaintiff's First Set of Document Demands |
| PX-26 | Defendants' Response to Plaintiff's First Set of Interrogatories |
|  |  |

Case No. 14-cv-02302 (CRK)

| Exhibit No. | Description |
|---|---|
| **DX-1** | Complaint, March 27, 2014 |
| **DX-2** | Amended Complaint, September 30, 2014 |
| **DX-30** | Medical Records, October 21, 2014–October 30, 2016, 00104–00232, Parson 2 |
| **DX-32** | July 10, 2015 Plaintiff's Answers to Interrogatories |
| **DX-33** | March 14, 2016 Plaintiff's Supplemental Responses to Interrogatories |
| **DX-35** | May 5, 2015 Plaintiff's Initial Disclosures |
| **DX-36** | July 10, 2015 Plaintiff's Response to Defendants' Notice to Produce |
| **DX-37** | July 10, 2015 Plaintiff's Responses to Requests for Admissions |
| **DX-50** | October 19, 1990 Job Change Application |
| **DX-64** | February 4, 2016 Disciplinary Notice |
| **DX-66** | February 24, 2016 Grievance |
| **DX-67** | March 28, 2016 Grievance Denial |

## SCHEDULE C

Admissible Exhibit for Which an Objection Was Withdrawn

| Exhibit No. | Description |
|---|---|
| **PX-10** | Email from David Arm to Bob Jandovitz, Dec. 3, 2013 AR000223 |

## SCHEDULE D

Admissible Exhibits for Which an Objection Was Overruled

| Exhibit No. | Description |
|---|---|
| **PX-6** | Plaintiff's Medical Records P00104–232 |
| **PX-9** | Fax, November 11, 2013 ASR000218 |
| **PX-11** | Disciplinary Notice, Feb. 4, 2016 ASR000225–226 |
| **PX-20** | Grievance, Dec. 2, 2016 |
| **DX-3** | Job Change Application, Feb. 27, 1996 ASR000070, Lewis 4 |
| **DX-6** | January 17, 1991 Notice of Violation of Rules |
| **DX-11** | October 28, 2005 Notice of Violation of Rules |
| **DX-13** | Grievance, Feb. 1, 1991 ASR000074, Lewis 12 |

Case No. 14-cv-02302 (CRK)

| Exhibit No. | Description |
|---|---|
| **DX-14** | Grievance Denial, Feb. 26, 1991<br>ASR000073, Lewis 12 |
| **DX-15** | Grievance, Oct. 23, 1991<br>ASR000072, Lewis 12 |
| **DX-16** | Grievance Denial, Nov. 13, 1991<br>ASR000071, Lewis 12 |
| **DX-17** | Grievance, Mar. 1, 2003<br>ASR000123, Lewis 12 |
| **DX-18** | Grievance Denial, Apr. 7, 2003<br>ASR000122, Lewis 12 |
| **DX-19** | Grievance, Mar. 1, 2003<br>ASR000121, Lewis 12 |
| **DX-20** | Grievance Denial, Apr. 7, 2003<br>ASR000120, Lewis 12 |
| **DX-21** | Grievance Denial Sustained, June 5, 2003<br>ASR000119, Lewis 12 |
| **DX-22** | Grievance and Approval, Feb. 24, 2004<br>ASR000116 |
| **DX-23** | Grievance Approved, Mar. 4, 2004<br>ASR000115, 117, Lewis 12 |
| **DX-25** | Grievance, Aug. 3, 2005<br>ASR000113, Lewis 12 |
| **DX-26** | Grievance Denial, Aug. 10, 2005<br>ASR000112, Lewis 12 |
| **DX-27** | Grievance, Dec. 5, 2005<br>ASR000111, Lewis 12 |
| **DX-28** | Grievance Denial, Feb. 10, 2006<br>ASR000110, Lewis 12 |
| **DX-29** | Union appeal of grievance and amendment of decision, Feb. 16, 2006 and Aug. 23, 2006<br>ASR000109, 108, Lewis 12 |
| **DX-38** | Union Checkoff Authorization, Jan. 4, 1988<br>ASR000176 |
| **DX-39** | Truck Loader's Inspection Sheet, November 15, 2013<br>ASR000188 |
| **DX-40** | Refused Bill of Lading, November 15, 2013<br>ASR000189 |
| **DX-41** | Vehicle Loading Record Detail, November 15, 2013<br>ASR000190 |
| **DX-42** | Truck Loader's Inspection Sheet, October 9, 2013<br>ASR000191 |
| **DX-43** | Vehicle Loading Record Detail, October 9, 2013<br>ASR000192 |
| **DX-44** | Truck Loader's Inspection Sheet, September 10, 2013<br>ASR000193 |

