CHARNY & WHEELER
9 West Market Street
Rhinebeck, New York  12572
Tel. 845-876-7500
Fax. 845-876-7501

April 9, 2018

<u>By ECF</u>
Hon. Claire R. Kelly
United States Court of International Trade
One Federal Plaza
New York, New York  10278

Re:   <u>Lewis vs. ASR et al.</u>
      Case No. 14-2302

Dear Judge Kelly:

This office is co-counsel to the Plaintiff in this matter.  I write on behalf of all counsel regarding the witness list and jury instructions.

<u>The Witness List</u>

Plaintiff:

Elizabeth Mendonca – 2.5 hours
Deborah Troche – 2 hours
Mehandra Ramphal – 2.5 hours
Fred Gaffney – 2.5 hours
Claude Lewis – 7 hours
Dr. Parsons – 3 hours
Darius Schullere – 1 hour

Defendants:

Bobsie Monroe – 1 hour
Sean Norwood – 1 hour
Bruce Furick – 1 hour
Adolf McBean – 2 hours
Dr. Dahlman – 1.5 hours

Hon. Claire R. Kelly
United States Court of International Trade
April 9, 2018
Page 2

All times include cross-examination.  Defendants counsel states:  All times include cross-examination.  Defendants counsel states:  Please be advised that we also reserve the right to call Ms. Mendonca, Ms. Troche, Mr. Ramphal and Mr. Lewis in our case in chief if plaintiff makes objections during their testimony in plaintiff's case in chief that our questions go beyond the scope of direct.  It is our position that, if necessary, we should be able to go beyond the scope of the direct for these witnesses in plaintiff's case in chief to avoid them having to come back to court.

<u>The Jury Instructions</u>

Counsel attempted in good faith to agree to jury instruction language regarding the EEOC proceeding and the financial information but were unsuccessful.  Set out below are the two versions of the instructions from each counsel for the Court's consideration.

1.  <u>The EEOC Proceedings</u>

    <u>Plaintiff's Proposed Instruction</u>:

    You have heard evidence that there was a charge filed with the Equal Employment Opportunity Commission, or the EEOC.

    In any matter where a plaintiff makes a claim for discrimination under Title VII, he must first present a charge to the EEOC.  The EEOC then issues a letter to the plaintiff called a "Right to Sue" letter.  The fact that the EEOC has issued a "Right to Sue" letter does not mean that the EEOC found Plaintiff's charge to be substantiated or unsubstantiated.  Rather, the issuance of the "Right to Sue" letter is a prerequisite to a plaintiff filing a lawsuit in Court.

    <u>Defendants' Proposed Instruction</u>:

    You have heard evidence that there was a charge filed with the Equal Employment Opportunity Commission, or the EEOC.

    In any matter where a plaintiff makes a claim for discrimination under Title VII, he must first present a charge to the EEOC.  The EEOC then issues a letter to the plaintiff called a "Right to Sue" letter.  The fact that the EEOC has issued a "Right to Sue" letter does not mean that the EEOC found Plaintiff's charge to be substantiated or unsubstantiated.  Rather, the issuance of the "Right to Sue" letter is merely a prerequisite to a plaintiff filing a lawsuit in Court.

Hon. Claire R. Kelly
United States Court of International Trade
April 9, 2018
Page 3

Here, the Plaintiff filed a charge with the EEOC and the EEOC issued him a "Right to Sue" letter.  The EEOC did not perform an investigation into Plaintiff's claims and made no determinations with regard to Plaintiff's charge.

The fact that there was a charge filed with the EEOC is irrelevant for your determination as to whether any race and/or national origin discrimination or retaliation occurred in this case.

2.   The Financial Information

Plaintiff's Proposed Instruction:

Plaintiff is making a claim for punitive damages in this case.  Defendants dispute that any damages, including punitive damages, are appropriate.

During the course of this trial, Plaintiff may introduce evidence of ASR's sales, financial resources, financial worth and/or corporate structure.  This evidence is relevant to possible punitive damages and not relevant for your determination as to whether any race and/or national origin discrimination or retaliation occurred in this case.

I will instruct you further at the end of the case as to the law on damages, including punitive damages.

Defendants' Proposed Instruction:

Plaintiff is making a claim for punitive damages in this case.  Defendants dispute that any damages, including punitive damages, are appropriate.   I will instruct you later as to the law on punitive damages, but first need to tell you of a limitation on the consideration of certain evidence as it relates to ASR's sales, financial resources, financial worth and/or corporate structure.

During the course of this trial, Plaintiff may introduce evidence of ASR's sales, financial resources, financial worth and/or corporate structure.  This evidence is not relevant for your determination as to whether any race and/or national origin discrimination or retaliation occurred in this case.  This evidence is not relevant to any claims made for compensatory or emotional distress damages.

Hon. Claire R. Kelly
United States Court of International Trade
April 9, 2018
Page 4

The only relevance this evidence may have is as to punitive damages which you may or may not consider. I will instruct you further at the end of the case as to the law on punitive damages, but just wanted to remind you now that this type of evidence has no bearing on liability and compensatory damages.

You must disregard all evidence of ASR's sales, financial resources, financial worth and/or corporate structure as it pertains to the liability and compensatory damages portion of the trial.

*   *   *

Thank you for your attention to these proceedings. We are available at your instruction regarding any additional information you may need.

Respectfully submitted:

/s/ Nathaniel K. Charny

Nathaniel K. Charny