# BRESSLER AMERY ROSS

A PROFESSIONAL CORPORATION

17 State Street  •  New York, NY 10004
212.425.9300  •  fax 212.425.9337
www.bressler.com

Lauren Fenton-Valdivia                                                                                           Direct: 212-235-6430
Associate                                                                                                             lfvaldivia@bressler.com

April 18, 2018

**VIA ELECTRONIC MAIL**
**(Steve_Taraonji@cit.uscourts.gov)**
Judge Claire R. Kelly
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

      Re:    Lewis v. American Sugar Refining, Inc., et al
              Civil Action No. 14-cv-02302

Dear Judge Kelly:

This office represents Defendants American Sugar Refining, Inc. and Mahendra Ramphal ("Defendants"). Please accept this letter brief in lieu of a more formal submission.

The issue presented before the Court is whether Defendants may use Plaintiff's own medical records and the statements contained therein related to his treatment with Dr. Rhea Segal Parsons for cross-examination and impeachment purposes. Simply put, Defendants' use of Plaintiff's own medical records is not hearsay and the medical records were previously authenticated.

    **I.**    **Plaintiff's Medical Records from Dr. Segal Parsons Are Not Hearsay.**

Federal Rule of Evidence 803(4) exempts from hearsay a statement that:

> **(A)** is made for—and is reasonably pertinent to—medical diagnosis or treatment; and
> **(B)** describes medical history; past or present symptoms or sensations; their inception; or their general cause.

April 18, 2018
Page 2

Case law makes clear that "statements made to medical and mental health professionals and recorded for purposes of diagnosis and treatments are also admissible under Federal Rule of Evidence 803(4)." *Hodges v. Keane*, 886 F. Supp. 352 (S.D.N.Y. 1995).

Alternatively, Plaintiff's medical records are not hearsay under Fed. R. Evid. 803(3) which exempts:

> a statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health). . .

Finally, the records are similarly not hearsay under Fed. R. Evid. 803(5) which exempts a recorded recollection used to refresh a witness's memory.

### II. Plaintiff's Medical Records were Previously Authenticated and Plaintiff Raised No Authentication Objection in the Pretrial Submissions.

Moreover, Plaintiff's medical records were previously authenticated and there was no authentication objection raised by Plaintiff in the pretrial submissions. Under the Federal Rules of Evidence, a document can be authenticated if the proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Examples of evidence that satisfy the authentication requirement include where there is testimony of a witness with knowledge, i.e. "testimony that an item is what it is claimed to be" and where the document has "distinctive characteristics and the like." Fed. R. Evid. 901(b)(1); 901(b)(4). Courts have previously held that where a party produces a document, such production is implicit authentication. *See John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F.Supp.2d 462, 472 (S.D.N.Y. 2000); *citing United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982) ("Just as [the defendant] could have identified the records by oral testimony, his very

April 18, 2018
Page 3

act of production was implicit authentication."); *Fisher v. United States*, 425 U.S. 391, 412-413 (1976) (holding that a taxpayer's production of papers demanded can indicate "the taxpayer's belief that the papers are those described in the subpoena").

  Here, Plaintiff already implicitly authenticated the documents by producing them in response to a subpoena served on Dr. Rhea Segal Parsons which requested the "original chart and records relating to Claude Lewis." Plaintiff's counsel accepted service of the subpoena, Dr. Parsons appeared at her deposition in response to the subpoena, Plaintiff's counsel provided bates-stamped records on the date of the deposition and Dr. Parsons confirmed they were a complete set of Riverdale's (her practice) medical records as to Plaintiff. *See generally* Deposition of Rhea Segal Parson at 11:7-9, 19:20 – 20:3. Thus, the records are authenticated under Fed. R. Evid. 901(b)(1), or alternatively, Fed. R. Evid. 901(b)(4). Finally, it should be noted that Plaintiff indicated no authentication objection to the medical records in the pre-trial submissions. See DX-30.

  Accordingly, Defendants should be allowed to cross-examine and/or impeach Plaintiff using his own medical records.

               Respectfully submitted,

               /s/ *Lauren Fenton-Valdivia*

               Lauren Fenton-Valdivia

cc:  Nathaniel K. Charny, Esq. (via email only)
   Megan S. Goddard (via email only)