## PROPOSED JURY CHARGE ON PUNITIVE DAMAGES

Plaintiff claims the acts of American Sugar Refining, Inc. and Mahendra Ramphal were done with malice or reckless indifference to Plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. Mr. Claude Lewis is seeking punitive damages under Title VII. Punitive damages are not available under New York state law.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. But it should be presumed that Mr. Claude Lewis has been made whole by the compensatory damages you award, if any. You should award punitive damages only if Defendants' culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

Furthermore, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages is permissible in this case only if you find for Mr. Claude Lewis and then further find by clear and convincing evidence:

First: That a higher management official of American Sugar Refining, Inc. personally acted with malice or reckless indifference to Plaintiff's federally protected rights, and

Second: That American Sugar Refining, Inc. had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.

If you decide to award punitive damages, the amount to be awarded is within your sound discretion. The purpose of a punitive damage award is to punish a defendant or deter a defendant and others from similar conduct in the future. Factor you may consider include, but are not limited to, the nature of Defendants' conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual compensatory damages and the punitive damages, the relationship between Plaintiff and Defendants, the likelihood that Defendants or others would repeat the conduct if the punitive award is not made, and any other circumstances that bear on the size of such an award. You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit or mere accident.