UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE N. LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN SUGAR REFINING, INC. and MEHANDRA RAMPHAL,<br><br>　　　　　　Defendants. | Index No. 14-cv-02302 (CRK)<br>ECF Case |

### JURY INSTRUCTIONS

## I.　GENERAL INTRODUCTORY INSTRUCTIONS

**Introductory Remarks**

　　　Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case. I now am going to instruct you on the law. Please pay close attention and I will be as clear as possible.

**Role of the Court**

　　　My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. You must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should consider my instructions as a whole when you retire to deliberate in the jury room.

　　　You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be – or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Role of the Jury**

　　　As members of the jury, you are the sole and exclusive judges of the facts. You review and pass judgment on the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you

decide to draw from the facts as you have determined them, and you determine the weight of the evidence. It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.

In determining the facts, no one may invade your province or functions as jurors – in other words, no one can do your job for you – you decide.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not either party has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

So as to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

**Improper Considerations**

Your verdict must be based solely upon the evidence or the lack of evidence, developed at this trial and the instructions I give you on the law.  It would be improper for you to consider any personal feelings you may have about person's race, sex, ethnicity, national origin, or disability.

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

**Burden of Proof—General Instructions**

This is a civil case and, as such, the Plaintiff has the burden of proving the material allegations of his complaint by a preponderance of the evidence. If, after considering all of the testimony, you are satisfied that Plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for Plaintiff on his claims. If, after such consideration, you find the testimony of both parties to be in balance or equally probable, then Plaintiff has failed to sustain his burden and you must find for Defendants.

**Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden of proof must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof does not need to prove anything more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put that standard out of your mind.

**What Is and Is Not Evidence**

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The documents and exhibits which may have been received into evidence; and

3. Stipulations of fact or testimony. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Nothing else is evidence; not what the lawyers say, not what I say, not anything you may have heard outside the courtroom. The lawyers' opening statements and their summations are intended to help you understand the evidence; their statements are not evidence. If your

recollection of facts differs from the lawyers' statements, it is your recollection that controls. Any statements that I may have made during the trial do not constitute evidence.

## **Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of their own senses—something they have seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of the current weather. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence; it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## **Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making this judgment, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Always remember that you should use your common sense, your good judgment and your own life experience to make your credibility determinations.

**Bias of Witness**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether the witness has permitted any such bias or interest to influence his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

**Corporate Parties**

In this case, one of the Defendants is a corporation.  The mere fact that one of the parties is a corporation does not mean that it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporate entities, big or small, are entitled to the same fair consideration you would give any other individual party.

**Discrepancies in Testimony**

You may have heard evidence of discrepancies in the testimony of certain witnesses. Evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited. People sometimes forget things, and even a truthful witness may be nervous and contradict himself.

It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing the significance of the discrepancy; but a willful falsehood always is a matter of importance and should be considered seriously.  It is for you to decide, based on your total impression of the witness, how to weigh any discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

**Impeachment by Prior Inconsistent Statements**

You may have heard evidence that, at some earlier time, a witness has said or done something which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**EEOC**

You have heard evidence that there was a charge filed with the Equal Employment Opportunity Commission, or the EEOC.

In any matter where a plaintiff makes a claim for discrimination under the Title VII of the Civil Rights Act of 1964, as the Plaintiff has done here, he must first present a charge to the EEOC. The EEOC then issues a letter to the plaintiff called a "Right to Sue" letter. The fact that the EEOC has issued a "Right to Sue" letter does not mean that the EEOC found Plaintiff's claim to be substantiated or unsubstantiated. Rather, the issuance of the "Right to Sue" letter is a prerequisite to a plaintiff filing a lawsuit in court. This process is required by law and you should not draw any inferences one way or the other from it.

   II.   **SUBSTANTIVE LAW CHARGES**

I will now explain to you each of the elements that Plaintiff must prove for his causes of action.

**Elements of Title VII and New York State Human Rights Law Disparate Treatment Discrimination Claims**

These laws make it unlawful for an employer to intentionally discriminate against an employee in the terms and conditions of employment because of the employee's race or national origin.

Title VII provides, in pertinent part, that it shall be an unlawful employment practice for an employer – "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or

national origin." The New York State Human Rights Law provides, in pertinent part, that it shall be unlawful for an employer "because of an individual's . . . race [or] national origin . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex or national origin was a "motivating factor" in any employment practice, even though other factors may have also motivated the practice. A "motivating factor" is a factor that played some part in a Defendant's employment practice and/or decision.

In order to prevail on his claims of disparate treatment race and/or national origin discrimination under Title VII and the New York State Human Rights Law, Plaintiff must prove by a preponderance of the evidence that:

1. He was subject to an adverse employment action, such as being denied overtime opportunities, improperly disciplined, or any other adverse employment action that alters the terms and conditions of the Plaintiff's employment for the worse; and

2. Plaintiff's race and/or national origin was a motivating factor in Defendants' decision to subject Plaintiff to the adverse employment action.

