**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

**CLAUDE N. LEWIS,**

            **Plaintiff,**

    **v.**

**AMERICAN SUGAR REFINING, INC. and MEHANDRA RAMPHAL,**

            **Defendants.**

</td><td>

**Index No. 14-cv-02302 (CRK)[1]**
**ECF Case**

</td></tr>
</table>

## MEMORANDUM AND ORDER

Before the court are Claude N. Lewis' ("Plaintiff") post-trial motions to conform the verdict and allocate damages, and for injunctive relief. See Pl.'s Mem. L. Supp. Mot. Allocate Damages & Injunctive Relief, May 30, 2018, ECF No. 195 ("Pl.'s Post-Trial Br."). American Sugar Refining, Inc. ("ASR") and Mehandra Ramphal ("Ramphal") (collectively "Defendants") argue that Plaintiff's post-trial motions are premature and unnecessary because the court has yet to rule on Defendants' post-trial motions, which may make Plaintiff's requested relief moot. See Mem. Law Opp'n Pl.'s Mot. Allocate Damages & Injunctive Relief at 2, 4, June 22, 2018, ECF No. 200 ("Defs.' Resp. Br."). For the reasons that follow, the court grants Plaintiff's post-trial motion to conform the verdict and allocate damages, and denies Plaintiff's post-trial motion for injunctive relief.

Plaintiff brought this action against his employer, ASR, and his supervisor, Ramphal, alleging race and national origin discrimination, hostile work environment, and retaliation by

---

[1] Judge Claire R. Kelly of the United States Court of International Trade, sitting by designation.

Defendants in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York

State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law. See Compl.,

Mar. 27, 2014, ECF No. 2; Am. Compl., Sept. 30, 2014, ECF No. 24. Jury selection in this action

occurred on April 17, 2018, and a jury trial on this matter was held from April 18, 2018 until April

23, 2018. See Trial Trs., (Apr. 18–23, 2018), ECF Nos. 179–88. After Plaintiff presented his case

and rested, Defendants' counsel moved for judgment as a matter of law pursuant to Rule 50(a) of

the Federal Rules of Civil Procedure ("FRCP"), alleging that Plaintiff failed to present sufficient

evidence to maintain his punitive damages claim, see Trial Tr. 912:5–914:15, (Apr. 23, 2018),

ECF No. 187, his actual damages claim arising from alleged loss of overtime pay, see id. at

914:20–916:14, his state and federal disparate treatment claims, see id. at 916:15–919:18, and his

federal and state hostile work environment claims. See id. at 919:19–921:5. Plaintiff's counsel

had the opportunity to respond, explaining that Plaintiff presented adequate evidence on all counts,

and requesting that the court reserve judgment on Defendants' Rule 50(a) motion and defer its

ruling until after the verdict was rendered. See id. at 921:10–924:25. The court reserved ruling

on Defendants' FRCP Rule 50(a) motion, id. at 925:5–8, and explained that the court would rule,

if necessary, on its reservation together with any post-trial motions. See id. at 1081:20–1082:1.

The jury returned a verdict for Plaintiff in the amounts of $104,000 in actual damages, $250,000

in compensatory damages, and $2,000,000 in punitive damages. Id. at 1082:13–1085:11; Verdict

Form at 3–4, Apr. 24, 2018, ECF No. 166. On May 3, 2018, the court granted the parties' consent

motion to delay the entry of judgment until the disposition of all post-trial motions. See [Ct.

Endorsed] Consent Mot. Delay Entry J., May 3, 2018, ECF No. 172.

