UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CLAUDE N. LEWIS,

        Plaintiff,

                                             Index No. 14-cv-02302 (CRK)

vs.

AMERICAN SUGAR REFINING, INC.,
and MEHANDRA RAMPHAL,

        Defendants.
-------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
## MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

Stephen Bergstein
Bergstein & Ullrich, LLP
5 Paradies Lane
New Paltz, N.Y. 12561
(845) 468-1277

Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
845-876-7500

Megan Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York 10006
646-504-8363

Gabrielle Vinci
Nesenoff & Miltenberg LLP
363 7th Avenue, 5th Floor
New York, New York 10001
212-736-4500
Attorneys for Plaintiff

# TABLE OF CONTENTS

Table of Authorities ................................................................. ii

Introduction ........................................................................ 1

Point I:     As prevailing party, Plaintiff is entitled to attorneys' fees and costs ........... 1

Point II:    Counsel expended a reasonable amount of time in litigating this case ......... 2

Point III:   The lodestar calculation ................................................ 3

               Megan Goddard, Esq. ............................................ 4

               Nathaniel K. Charney, Esq. ....................................... 5

               Gabrielle Vinci, Esq. ............................................ 5

               Stephen Bergstein, Esq. .......................................... 6

               Paralegals .................................................... 6

               The total lodestar amount ........................................ 7

Point IV    Disbursements ........................................................ 7

Conclusion ........................................................................ 9

## TABLE OF AUTHORITIES

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,*
 522 F.3d 182 (2d Cir. 2008) ................................................. 4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,*
 369 F.3d 91 (2d Cir. 2004) .................................................. 7

*Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC,*
 549 F. Supp. 2d 274 (E.D.N.Y. 2008) ......................................... 7

*Bailey v. Pataki,*
 2016 WL 3545941 (S.D.N.Y. June 16, 2016) .................................... 5

*Blake v. N.Y.C. Health & Hosps. Corp.,*
 2016 WL 6520067 (S.D.N.Y. Nov. 3, 2016) ..................................... 4

*Fox v. Vice,*
 563 U.S. 826 (2011) ......................................................... 3

*Gierlinger v. Gleason,*
 160 F.3d 858 (2d Cir. 1998) ................................................. 3

*Hernandez v. Kaisman,*
 139 A.D.3d 406 (1st Dept. 2016) ............................................. 2

*Hines v. City of Albany,*
 862 F.3d 215 (2d Cir. 2017) ................................................. 3

*Hugee v. Kimso Apartments, LLC,*
 852 F. Supp. 2d 281 (E.D.N.Y. 2012) ......................................... 3

*LeBlanc-Sternberg v. Fletcher,*
 143 F.3d 748 (2d Cir. 1998) ................................................. 4

*Matter of Johnson v. Blum,*
 58 N.Y.2d 454 (1983) ........................................................ 2

*Orchano v. Advanced Recovery,*
 107 F.3d 94 (2d Cir. 1997) .................................................. 2

*Quaratino v. Tiffany & Co.,* 166 F.3d 422 (2d Cir. 1999) ..................... 1

*Rai v. WB Imico Lexington Fee, LLC.*,
    2017 WL 1215004 (S.D.N.Y. March 31, 2017) ................................. 4

*Restivo v. Hessemann*,
    846 F.3d 547 (2d Cir. 2017) ................................................. 3

*Simmons v. NY. City Transit Auth.*,
    575 F.3d 170 (2d Cir. 2009) ................................................. 4

*Smart v. City of N.Y.*,
    2017 U.S. Dist. LEXIS 24602 (E.D.N.Y. Feb. 17, 2017) ........................ 4

*Tatum v. City of N.Y.*,
    2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. Jan. 28, 2010) ......................... 6

*Wilder v. Bernstein*,
    965 F.2d 1196 (2d Cir. 1992) ................................................ 1

## INTRODUCTION

Plaintiff Claude Lewis submits this memorandum in support of his motion for attorneys' fees and costs arising from the successful litigation of his employment discrimination claims. As demonstrated below, Plaintiff is entitled to $371,513.04 in attorneys' fees and costs.

## POINT I

### AS PREVAILING PARTY, PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS

Federal law (Title VII (42 U.S.C. § 2000e-5(k)) provides as follows:

> In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C. § 2000e-5(k); *see also Quaratino v. Tiffany & Co.,* 166 F.3d 422, 428 (2d Cir. 1999) ("The public interest in private civil rights enforcement is not limited to those cases that push the legal envelope; it is perhaps most meaningfully served by the day-to-day private enforcement of these rights, which secures compliance and deters future violations. Congress meant reasonable attorneys' fees to be available to the private attorneys general who enforce the law, *see generally* S.Rep. No. 94–1011, not only to those whose cases make new law.").