Case No. 14-cv-02302 (CRK)

| Exhibit No. | Description |
|---|---|
| DX-45 | Vehicle Loading Record Detail, September 10, 2013<br>ASR000194 |
| DX-46 | Return Delivery Form, September 20, 2013<br>ASR000195–196 |
| DX-47 | Vehicle Loading Record Detail, May 30, 2013<br>ASR000197 |
| DX-48 | Truck Loader's Inspection Sheet, May 31, 2013<br>ASR000198 |
| DX-49 | Email Exchange between John DeQuatro, Lois Davis, Jeffrey Bogdan regarding incorrect shipment, June 3, 2013 |
| DX-51 | March 26, 1996 Report of Change in Personnel |
| DX-52 | September 2, 1997 Report of Change in Personnel |
| DX-53 | September 22, 1992 Report of Change in Personnel |
| DX-54 | December 10, 1992 Report of Change in Personnel |
| DX-55 | March 18, 1991 Report of Change in Personnel |
| DX-56 | January 21, 1991 Report of Change in Personnel |
| DX-57 | July 20, 1990 Report of Change in Personnel |
| DX-58 | July 17, 1990 Report of Change in Personnel |
| DX-59 | October 26, 1989 Report of Change in Personnel |
| DX-60 | March 7, 1989 Report of Change in Personnel |
| DX-61 | April 12, 1988 Report of Change in Personnel |
| DX-62 | April 8, 1988 Report of Hiring |
| DX-63 | March 29, 1988 Report of Change in Personnel |

## SCHEDULE E

Exhibits Inadmissible Unless and Until Plaintiff Can Authenticate

| Exhibit No. | Description |
|---|---|
| PX-1 | Grievance, December 22, 2008<br>Bates # P00001–02 |
| PX-2 | Letter from Plaintiff, February 4, 2014<br>Bates # P00004–05 |
| PX-3 | Signed Statement, March 22, 2014<br>P000037 |
| PX-4 | Grievance, April 3, 2015<br>P00006–08 |
| PX-5 | Grievance, January 9, 2016 |
| PX-7 | Grievance, July 12, 2016 |
| PX-21 | Grievance, Jan. 9, 2016<br>P00042 |

Case No. 14-cv-02302 (CRK)

**SCHEDULE F**

Exhibits Admissible to Prove EEOC Complaint Filed

| Exhibit No. | Description |
|---|---|
| **PX-16** | Plaintiff's EEOC Consent, Dec. 5, 2013<br>ASR000217 |
| **PX-17** | Notice of Charge of Discrimination, Feb. 4, 2014<br>ASR000213 |
| **PX-19** | ASR FOIA Request and Response<br>ASR000203–222 |

**SCHEDULE G**

Exhibits Marked for Identification Only

| Exhibit No. | Description |
|---|---|
| **PX-13** | Plaintiff's Declaration, Feb. 20, 2017 |
| **PX-14** | Gaffney Declaration, Feb. 20, 2017 |
| **PX-27** | Plaintiff's Answers to Defendants' Interrogatories, July 10, 2015 |
| **PX-28** | Plaintiff's Supplemental Answers to Defendants' Interrogatories, March 14, 2016 |
| **PX-29** | Plaintiff's Initial Disclosures, May 5, 2015 |
| **PX-30** | Plaintiff's Response to Defendants' Notice to Produce, July 10, 2015 |
| **PX-31** | Plaintiff's Response to Defendants' Requests for Admissions, July 10, 2015 |
| **DX-24** | Grievance, Oct. 14, 2004<br>ASR000187, Lewis 12 |
| **DX-31** | Medical Expert Report of Dr. Karen Dahlman |

**SCHEDULE H**

Inadmissible Exhibits

| Exhibit No. | Description |
|---|---|
| **PX-18** | Pro Se Complaint, Mar. 27, 2014 |
| **PX-23** | Plaintiff's Amended Complaint, September 30, 2014 |
| | |
| **DX-4** | July 12, 1988 Notice of Violation of Rules |
| **DX-5** | August 18, 1990 Notice of Violation of Rules |
| **DX-7** | September 27, 1994 Notice of Violation of Rules |
| **DX-8** | August 1, 1997 Notice of Violation of Rules |

Case No. 14-cv-02302 (CRK)

| Exhibit No. | Description |
|---|---|
| DX-9 | January 13, 1998 Notice of Violation of Rules |
| DX-10 | April 2, 2002 Notice of Violation of Rules |
| DX-65 | February 3, 2016 Email exchange among Plaintiff's supervisors documenting discipline for Plaintiff's poor work performance |
| DX-68 | Disciplinary Letter, August 19, 1997 |

## SCHEDULE I

Withdrawn Exhibits

| Exhibit No. | Description |
|---|---|
| JX-6 | Notices of Violation of Rules, August 18, 1990 |
| PX-15 | Grievance Submitted by Rosanna Mayo-Coleman. May 4, 2012 |
| PX-22 | Grievance, Jan. 9, 2016 |
| PX-32 | Affidavit of Fred Paniccia, Nov. 26, 2016 |
| DX-12 | December 22, 2008 Grievance |
| DX-34 | Email from Plaintiff's Counsel, March 4, 2016 |