You must find for the Defendants on this claim if either of these elements has not been proved by a preponderance of the evidence.

## Elements of Title VII and New York State Human Rights Law Hostile Work Environment Race & National Origin Discrimination Claims

In the instant case, Plaintiff asserts that he was subject to a race and national origin discrimination in that he was forced to work in a hostile work environment.

To establish a claim under this approach, the Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1. That Plaintiff was subjected to unwelcome harassment, ridicule, or other abusive conduct;

2. That the abusive conduct was motivated, at least in part, by Plaintiff's race or national origin; and

3. That the abusive conduct was so severe or pervasive that both Plaintiff himself and a reasonable person in Plaintiff's position would find his work environment so hostile or offensive that it would interfere with his work performance.

Element 1 – The first element requires that Plaintiff establish that he was subjected to unwelcome harassment, meaning conduct that was uninvited, and offensive or unwanted.

Element 2 – To satisfy the second element of his claim, Plaintiff must have established, by a preponderance of the evidence, that he was harassed, in part, based upon his race and/or national origin. It is important to note that the Plaintiff's status in a protected class based upon his race and/or national origin need not be the *only* factor that motivated the harassment. Further, Plaintiff does not need to produce direct evidence that his race and/or national origin motivated Defendants' conduct. Rather, you may reasonably consider facially neutral incidents in light of the totality of the circumstances to find that Plaintiff's race and/or national origin played a role in motivating Defendants' conduct.

Element 3 – To establish the third element of his claim, Plaintiff must have established, by a preponderance of the evidence, that the alleged harassment was objectively and subjectively severe or pervasive, such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment. In other words, Plaintiff must prove, by a preponderance of the evidence, that (1) a reasonable person in his position would have perceived the work environment to be hostile, abusive, or offensive; and (2) that Plaintiff himself perceived the work environment to be hostile, abusive, or offensive. Whether the harassment affected a term or condition of employment is determined from the totality of the circumstances.

Thus, based on the totality of the circumstances, Plaintiff must have demonstrated, by a preponderance of the evidence, that the workplace was permeated with intimidation, ridicule, or insult that is sufficiently severe or pervasive to alter the conditions of his employment for the worse. The more severe the conduct, the less pervasive it must be for you to find that it affected a term or condition – a single incident, without more, if severe enough, can be sufficient to alter Plaintiff's working environment. Likewise, the more pervasive the conduct, the less severe it must be for you to find that it affected a term or condition of employment. In evaluating the totality of the circumstances, a non-exhaustive list of factors you may consider includes:

1. the entire physical environment of the Plaintiff's work area;
2. the degree and type of harassment;
3. the reasonable expectations of Plaintiff upon entering the environment;
4. the nature of the unwelcome conduct;
5. the frequency of the conduct;
6. the severity of the conduct;
7. the context in which the alleged harassment occurred;
8. the effect on Plaintiff's psychological well-being;
9. how threatening the conduct was; and
10. whether it unreasonably interfered with Plaintiff's work performance.

No single factor is required – you must consider the totality of the circumstances. It is important to remember that the work environment does not need to be deemed "unendurable" or "intolerable" in order to have altered the conditions of Plaintiff's employment. Rather, the standard is lower, and all you must find, by a preponderance of the evidence, is that "the harassment is of such quality or quantity that a reasonable employee would find the conditions of his employment *altered for the worse*." Additionally, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury in order to meet this

standard. Rather, psychological harm is merely one relevant factor that can be taken into account in determining whether the employee actually found the environment abusive.

### Elements of Plaintiff's Retaliation Claims under Title VII and the New York State Human Rights Law

Plaintiff claims that Defendants retaliated against him because he complained that his employer was engaging in unlawful discrimination. Opposing discrimination in employment is a protected activity. Accordingly, to make out his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1. that Plaintiff complained of discrimination in his employment, specifically complaining of alleged unfair treatment by Mr. Ramphal;

2. that Defendants were aware of Plaintiff's complaint;

3. that Plaintiff was then subjected to a material adverse action by Defendants, such as that Plaintiff received less overtime, or was improperly disciplined; and

4. that Plaintiff's complaint was the critical element in the Defendants' decision to take the adverse action.

With respect to the third element, an adverse action is "material," in terms of a retaliation claim, if it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to Plaintiff's employment.

With respect to the fourth element, it must be the case that Defendants would not have taken the adverse action except as a response to Plaintiff's protected activity. The Defendants must have taken the adverse action because of an intent to retaliate against Plaintiff for complaining about employment discrimination.

### Individual Defendant's Liability

Plaintiff is also bringing his discrimination and retaliation claims against an individual Defendant, Mehandra Ramphal, pursuant to the New York State Human Rights Law.  It is important to note that an individual cannot be found liable under Title VII.  Thus, you may not find that Defendant Ramphal discriminated against Plaintiff or retaliated against Plaintiff under Title VII.  Unlike Title VII, however, an individual may be found liable for discrimination and/or retaliation under the State Human Rights Law if he or she "actively participated" in the conduct giving rise to the discrimination and/or retaliation claim, even where that individual lacks decision-making authority.  Thus, you are permitted to find that Defendant Ramphal discriminated against Plaintiff or retaliated against Plaintiff under the State Human Rights Law.