**DISCUSSION**

### I. PLAINTIFF'S MOTION TO CONFORM THE VERDICT AND ALLOCATE DAMAGES

Plaintiff requests that the court conform the jury's verdict in line with the statutorily imposed caps of Title VII, and allocate the jury award as follows—1) $299,999 of the punitive damages award to the Title VII claim, 2) $1 of the compensatory damages award to the Title VII claim, and 3) the remaining $249,999 of the compensatory damages award to the NYSHRL claim. See Pl.'s Post-Trial Br. at 1, 5. Plaintiff argues that case law in this circuit does not bar splitting the award between a state law claim and a federal law claim, and that the existence of a cap in a Title VII action does not bar recovery under the state law claim. See id. at 2–5. Defendant argues that Plaintiff's motion is "premature" and should be denied, without prejudice, because the court's ruling on Defendants' post-trial motions may render Plaintiff's motion moot. See Defs.' Resp. Br. at 2–4. For the reasons that follow, the court grants Plaintiff's post-trial motion to conform the verdict and allocate damages.

Under Title VII, an award for compensatory and punitive damages is capped based on the number of employees of the corporate party. See 42 U.S.C. § 1981a(b)(3). Defendant ASR is a company comprised of more than 500 employees, and therefore any award of compensatory and punitive damages against it under Title VII is capped at $300,000. Id. By contrast, while compensatory damages are not capped under NYSHRL, punitive damages are not available. N.Y. Exec. Law § 297(9) (McKinney 2016). In the Second Circuit, when a party seeks recovery under multiple statutes and is successful in its suit, it may recover the awarded amount under the "theory of liability that provides the most complete recovery." Magee v. United States Lines, Inc., 972 F.2d 821, 822 (1992) (citing Mallis v. Bankers Trust Co., 717 F.2d 683, 695 (2d Cir. 1983)).

Here, the jury was asked whether Plaintiff proved by a preponderance of the evidence that compensatory damages were warranted under Title VII and/or the NYSHRL, but was not asked to allocate amounts, if any, per claim. See Verdict at 3. As a result, the jury returned a verdict for $250,000 in undifferentiated compensatory damages. Id. Courts in this circuit have allocated all, or nearly all, of the awarded compensatory damages to the state law claim. See, e.g., Gonzalez v. Bratton, 147 F. Supp. 2d 180, 204 (S.D.N.Y. 2001); Bick v. City of New York, No. 95 Civ. 8781 (KMW)(MHD), 1998 WL 190283, at *22 (S.D.N.Y. Apr. 21, 1998); Anderson v. YARP Rest., Inc., No. 94 Civ. 7543(CSH)(RLE), 1997 WL 27043, at *7 (S.D.N.Y. Jan. 23, 1997). Defendants' sole objection is that Plaintiff's post-trial motion on allocation is premature. Defendants support their argument by citing to Miller, see Defs.' Resp. Br. at 2, which is inapplicable because the Miller court was not addressing a motion to allocate damages and made a general statement that a partial grant of a FRCP Rule 59 motion "implicates the issue of damages." Miller v. City of Ithaca, 914 F. Supp. 2d 242, 251 (N.D.N.Y. 2012). There is no reason why the court cannot address Plaintiff's motion and thereafter address Defendants' post-trial motions. Therefore, to provide Plaintiff with the most complete recovery, the court allocates $1 of the compensatory damages award to the Title VII claim and allocates the remaining $249,999 of the compensatory damages award to the NYSHRL claim, and allocates the entire punitive damages award to the Title VII claim and reduces the punitive damages award from $2,000,000 to $299,999, in light of Title VII's statutory cap.

## II. PLAINTIFF'S MOTION FOR AN INJUNCTION AGAINST FURTHER RETALIATION

Plaintiff asks for a permanent injunction against Defendant ASR to prevent future retaliation. Pl.'s Post-Trial Br. at 5–7. Defendants argue that Plaintiff's post-trial motion for injunctive relief is not ripe, and even if ripe, is inappropriate given the factual posture of the case.

See Defs.' Resp. Br. at 4–8. For the following reasons, the court denies Plaintiff's request for injunctive relief.