While the statutes state that courts may award fees to prevailing parties "in [their] discretion," the Second Circuit has explained that "the effect of this language has been interpreted to create a strong preference in favor of the prevailing party's right to fee shifting." *Wilder v. Bernstein*, 965 F.2d 1196, 1201 (2d Cir. 1992).

The New York Court of Appeals confirms:

> Congress set forth precisely what it intended, to wit: It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by the Fees

1

> Act, if successful, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.

*Matter of Johnson v. Blum,* 58 N.Y.2d 454, 459 (1983); *see also Orchano v. Advanced Recovery,* 107 F.3d 94, 97 (2d Cir. 1997) (fee-shifting is authorized "to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel").

## POINT II

### COUNSEL EXPENDED A REASONABLE AMOUNT OF TIME IN LITIGATING THIS CASE

The Supreme Court has instructed that "the determination of fees 'should not result in a second major litigation.'" *Fox v. Vice,* 563 U.S. 826, 838 (2011). Instead, the Court instructs:

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Restivo v. Hessemann,* 846 F.3d 547, 589 (2d Cir. 2017).

The submissions in support of this motion show contemporaneously maintained billing records. These records detail the work performed and allow this Court to determine if counsel expended a reasonable amount of time on this case. *See Restivo,* 846 F.3d at 591; *Hernandez v. Kaisman,* 139 A.D.3d 406, 407 (1st Dept. 2016).

The records show which attorney handled particular tasks, including case intake and investigation, motion practice, communications with the Plaintiff and opposing counsel, trial preparation and trial, and post-trial motions.

2

The tasks are compartmentalized in that attorneys Megan Goddard, Gabrielle Vinci and PR (referring to the assigned paralegal) handled the matter exclusively from retention through summary judgment motion practice.

Counsel Nathaniel Charny came aboard for pre-trial motion practice, the trial and post-trial motion practice. Stephen Bergstein worked on the post-trial motions, including the attorneys' fees application and Defendants' Rule 50/59 motion.

The time sheets show minimal duplication of the work expended in this case, including during trial, when counsel focused on individual witnesses.

Plaintiff notes further that (i) time expended in litigating this attorneys' fees motion is compensable, *Hines v. City of Albany,* 862 F.3d 215, 223 (2d Cir. 2017); and (ii) travel time for Charny is billed at half the time actually expended, per Second Circuit instruction, *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 302 (E.D.N.Y. 2012).

## POINT III

### THE LODESTAR CALCULATION

A reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case. The appropriate means to derive the fee award is through application of the lodestar method, multiplying the number of hours the court finds reasonable by hourly rates the Court finds reasonable. "The lodestar method yields a fee that is perceptively sufficient to achieve [the fee shifting] objective." *Restivo,* 846 F.3d at 589.

"In calculating the lodestar amount, the rates used generally 'are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998). "Courts 'should generally use 'the hourly rates employed in the district in which the reviewing court sits'

in calculating the presumptively reasonable fee.'" *Simmons v. NY. City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). "The district court must also 'bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.' Those factors include the attorney's experience and expertise and the overall success achieved in the case." *Smart v. City of N.Y.,* No. 15-CV-1405 (RRM)(PK), 2017 U.S. Dist. LEXIS 24602, at *5 (E.D.N.Y. Feb. 17, 2017) (*citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2008)).

As this case was litigated and tried in Manhattan, this Court should apply rates applicable to the Southern District of New York. Courts should rely on both evidence submitted by the parties as to the rates they typically charge, as well as the Court's own knowledge of comparable rates charged by lawyers in the district. Moreover, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]" *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 764 (2d Cir. 1998).

### Megan Goddard, Esq.

Attorney Goddard -- the lead counsel in this matter -- seeks an hourly rate of $450.00. Goddard graduated from Tulane Law School in 2003 and was admitted to practice in 2004. The Goddard affirmation details her legal experience and qualifications. Goddard's proposed hourly rate is in line with comparable attorneys in this district. *See Rai v. WB Imico Lexington Fee, LLC.,* 09 Civ. 9584 (PGG), 2017 WL 1215004, at *11 (S.D.N.Y. March 31, 2017) (noting that "recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners"); *Blake v. N.Y.C. Health & Hosps. Corp.,* 14 Civ. 3340 (JGK), 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) ("In 2012, 'Courts in this District ha[d] determined . . .

4

that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450.' Several more recent decisions have placed the upper limits of the range closer to $600"); *Bailey v. Pataki,* 08 Civ. 8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (awarding two attorneys, admitted to practice in 2002 and 2003, $550.00 per hour).