Here, if you find that, by a preponderance of the evidence, Plaintiff has established that: (i) Defendants discriminated against Plaintiff because of his race and/or national origin and/or Defendants retaliated against Plaintiff; *and* (ii) Defendant Ramphal actually participated in the

discrimination and/or retaliation, you must find Defendant Ramphal liable for discrimination and/or retaliation. On the other hand, if you find that Defendant Ramphal did not actually participate in the Defendants' discrimination and/or retaliation against Plaintiff, you should find Defendant Ramphal not liable.

### III.    DAMAGES

**Damages – Introduction**

I will now give you the instructions for awarding damages. First, the fact that I am instructing you on how to award damages does not mean that I have any opinion on whether or not any of the Defendants should be held liable in this case.

If you return a verdict for the Plaintiff, then you must consider the issue of damages. If you return a verdict for the Defendants, then you need not consider damages. Only if you decide that Plaintiff is entitled to recover will you consider the measure of damages.

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of the Defendants' alleged discriminatory or retaliatory conduct. Plaintiff's claim for damages includes distinct types of damages and you must consider them separately.

If you return a verdict for the Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the responsible Defendant or Defendants.

**Actual Damages**

First, you must determine the amount of any wages and fringe benefits Plaintiff would have earned in his employment with Defendants if he had not changed positions and/or received the overtime he claims he was entitled to, minus the amount of earnings and benefits that Plaintiff received during that time. You may award damages for any out-of-pocket costs that Plaintiff experienced as a consequence of Defendants' actions.

**Compensatory Damages**

In addition to financial damages that Plaintiff claims he has suffered, he also claims to have suffered non-pecuniary losses. Non-pecuniary losses are intangible injuries such as emotional pain, suffering, mental anguish, loss of enjoyment of life, loss of health, and injury to character or reputation. Emotional suffering may manifest itself through such things as sleeplessness, anxiety, stress, depression, mental strain, humiliation, loss of self-esteem, excessive fatigue, nervous breakdown, hair loss, ulcers, or headaches. This list of examples of emotional damages is not an exhaustive list, and you may find that other types of symptoms or manifestations also constitute emotional damages.

There is no exact standard for fixing the compensation to be awarded for these types of damages. The cash value of such damages, should you find Plaintiff proved he suffered any, is entirely up to you as a jury to decide.

You should award compensatory damages only for those injuries which you find that Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct of the Defendant and/or Defendants whose conduct violated Plaintiff's rights.

## **Punitive Damages**

Plaintiff claims the acts of American Sugar Refining, Inc. and Mahendra Ramphal were done with malice or reckless indifference to Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of what are called "punitive" damages. Mr. Claude Lewis is seeking punitive damages under Title VII. Punitive damages are not available under New York state law.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. But it should be presumed that Mr. Claude Lewis has been made whole by the actual and compensatory damages you award, if any, so you should award punitive damages only if Defendants' culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

Furthermore, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for Mr. Claude Lewis and then further find from a preponderance of the evidence:

First: That a higher management official of American Sugar Refining, Inc. personally acted with malice or reckless indifference to Plaintiff's federally protected rights; and

Second: That American Sugar Refining, Inc. itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you decide to award punitive damages, the amount to be awarded is within your sound discretion. The purpose of a punitive damage award is to punish a defendant or deter a defendant and others from similar conduct in the future. Factors you may consider include, but are not limited to, the nature of Defendants' conduct (how reprehensible or blameworthy was it), the impact of that conduct on Plaintiff, the ratio between the actual and compensatory damages and the punitive damages, the relationship between Plaintiff and Defendants, the likelihood that Defendants or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances, that bear on the size of such an award. You may determine reprehensibility by considering whether the harm was physical as opposed to economic; whether the conduct showed indifference to or disregard for the health or safety of others; whether the target of the conduct has financial vulnerability; whether

the conduct involved repeated actions or was an isolated instance; and whether the harm was the result of intentional malice, trickery, deceit or mere accident.

## IV.  FINAL GENERAL CHARGES

### General Verdict Form

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the Plaintiff's claims against the Defendants. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.

### Duties of the Foreperson

Juror Number 1 is the foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

### Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### Right to See Exhibits and Hear Testimony; Communications with the Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may ask that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. Your requests for exhibits or testimony– in fact any communication with the court–should be made to me in writing, signed by the foreperson, and given to one of the marshals.

All communications with the Court should be made to me in writing, signed by your foreperson, and given to the marshal. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

### Duty to Deliberate/Unanimous Verdict

You will now return to the jury room to deliberate. In order to prevail, the Plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the claim. If you find that the Plaintiff has succeeded, you should return a verdict in his favor. If you find

that the Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.