Injunctive relief may provide an appropriate remedy when the court determines that an employer "has intentionally engaged in or is intentionally engaging in such unlawful employment practice charged in the complaint[.]" 42 U.S.C. § 2000E-5(g)(1). A finding of discrimination, either by the court or as a result of a jury verdict, does not require the court to provide injunctive relief; it is a matter of equitable discretion. See EEOC v. KarenKim, Inc., 698 F.3d 92, 100 (2d Cir. 2012); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 32 (2008) (considerations of the public interest and balance of the equities are "[t]he factors . . . [that] are pertinent in assessing the propriety of injunctive relief" (citation omitted)). Injunctive relief may be granted even if the conduct complained about has terminated, and the court will evaluate "the [defendant's] expressed intent to comply [with the law], the effectiveness of the discontinuance, [and] the character of the past violations." United States v. W.T. Grant, Co., 345 U.S. 629, 633 (1953). The party requesting injunctive relief has the burden of demonstrating that "there exists some cognizable danger of recurrent violation." KarenKim, 698 F.3d at 10.

Courts will grant injunctive relief against an employer when there is evidence of widespread and continuous retaliation or harassment that indicates that the threat of future bad acts is high. See, e.g., Malarkey v. Texaco, Inc., 983 F.2d 1204, 1215 (2d Cir. 1993) (affirming the district court's grant of a permanent injunction where there was evidence that management at the company ostracized and antagonized plaintiff); KarenKim, 698 F.3d at 100–02 (determining that it was an abuse of discretion for the district court to deny injunctive relief to ten plaintiffs where the perpetrator, although no longer a manager, was retained as a contractor, was engaged to the business' owner, and was in frequent contact with the plaintiffs, and where the business' new

sexual harassment policy was not adequate and there was a "cognizable danger" of "recurrent violation[s]").[2]

The factual record in this case does not support issuance of injunctive relief. Plaintiff has presented no evidence that the potential for future retaliation is high. Although Defendant Ramphal continues to be employed by Defendant ASR, he is no longer Plaintiff's supervisor nor are they in the same department. See Trial Tr. at 539:19–20, (Apr. 19, 2018), ECF No. 181; Trial Tr. at 854:23–855:1, (Apr. 20, 2018), ECF No. 185. Plaintiff has not put forward any evidence that his new supervisor or manager are likely to retaliate or discriminate against him, nor did Plaintiff testify that after leaving his position under Defendant Ramphal's supervision that Defendant Ramphal continued to seek Plaintiff out and use discriminatory language against him. Further, manager Mendonca and human resources manager Troche are no longer employed by Defendant ASR. See [Corrected] Tr. at 52:10–11, 156:6–12, (Apr. 18, 2018), ECF No. 179. Accordingly, the employees Plaintiff identified at trial as responsible for dismissing his complaints and escalating the retaliation he experienced are no longer there. Therefore, the facts of this case are more comparable to the situation in Reiter, where the court denied injunctive relief because the supervisor or manager who perpetuated the bad acts was no longer working with or in charge of the aggrieved employees. See Reiter v. Metro. Transp. Auth. of New York, No. 01 Civ. 2762(JGK), 2003 WL 22271223, at *15 (S.D.N.Y. Sept. 30, 2003) (denying a permanent injunction in a Title VII case where the supervisor who perpetrated the retaliation was no longer

---

[2] Plaintiff invokes the concurrence in KarenKim for the proposition that once plaintiff proves discrimination she is entitled to injunctive relief. See Pl.'s Post-Trial Br. at 5–6; see also KarenKim, 698 F.3d at 102. The concurrence specifically states that it "endorses" the judgment and its reasoning, but addresses an issue which the majority opinion does not, namely to whom the burden falls in arguing the appropriateness of injunctive relief when the employer has already been found in violation of Title VII. See KarenKim, 698 F.3d at 102.

the head of plaintiff's group and there was no evidence that the new supervisor would retaliate against the plaintiff).

**CONCLUSION**

For the reasons set forth, it is

**ORDERED** that Plaintiff's post-trial motion to conform the verdict and allocate damages is granted; and it is further

**ORDERED** that Plaintiff's post-trial motion for injunctive relief is denied.


                                             /s/ Claire R. Kelly
                                             Claire R. Kelly, Judge

Dated:  August 15, 2018
        New York, New York