### Nathaniel K. Charny, Esq.

Attorney Charny seeks an hourly rate of $500.00. Charny graduated from SUNY Buffalo School of Law, magna cum laude in 1991, where he was Note & Comment Editor of the Buffalo Law Review. Charny was appointed and served a two-year federal Judicial Clerkship with Hon. Alan N. Bloch, Western District of Pennsylvania from 1991 through 1993. The Charny declaration details his legal experience and qualifications. Charny has 23+ years as an attorney representing workers and unions exclusively in the area of labor and employment law. Charny's hourly rate is in line with comparable attorneys in this district. *See Rai,* 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners"); *Blake,* 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) (up to $500 for experienced civil rights and employment law litigators); *Bailey,* 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (awarding $550 for less than two decades of experience).

### Gabrielle Vinci, Esq.

Attorney Vinci seeks an hourly rate of $300.00. Vinci graduated from Hofstra Law School in 2014 and was admitted to practice in 2015. The Goddard affirmation details Vinci's legal experience and qualifications. This requested hourly rate falls within the reasonable range. *See Rai,* 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners, $350.00 for senior associates, $250.00 for junior associates").

### Stephen Bergstein, Esq.

Attorney Bergstein seeks an hourly rate of $450.00. Bergstein graduated from CUNY Law School in 1993 and was admitted to practice in 1994. His affirmation details his legal experience and qualifications, which includes representing plaintiffs in civil rights cases at the trial level and on appeal, where he has briefed and/or argued more than 200 appeals. In 2010, this Court awarded an hourly rate of $450.00 for a small-firm civil rights attorney who was admitted to practice in 1993. *Tatum v. City of N.Y.*, No. 06-cv-4290 (PGG)(GWG), 2010 U.S. Dist. LEXIS 7748, at *18 (S.D.N.Y. Jan. 28, 2010). *See also Blake,* 2016 U.S. Dist. LEXIS 152941, at *10-15 (awarding $425.00 per hour for attorney who "was admitted to the bar in 1993 and has approximately 23 years' experience litigating '[c]ivil [r]ights, [l]abor and [e]mployment matters in the Southern District of New York'"); *Rai,* 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners"). Bergstein's time records reflect that he expended 89 hours on this case, in both opposing Defendant's post-trial motion and preparing this attorneys' fees application. At $450.00 per hour, that amounts to $40,050.00.

### Paralegals

Paralegals in this district are entitled to $125.00 per hour. *See Tatum,* 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) ("the case law, however establishes that $125 is within the range of rates typically awarded for paralegal work in this District, and that is the rate that will be applied").

The Total Lodestar Amount

The following chart summarizes the attorneys' fees sought by this application:

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Goddard | 420.17 | $450 | $189,076.50 |
| Charny | 161.25 | $500 | $80,625.00 |
| Vinci | 141.40 | $300 | $42,420.00 |
| Bergstein | 89.00 | $450 | $40,050.00 |
| Paralegal | 40.90 | $125 | $5,112.50 |
| Total | | | **$357.283.70** |

## POINT IV

## DISBURSEMENTS

Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *LeBlanc-Sternberg*, 143 F.3d at 762 (citation omitted). Chargeable expenses include those disbursements that counsel normally bills its clients, including computerized research fees and PACER charges. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97-98 (2d Cir. 2004).

Here, Plaintiff's counsel routinely bill their clients for these disbursements (computer research and PACER, Charny Decl. ¶ 17, and the retainer agreement between counsel and the Plaintiff here is explicit as to Plaintiff's obligation to reimburse same without regard to the outcome of the suit, Charny Decl., Ex. 2.

In addition, travel related expenses are chargeable. *Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC*, 549 F. Supp. 2d 274, 287 (E.D.N.Y. 2008).

Exhibit 1 to the Goddard Declaration consists of the disbursements from Nesenoff & Miltenberg LLP and Goddard Law. These expenses amount to $ $9,335.45. The costs expended by attorney Charny are annexed to his affirmation as Exhibit 3. They amount to $4,893.89. Total costs are $14,229.34.

.

## CONCLUSION

As shown above, Plaintiff is entitled to an award of attorneys fees and costs as follows:

        Attorneys' Fees =     $357,283.70

        Costs =     $9,335.45 (Goddard)

                      $4,893.89 (Charny)

**The total requested:**     $371,513.04

Dated: New Paltz, New York
       September 24, 2018

*[signature]*

Stephen Bergstein
Bergstein & Ullrich, LLP
5 Paradies Lane
New Paltz, N.Y. 12561
(845) 468-1277
steve@tbulaw.com

Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
845-876-7500
ncharny@charnywheeler.com

Megan Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York 10006
646-504-8363
megan@goddardlawnyc.com

Gabrielle Vinci
Nesenoff & Miltenberg LLP
363 7th Avenue, 5th Floor
New York, New York 10001
212-736-4500
gvinci@nmllplaw.com
Attorneys for Plaintiff